# ROBBINS GELLER Rudman & Dowd LLP

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Alan I. Ellman
aellman@rgrdlaw.com

December 21, 2021

VIA ECF

The Honorable P. Kevin Castel
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re:    *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. plc, et al.*,
No. 1:20-cv-10041-PKC (S.D.N.Y.)

Dear Judge Castel:

We represent Lead Plaintiff City of Birmingham Retirement and Relief System, and plaintiffs City of Pontiac General Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System (collectively, "Plaintiffs") in the above-captioned action. We respectfully submit the attached decision, *In re Hain Celestial Group, Inc. Securities Litigation*, No. 20-1517, 2021 WL 5979098 (2d Cir. Dec. 17, 2021) (the "Decision"), as recent authority further supporting Plaintiffs' Opposition to Defendants' Motions to Dismiss and/or Stay the Third Amended Complaint. ECF No. 100.[1]

Plaintiffs respectfully direct the Court's attention to page *6 of the Decision, which sustained claims similar to Plaintiffs' allegations that "Defendants put the source of Reckitt's success at issue without disclosing that their deceptive and anticompetitive conduct were key drivers of Film growth." ECF No. 100 at 19. The Second Circuit credited a similar theory of liability in *Hain Celestial*:

> The theory of the Complaint in reference to [Rule 10b-5(b)] was that Defendants made statements attributing Hain's high sales volume to strong consumer demand, while omitting to state that increased competition had weakened consumer demand and that Hain's high sales volume was achieved in significant part by the offer of unsustainable channel stuffing incentives. The success of such a complaint in alleging a violation of clause (b) does not depend on whether the alleged channel stuffing practices themselves were fraudulent or otherwise illegal. In light of the district court's error as to the requirements of Rule 10b-5(b), we vacate its decision that the Complaint failed to satisfy the Rule.

*Hain Celestial*, 2021 WL 5979098, at *6.

---

[1]    The Decision is attached hereto as Exhibit A.

58 South Service Road    Suite 200    Melville, NY 11747    Tel 631-367-7100    Fax 631-367-1173    rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

The Honorable P. Kevin Castel
December 21, 2021
Page 2

Plaintiffs also respectfully submit that the Decision supports Plaintiffs' arguments concerning scienter, as the Third Amended Complaint pled both circumstantial allegations of Defendants' scienter and Defendants' motive and opportunity to commit securities fraud. *See* ECF No. 100 at 24-30. The Second Circuit in *Hain Celestial* held that courts must assess "the total weight of the circumstantial allegations together with the allegations of motive and opportunity," stating as follows:

> Furthermore, the court erred in failing to weigh Plaintiffs' scienter allegations as a whole. The court considered the cumulative weight of Plaintiffs' circumstantial allegations of scienter, which included, *inter alia*, the Individual Defendants' knowledge of and involvement in the channel stuffing practices; Hain's inadequate internal controls and inaccurate financial reporting; and suspicious terminations, resignations, and demotions of senior employees. These allegations, the court found, "came quite close" to supporting a strong inference of scienter. . . . Separately, the court considered Plaintiffs' allegations with respect to the Individual Defendants' motive and opportunity to commit fraud, including high-volume insider trading activity by Simon and Carroll during the Class Period. The court failed, however, to assess the total weight of the circumstantial allegations together with the allegations of motive and opportunity. This was error.

*Hain Celestial*, 2021 WL 5979098, at *6.

We thank the Court for its attention to this matter. We are available should the Court have any questions.

Respectfully submitted,

*/s/ Alan I. Ellman*

Alan I. Ellman

Attachment

cc:    All Counsel of Record (via ECF)