UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF STERLING HEIGHTS POLICE & FIRE
RETIREMENT SYSTEM, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

vs.

RECKITT BENCKISER GROUP PLC, et al.,

Defendants.

No. 1:20-cv-10041-PKC

**DEFENDANT SHAUN THAXTER'S ANSWER AND AFFIRMATIVE DEFENSES TO
THE THIRD AMENDED COMPLAINT**

Defendant Shaun Thaxter ("Defendant Thaxter") responds to the allegations in the Third

Amended Complaint ("Complaint") in the above-captioned action as follows. Except as expressly

admitted, Defendant Thaxter denies the allegations contained in the numbered paragraphs,

unnumbered paragraphs, and headings of the Complaint, including any factual allegations that are

implied or intended to be implied by the headings of the Complaint.

Defendant Thaxter states that he is not required to respond to the documents attached to

the Complaint. To the extent a response is required, Defendant Thaxter denies any allegations in

these documents directed against him and denies knowledge or information sufficient to form a

belief as to the truth or falsity of such allegations insofar as they relate to other parties. Defendant

Thaxter respectfully refers this Court to any documents referenced in the attachments for a

complete and accurate statement of their contents, and denies Plaintiffs' allegations to the extent

they are inconsistent with those documents.

Defendant Thaxter further states that it is not required to respond to any allegations in

footnotes included throughout the Complaint. Plaintiffs' inclusion of allegations in footnotes does

not comply with Federal Rule of Civil Procedure 10(b), which requires that allegations are stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Defendant Thaxter denies any allegations in the footnotes to the extent such allegations are directed against him and denies knowledge or information sufficient to form a belief as to the truth of such allegations insofar as they relate to other parties.  Defendant Thaxter respectfully refers this Court to any documents referenced in the footnotes for a complete and accurate statement of their contents, and denies Plaintiffs' allegations to the extent they are inconsistent with those documents.

## NATURE OF THE ACTION

1.      Defendant Thaxter denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiffs have brought this putative class action and respectfully refers the Court to the Complaint for a full and accurate recitation of its contents.  Defendant Thaxter further states that, to the extent the allegations relate to the English Law claims that have been dismissed pursuant to the Court's February 28, 2022 Order, no answer is required; and to the extent an answer is required, Defendant Thaxter denies the allegations.

2.      Defendant Thaxter denies the allegations in Paragraph 2 of the Complaint, except admits that Reckitt was a manufacturer of Suboxone Sublingual Tablet, which was a medicine approved by the FDA to treat patients addicted to opioids.

3.      Defendant Thaxter denies the allegations in Paragraph 3 of the Complaint.

4.      Defendant Thaxter denies the allegations in Paragraph 4 of the Complaint, except admits that RBP was a former wholly owned subsidiary of Reckitt, and that in or about April 2019, Indivior was indicted by DOJ.  Defendant Thaxter further admits that, in or about July 2019, Reckitt settled with DOJ and the Federal Trade Commission ("FTC") for $1.4 billion to resolve a number of investigations into RBP's former activities on the basis that Reckitt Group made no

admission of any violation of law or any wrongdoing by it or any of its employees. The Reckitt Group Defendants admit that in July 2020, Indivior Solutions, a subsidiary of Indivior, settled with the DOJ to resolve related investigations. Defendant Thaxter further admits that in or about July 2020, Indivior Solutions, a subsidiary of Indivior, settled with DOJ to resolve related investigations. Defendant Thaxter refers the Court to the aforementioned documents for a full and accurate recitation of their contents and denies any allegations in Paragraph 4 inconsistent therewith.

5.      Defendant Thaxter denies the allegations in Paragraph 5 of the Complaint, except admits that the FDA recognized orphan-drug exclusivity for Suboxone from October 8, 2002 to October 8, 2009. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Suboxone sales figures in Paragraph 5.

6.      Defendant Thaxter denies the allegations in Paragraph 6 of the Complaint, except admits that the dosage form of Film was different from the dosage form of Tablets.

7.      Defendant Thaxter denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant Thaxter denies the allegations in Paragraph 8 of the Complaint, except admits that on or about October 5, 2009, RBP submitted a letter to the FDA. Defendant Thaxter respectfully refers the Court to the October 5, 2009 letter and Indictment quoted and/or referenced in Paragraph 8 of the Complaint for a full and accurate recitation of their contents, and denies any allegations inconsistent therewith.

9.      Defendant Thaxter denies the allegations in Paragraph 9 of the Complaint, except admits that, on or about March 29, 2010, the FDA responded to Reckitt's October 5, 2009 letter.

3

Defendant Thaxter respectfully refers the Court to the FDA's March 29, 2010 letter for a full and accurate recitation of its contents and denies any allegations in Paragraph 9 inconsistent therewith.

10.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11.    Defendant Thaxter denies the allegations in Paragraph 11 of the Complaint.

12.    Defendant Thaxter denies the allegations in Paragraph 12 of the Complaint, except respectfully refers the Court to the documents quoted and/or referenced in Paragraph 12 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

13.    Defendant Thaxter denies the allegations in Paragraph 13 of the Complaint, except admits that, on or about September 25, 2012, RBP filed a petition with the FDA.  Defendant Thaxter respectfully refers to the Court to the September 25, 2012 petition referenced in Paragraph 13 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

14.    Defendant Thaxter denies the allegations in Paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Reckitt's revenue from sales of the Film in Paragraph 14.

15.    Defendant Thaxter denies the allegation concerning "Defendants' scheme" in Paragraph 15 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations therein except admits that in 2011, RBP received a subpoena from the U.S. Attorney for the District of New Jersey and respectfully refers the Court to that subpoena referenced in Paragraph 15 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.  Defendant Thaxter further admits that, in or about 2012, the FTC and Attorney General of New York commenced regulatory investigations concerning

4

Suboxone Film, and that in or about December 2013, the U.S. Attorney for the Western District of Virginia executed search warrants on RBP's headquarters and employees' homes.

16. Defendant Thaxter denies the allegations in Paragraph 16 of the Complaint, except admits that, on or about November 17, 2014, Reckitt issued a press release announcing that RBP would be demerged from Reckitt. Defendant Thaxter respectfully refers the Court to the press release referenced in Paragraph 16 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

17. Defendant Thaxter denies the allegations in Paragraph 17 of the Complaint.

18. Defendant Thaxter denies the allegations in Paragraph 18 of the Complaint, except admits that on or about April 9, 2019, DOJ filed an indictment against Indivior and respectfully refers the Court to the Indictment referenced in Paragraph 18 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

19. Defendant Thaxter denies the allegations contained in Paragraph 19 of the Complaint, except admits that, on or about April 9, 2019, DOJ filed an Indictment, and respectfully refers the Court to the Indictment and emails quoted and/or referenced in Paragraph 19 for a full and accurate recitation of their contents, and denies any allegations inconsistent therewith.

20. Defendant Thaxter denies the allegations in Paragraph 20 of the Complaint, except admits that on or about July 11, 2019, DOJ announced that Reckitt Group settled with DOJ and FTC. Defendant Thaxter further respectfully refers the Court to the documents referenced in Paragraph 20 for a full and accurate recitation of their contents, and denies any allegations inconsistent therewith.

21. Defendant Thaxter denies the allegations in Paragraph 21 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict

5

liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce, and on October 22, 2020, was sentenced to a six-month period of incarceration, one year of supervised release, and ordered to pay a fine of $100,000 and forfeit $500,000. Defendant Thaxter further respectfully refers the Court to the plea agreement and materials referenced in Paragraph 21 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith. Defendant Thaxter further admits that he resigned from Indivior on or about June 28, 2020.

22.    Defendant Thaxter denies the allegations in Paragraph 22 of the Complaint, except admits that, in or about July 2020, Indivior Solutions entered into a plea agreement with DOJ. Defendant Thaxter further refers the Court to the plea agreement for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

23.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, except admits that, on or about June 29, 2020, Defendant Thaxter entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce. Defendant Thaxter further respectfully refers the Court to the plea agreement referenced in Paragraph 23 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

24.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint.

25.    Defendant Thaxter denies the allegations in Paragraph 25 of the Complaint.

**JURISDICTION AND VENUE**

26.    Paragraph 26 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 27, except admits that Plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§78j(b) and 78t(a)] and SEC Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

28.    Paragraph 28 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations, and further states that the English Law claims have been dismissed pursuant to the Court's February 28, 2022 Order.  Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations concerning the parties' citizenship, except admits that Defendant Thaxter is a citizen of the United States.

29.    Paragraph 29 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 29 of the Complaint and further states that the English Law claims have been dismissed by the Court's February 28, 2022 Order.

30.    Paragraph 30 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 30, except admits that U.S. District Judge Brian R. Martinotti granted Defendants' motion to transfer this action to this District.

31.    Paragraph 31 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 31 of the Complaint.

## THE PARTIES

32.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint.

33.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint.

34.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and its subparts.

35.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint.

36.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint.

37.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and its subparts.

38.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint.

39.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint.

40.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint.

41.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint.

42.    Defendant Thaxter denies the allegations in Paragraph 42 of the Complaint, except admits that he was employed by RBP beginning in 1995, served as RBP's President from 2005 to 2009, and served as a divisional CEO within RBP from 2009 until the demerger from Reckitt, when he became CEO and Director of Indivior PLC until June 28, 2020. Defendant Thaxter further admits that he is a citizen and/or domiciliary of Virginia, and that (i) RBP/Indivior's principal executive offices were/are located in Virginia; (ii) Thaxter owns, and pays taxes on, multiple homes in Virginia; (iii) he holds a Virginia-issued driver's license; (iv) he holds a Virginia-issued student pilot license; (v) he holds a Virginia-issued fishing license; and (vi) his wife and son reside in the United States.

43.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 44 of the Complaint.

45.    Defendant Thaxter denies the allegations in Paragraph 45 of the Complaint.

46.    To the extent the allegations in Paragraph 46 of the Complaint state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 46.

47.    To the extent the allegations in Paragraph 47 of the Complaint state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 47.

## ADDITIONAL KEY NON-PARTIES

48.    Defendant Thaxter denies the allegations in Paragraph 48 of the Complaint, except admits that in or around December 2014, RBP demerged from Reckitt and became the standalone

company Indivior PLC, that Indivior Inc. is a Delaware corporation headquartered in Richmond, Virginia, and that Indivior Inc. has a portfolio of FDA-approved prescription medications that includes Suboxone and Subutex, which contain buprenorphine. Defendant Thaxter further admits that RBP was a subsidiary of Reckitt.

49. Defendant Thaxter admits that Reckitt Benckiser Pharmaceutical Solutions Inc. was a division of RBP that became an RBP subsidiary in or about September 2013, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint.

50. Defendant Thaxter admits the allegations in Paragraph 50 of the Complaint.

51. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint.

52. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint.

53. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint.

54. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint, except admits that Baxter reported to Defendant Thaxter after the demerger.

**SECURITIES AT ISSUE**

55. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint.

### A.    Reckitt Ordinary Shares

56.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint.

### B.    Reckitt ADSs

57.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint.

### (i)    Nature of an ADS

58.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 58 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

59.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint, except respectfully refers the Court to the regulation referenced in Paragraph 59 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

60.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 61 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

62.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint, except respectfully refers the Court to the regulation referenced in Paragraph 63 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

**(ii)     Reckitt Sponsors Its ADSs**

64.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint.

65.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 65 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

66.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 66 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

67.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 67 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

**(iii)     The OTC Market**

68.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint.

69.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint.

70.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint, except respectfully refers the Court to the regulations referenced in Paragraph 70 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

71.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Complaint, except respectfully refers the Court to the regulations and materials quoted and/or referenced in Paragraph 71 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

72.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint, except respectfully refers the Court to the document referenced in Paragraph 72 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

73.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 73 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

74.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 74 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

75.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint.

76.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint, except respectfully refers the Court to the document referenced in Paragraph 76 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

77.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 77 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

78.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint.

79.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Complaint, except respectfully refers the Court to the regulations and materials quoted and/or referenced in Paragraph 79 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

80.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Complaint.

81.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Complaint, except respectfully refers the Court to the documents quoted and/or referenced in Paragraph 81 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

82.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint states legal conclusions to which no response is required; to the extent a response is required, Defendant Thaxter denies the allegations in Paragraph 83 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

### A.    Generic Drugs and Substitution

84.     Defendant Thaxter refers the Court to the regulations referenced in Paragraph 84 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

85.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Complaint.

86.     To the extent the allegations in Paragraph 86 state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter refers the Court to the regulations referenced in Paragraph 86 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

87.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Complaint.  Defendant Thaxter respectfully refers the Court to the "drug-substitution laws" referenced in Paragraph 87 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

88.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Complaint.

89.     Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Complaint.  Defendant Thaxter respectfully refers the Court to the laws referenced in Paragraph 89 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

**B.      Background on Reckitt and Suboxone**

90.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Complaint.

91.      Defendant Thaxter denies the allegations in Paragraph 91 of the Complaint, except respectfully refers the Court to the document referenced in Paragraph 91 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

92.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Complaint, except respectfully refers the Court to the document referenced in Paragraph 92 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

93.      Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Complaint, except admits that on or about October 8, 2002, the FDA granted approval of Suboxone Tablet and Subutex Tablet. Defendant Thaxter further respectfully refers the Court to the FDA approval referenced in Paragraph 93 for a full and accurate recitation of its contents and denies any allegations inconsistent herewith.

94.      Defendant Thaxter denies the allegations in Paragraph 94 of the Complaint, except admits that the FDA recognized orphan-drug exclusivity for Suboxone and Subutex from October 8, 2002 to October 8, 2009. Defendant Thaxter respectfully refers the Court to the statutes and documents referenced in Paragraph 94 for a full and accurate of their contents and denies any allegations inconsistent therewith.

95. Defendant Thaxter denies the allegations in Paragraph 95 of the Complaint, except admits that the FDA recognized orphan-drug exclusivity for Suboxone from October 8, 2002 to October 8, 2009.

96. Defendant Thaxter denies the allegations in Paragraph 96 of the Complaint, except admits that the FDA recognized orphan-drug exclusivity for Suboxone from October 8, 2002 to October 8, 2009. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Suboxone sales figures and generic drug applications in Paragraph 96.

**C.    Reckitt Developed Suboxone Film to Thwart Competition from Generic Alternatives to Suboxone Tablets**

97. Defendant Thaxter denies the allegations in Paragraph 97 of the Complaint.

98. Defendant Thaxter denies the allegations in Paragraph 98 of the Complaint, except respectfully refers the Court to the documents quoted and/or referenced in Paragraph 98 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

99. Defendant Thaxter denies the allegations in Paragraph 99 of the Complaint.

100. Defendant Thaxter denies the allegations in Paragraph 100 of the Complaint.

101. Defendant Thaxter denies the allegations in Paragraph 101 of the Complaint.

102. Defendant Thaxter denies the allegations in Paragraph 102 of the Complaint, except admits that Reckitt and/or RBP filed an NDA for Suboxone Film on or about October 20, 2008, that Reckitt submitted a letter to the FDA on or about October 5, 2009, and that the FDA responded to RBP's October 5, 2009 letter on or about March 29, 2010. Defendant Thaxter respectfully refers the Court to the aforementioned documents for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

103. Defendant Thaxter denies the allegations in Paragraph 103 of the Complaint, except admits that the NDA was approved by the FDA on or about August 30, 2010 and that marketing of Film began in or about September 2010.

104. Defendant Thaxter denies the allegations in Paragraph 104 of the Complaint, except respectfully refers the Court to the 2009 report quoted and/or referenced in Paragraph 104 for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

105. Defendant Thaxter denies the allegations in Paragraph 105 of the Complaint.

106. Defendant Thaxter denies the allegations in Paragraph 106 of the Complaint, except respectfully refers the Court to the documents quoted and/or referenced in Paragraph 106 for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

107. Defendant Thaxter denies the allegations in Paragraph 107 of the Complaint, except respectfully refers the Court to the Indictment and sentencing materials quoted and/or referenced in Paragraph 107 for a full and accurate recitation of their content and denies any allegations inconsistent therewith.

108. Defendant Thaxter denies the allegations in Paragraph 108 of the Complaint, except respectfully refers the Court to the notes and emails quoted and/or referenced in Paragraph 108 for a full and accurate recitation of their content and denies any allegations inconsistent therewith.

109. Defendant Thaxter denies the allegations in Paragraph 109 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 109 for a full and accurate recitation of their content and denies any allegations inconsistent therewith.

110. Defendant Thaxter denies the allegations in Paragraph 110 of the Complaint.

111. Defendant Thaxter denies the allegations in Paragraph 111 of the Complaint.

112. Defendant Thaxter denies the allegations in Paragraph 112 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 112 for a full and accurate recitation of their content and denies any allegations inconsistent therewith. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 112.

113. Defendant Thaxter denies the allegations in Paragraph 113 of the Complaint.

114. Defendant Thaxter denies the allegations in Paragraph 114 of the Complaint.

115. Defendant Thaxter denies the allegations in Paragraph 115 of the Complaint.

116. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Complaint.

117. Defendant Thaxter denies the allegations in Paragraph 117 of the Complaint. Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 117 for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

118. Defendant Thaxter denies the allegations in Paragraph 118 of the Complaint. Defendant Thaxter refers the Court to the documents quoted and/or referenced in Paragraph 118 for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

119. Defendant Thaxter denies the allegations in Paragraph 119 of the Complaint, except admits that on or about October 5, 2009, RBP submitted a letter to the FDA. Defendant Thaxter respectfully refers the Court to the October 5, 2009 letter and Indictment quoted and/or referenced in Paragraph 119 of the Complaint for a full and accurate recitation of their contents, and denies any allegations inconsistent therewith.

120. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Complaint.

19

121.    Defendant Thaxter denies the allegations in Paragraph 121 in the Complaint, except admits that on or about November 24, 2009, RBP resubmitted an NDA for Suboxone Film to the FDA and refers the Court to the NDA for a full and accurate recitation of its contents, and denies any allegations inconsistent therewith.

122.    Defendant Thaxter refers the Court to the Indictment quoted and/or referenced in Paragraph 122 of the Complaint for a full recitation of its contents and denies any allegations inconsistent therewith.

**D.    Defendants Knew that Suboxone Film Was Not Safer than Suboxone Tablets, and Could Even Be More Dangerous**

123.    Defendant Thaxter denies the allegations in Paragraph 123 of the Complaint, except admits that on or about March 28, 2010, the FDA responded to RBP's October 5, 2009 letter. Defendant Thaxter refers the Court to the FDA's March 29, 2010 letter quoted and/or referenced in Paragraph 123 of the Complaint for a full recitation of its contents and denies any allegations inconsistent therewith.

124.    Defendant Thaxter denies the allegations in Paragraph 124 of the Complaint, except respectfully refers the Court to the FDA's March 29, 2010 letter referenced in Paragraph 124 for a full recitation of its contents and denies any allegations inconsistent therewith.

125.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Complaint.

126.    Defendant Thaxter denies the allegations in the first sentence in Paragraph 126 of the Complaint, and respectfully refers the Court to the documents quoted and/or referenced in the remaining allegations in Paragraph 126 for a full recitation of their contents and denies any allegations inconsistent therewith.

127.    Defendant Thaxter denies the allegations in Paragraph 127 of the Complaint, except admits that the NDA was approved by the FDA on or about August 30, 2010.  Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 127 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

128.    Defendant Thaxter denies the allegations in Paragraph 128 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 128 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

129.    Defendant Thaxter denies the allegations in Paragraph 129 of the Complaint, except respectfully refers the Court to the agreement with DOJ referenced in Paragraph 129 of the Complaint for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

**E.      Defendants Misled Healthcare Providers Regarding the Safety of Suboxone Film**

130.    Defendant Thaxter denies the allegations in Paragraph 130 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 130 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

131.    Defendant Thaxter denies the allegations in Paragraph 131 of the Complaint, except admits that he served as RBP's divisional CEO.  Defendant Thaxter respectfully refers the Court to the messages referenced in Paragraph 131 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

132.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Complaint.

133.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint, except respectfully

refs the Court to the materials quoted and/or referenced in Paragraph 133 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

134.    Defendant Thaxter denies the allegations in Paragraph 134 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 134 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

135.    Defendant Thaxter denies the allegations in Paragraph 135 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 135 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

136.    Defendant Thaxter denies the allegations in Paragraph 136 in the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that RBP's vice president for clinical affairs reported directly to Thaxter in December 2010. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 136 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

137.    Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 137 of the Complaint for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

138.    Defendant Thaxter denies the allegations in Paragraph 138 of the Complaint, except respectfully refers the Court to the report quoted and/or referenced in Paragraph 138 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

139.    Defendant Thaxter denies the allegations in Paragraph 139 of the Complaint, except respectfully refers the Court to the report quoted and/or referenced in Paragraph 139 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

140. Defendant Thaxter denies the allegations in Paragraph 140 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 140 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

141. Defendant Thaxter denies the allegations in Paragraph 141 of the Complaint, except refers the Court to the materials quoted and/or referenced in Paragraph 141 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

142. To the extent the allegations in Paragraph 142 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 142, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 142 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

143. To the extent the allegations in Paragraph 143 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 143, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 143 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

144. Defendant Thaxter denies the allegations in Paragraph 144 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 144 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

145. Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 145 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

146. Defendant Thaxter denies the allegations in Paragraph 146 of the Complaint.

**F.      Defendants Engaged in a Fraudulent Scheme to Delay the FDA's Approval of Generic Versions of Suboxone Tablet**

147.    Defendant Thaxter denies the allegations in Paragraph 147 of the Complaint.

148.    Defendant Thaxter denies the allegations in Paragraph 148 of the Complaint, except respectfully refers the Court to the emails quoted and/or referenced in Paragraph 148 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

149.    Defendant Thaxter denies the allegations in Paragraph 149 of the Complaint, except respectfully refers the Court to the emails quoted and/or referenced in Paragraph 149 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

150.    Defendant Thaxter denies the allegations in Paragraph 150 of the Complaint, except refers the Court to the emails quoted and/or referenced in Paragraph 150 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

151.    Defendant Thaxter denies the allegations in Paragraph 151 of the Complaint, except respectfully refers the Court to the report quoted and/or referenced in Paragraph 151 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

152.    Defendant Thaxter denies the allegations in Paragraph 152 of the Complaint, except respectfully refers the Court to the emails quoted and/or referenced in Paragraph 152 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

153.    Defendant Thaxter denies the allegations in Paragraph 153 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 153 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

154.    Defendant Thaxter denies the allegations in Paragraph 154 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 154 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

24

155. Defendant Thaxter denies the allegations in Paragraph 155 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 155 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

156. Defendant Thaxter denies the allegations in Paragraph 156 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 156 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

157. Defendant Thaxter denies the allegations in Paragraph 157 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 157 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

158. Defendant Thaxter denies the allegations in Paragraph 158 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 158 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

159. Defendant Thaxter denies the allegations in Paragraph 159 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 159 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

160. Defendant Thaxter denies the allegations in Paragraph 160 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 160 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

161. Defendant Thaxter denies the allegations in Paragraph 161 of the Complaint. Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 161 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

162.    Defendant Thaxter denies the allegations in Paragraph 162 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 162 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

163.    Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 163 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

164.    Defendant Thaxter denies the allegations in Paragraph 164 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 164 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

165.    Defendant Thaxter denies the allegations in Paragraph 165 of the Complaint, except admits that Suboxone Tablets continued to be sold outside the United States after the withdrawal of Tablets from the U.S. market.

166.    Defendant Thaxter denies the allegations in Paragraph 166 of the Complaint, except admits that on or about February 22, 2013, the FDA denied RBP's citizen petition, and respectfully refers the Court to the FDA's February 22, 2013 decision for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

167.    Defendant Thaxter denies the allegations in Paragraph 167 of the Complaint, except admits that, on or about July 24, 2020, FTC announced that Indivior Inc., a parent company of Indivior, settled with the FTC.    Defendant Thaxter further respectfully refers the Court to the settlement agreement referenced in Paragraph 167 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

168.    Defendant Thaxter denies the allegations in Paragraph 168 of the Complaint, except admits that, on or about September 25, 2012, RBP submitted a citizen petition to the FDA, and

26

that on or about February 22, 2013, the FDA denied the citizen petition. Defendant Thaxter further respectfully refers the Court to the materials referenced in Paragraph 168 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

169. Defendant Thaxter denies the allegations in Paragraph 169 of the Complaint, except respectfully refers the Court to the reports referenced in Paragraph 169 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

## G. Defendants Misled Medicaid Administrators Concerning the Safety of Suboxone Film

170. To the extent the allegations in Paragraph 170 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 170 of the Complaint, and respectfully refers the Court to the reports referenced in Paragraph 170 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

171. Defendant Thaxter denies the allegations in Paragraph 171 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce and respectfully refers the Court to the plea agreement for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

172. Defendant Thaxter denies the allegations in Paragraph 172 of the Complaint, except respectfully refers the Court to the materials referenced in Paragraph 172 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

173. Defendant Thaxter denies the allegations in Paragraph 173 of the Complaint, except respectfully refers the Court to the reports referenced in Paragraph 173 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

174.    Defendant Thaxter denies the allegations in Paragraph 174 of the Complaint, except respectfully refers the Court to the reports referenced in Paragraph 174 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

175.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 of the Complaint, except admits that RBP received data from poison control centers in or about 2012.

176.    Defendant Thaxter denies the allegations in Paragraph 176 of the Complaint, except respectfully refers the Court to the emails quoted and/or referenced in Paragraph 176 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.  Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence in Paragraph 176.

177.    Defendant Thaxter denies the allegations in Paragraph 177 of the Complaint, except respectfully refers the Court to the emails referenced in Paragraph 177 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.  Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth of the allegations in first and last sentences of Paragraph 177.

178.    Defendant Thaxter denies the allegation in Paragraph 178 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 178.  Defendant Thaxter further respectfully refers the Court to the materials referenced in the remaining allegations in Paragraph 178 for a full and accurate recitation of their contents, and denies any allegations inconsistent therewith.

179.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 of the Complaint.

180.   Defendant Thaxter denies the allegations in Paragraph 180 of the Complaint.

181.   Defendant Thaxter denies the allegations in Paragraph 181 of the Complaint, except respectfully refers the Court to the email referenced in Paragraph 181 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

182.   Defendant Thaxter denies the allegations in Paragraph 182 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 182 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

183.   Defendant Thaxter denies the allegations in Paragraph 183 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 183 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

184.   Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 184 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

185.   Defendant Thaxter denies the allegations in Paragraph 185 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 185 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

186.   Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 186 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

187.   To the extent the allegations in Paragraph 187 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 187, except admits that Thaxter approved a correction letter to

29

MassHealth in or about December 2015, and respectfully refers the Court to the December 2015 correction letter for a full and accurate recitation of its and denies any allegations inconsistent therewith.

188.    Defendant Thaxter denies the allegations in Paragraph 188 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce and respectfully refers the Court to the plea agreement for a full and accurate recitation of its content and denies any allegations inconsistent therewith.

189.    Defendant Thaxter denies the allegations in Paragraph 189 of the Complaint, except admits that Dr. Jeffrey testified during Thaxter's sentencing hearing.  Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in in Paragraph 189.

190.    Defendant Thaxter denies the allegations in Paragraph 190 of the Complaint, except respectfully refers the Court to the materials referenced in Paragraph 190 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

191.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 191 of the Complaint, except respectfully refers the Court to the materials referenced in Paragraph 191 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

192.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192, except respectfully refers the Court to the materials referenced in Paragraph 192 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

193.   Defendant Thaxter denies the allegations in Paragraph 193 of the Complaint, except Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 193 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

194.   Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194 of the Complaint.  Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 194 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

195.   Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195 of the Complaint.  Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 195 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

196.   Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 196 of the Complaint.  Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 196 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

197.   Defendant Thaxter denies the allegations in Paragraph 197 of the Complaint, except respectfully refers the Court to the materials referenced in Paragraph 197 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

**H.     Defendants Marketed Suboxone Film to Doctors Whom They Knew Were Illegally Prescribing It in Order to Switch Patients to Film Prior to Introduction of Generic Tablets**

198.   To the extent the allegations in Paragraph 198 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 198.

199.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 199 of the Complaint.

200.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 200 of the Complaint.  Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 200 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

201.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 201 of the Complaint.  Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 201 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

202.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 202 of the Complaint.  Defendant Thaxter respectfully refers the Court to the Indictment and materials referenced in Paragraph 202 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

203.    Defendant Thaxter respectfully refers the Court to the settlement agreement referenced in Paragraph 203 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

I.    **Defendants Promoted Suboxone Film Using False and Misleading Marketing Materials**

204.    To the extent the allegations in Paragraph 204 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 204 and its subparts, except respectfully refers the Court to the materials referenced in Paragraph 204 and its subparts for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

205. Defendant Thaxter denies the allegations in Paragraph 205 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce. Defendant Thaxter respectfully refers the Court to the plea agreements and materials referenced in Paragraph 205 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

206. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206 of the Complaint.

**J.      Suboxone Film Was Exceptionally Lucrative to Reckitt**

207. Defendant Thaxter denies the allegations concerning "Defendants' scheme" in Paragraph 207 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 207 of the Complaint.

208. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 208 of the Complaint.

209. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 209 of the Complaint.

210. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 210 of the Complaint.

211. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 211 of the Complaint.

212. Defendant Thaxter denies the allegations in Paragraph 212 of the Complaint, except respectfully refers the Court to the emails quoted and/or referenced in Paragraph 212 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

213.    Defendant Thaxter denies the allegations in Paragraph 213 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 213 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

**K.    Reckitt Demerged RBP to Rid Itself of Suboxone Liabilities**

214.    Defendant Thaxter denies the allegations in Paragraph 214 of the Complaint, except admits that in or about December 2014, RBP demerged from Reckitt Group and became the standalone company Indivior.

215.    Defendant Thaxter denies the allegations in Paragraph 215 of the Complaint, except admits that Reckitt Group announced plans to demerge RBP in or about July 2014, and Reckitt shareholders approved the demerger on or about December 11, 2014.

216.    Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 216 of the Complaint.

217.    Defendant Thaxter denies the allegations in Paragraph 217 of the Complaint, except respectfully refers the Court to the demerger agreement quoted and/or referenced in Paragraph 217 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

218.    Defendant Thaxter denies the allegations in Paragraph 218 of the Complaint, except respectfully refers the Court to the demerger agreement referenced in Paragraph 218 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

219.    Defendant Thaxter denies the allegations in Paragraph 219 of the Complaint, except admits that on or about November 13, 2020, Reckitt filed a claim in the matter of *Reckitt Benckiser Group PLC v. Indivior PLC* in the Commercial Court, High Court of Justice of England and Wales. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 219 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

34

220.    Defendant Thaxter denies the allegations in Paragraph 220 of the Complaint.

**DEFENDANTS' MATERIALLY FALSE AND MISLEADING
STATEMENTS AND OMISSIONS MADE DURING THE CLASS PERIOD**

221.    To the extent the allegations in Paragraph 221 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 221.

**A.    The July 28, 2014 Press Release and Conference Call**

222.    To the extent the allegations in Paragraph 222 of the Complaint relate to claims that have been dismissed by the Court, no answer is required.[1]  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 222, except admits that Reckitt issued a press release on or about July 28, 2014, and respectfully refers the Court to the July 28, 2014 press release quoted and/or referenced in Paragraph 222 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

223.    Defendant Thaxter denies the allegations in Paragraph 223 of the Complaint, except respectfully refers the Court to the July 28, 2014 press release quoted and/or referenced in Paragraph 223 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

224.    Defendant Thaxter denies the allegations in Paragraph 224 of the Complaint.

225.    Defendant Thaxter denies the allegations in Paragraph 225 of the Complaint, except respectfully refers the Court to the July 28, 2014 press release quoted and/or referenced in

---

[1] Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, the Court granted Defendants' motion to dismiss "as to the statements quoted in paragraphs 222, 223, 225, 228, 232, 243, 245, 252, 254, 256, 259, 261, 264, 266, 267, 268, 269 and the Item 303 violation asserted in paragraphs 296 to 300." Docket Entry No. 113 at 73.

Paragraph 225 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

226. Defendant Thaxter denies the allegations in Paragraph 226 of the Complaint.

227. Defendant Thaxter denies the allegations in Paragraph 227 of the Complaint, except respectfully refers the Court to the July 28, 2014 press release referenced in Paragraph 227 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

228. Defendant Thaxter denies the allegations in Paragraph 228 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 that Defendant Thaxter attended. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 228 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

229. To the extent the allegations in Paragraph 229 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required Defendant Thaxter denies the allegations in Paragraph 229.

230. Defendant Thaxter denies the allegations in Paragraph 230 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 230 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

231. To the extent the allegations in Paragraph 231 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 231.

232. Defendant Thaxter denies the allegations in Paragraph 232 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 232 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

233. To the extent the allegations in Paragraph 233 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 233 of the Complaint.

234. Defendant Thaxter denies the allegations in Paragraph 234 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 234 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

235. Defendant Thaxter denies the allegations in Paragraph 235 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 235 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

236. To the extent the allegations in Paragraph 236 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 236.

237. Defendant Thaxter denies the allegations in Paragraph 237 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or

referenced in Paragraph 237 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

238. To the extent the allegations in Paragraph 238 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 238.

239. Defendant Thaxter denies the allegations in Paragraph 239 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 239 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

240. To the extent the allegations in Paragraph 240 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 240.

241. Defendant Thaxter denies the allegations in Paragraph 241 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 241 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

242. To the extent the allegations in Paragraph 242 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 242.

243. Defendant Thaxter denies the allegations in Paragraph 243 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant

Thaxter.  Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 243 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

244.  To the extent the allegations in Paragraph 244 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 244.

245.  Defendant Thaxter denies the allegations in Paragraph 245 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter.  Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 245 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

246.  To the extent the allegations in Paragraph 246 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 246.

247.  Defendant Thaxter denies the allegations in Paragraph 247 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter.  Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 247 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

248.  Defendant Thaxter denies the allegations in Paragraph 248 of the Complaint, except admits that Reckitt hosted a conference call on or about July 28, 2014 attended by Defendant Thaxter.  Defendant Thaxter further respectfully refers the Court to the materials quoted and/or

referenced in Paragraph 248 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

249. To the extent the allegations in Paragraph 249 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, Defendant Thaxter denies the allegations in Paragraph 249.

**B.     The October 21, 2014 Press Release and Conference Call**

250. Defendant Thaxter denies the allegations in Paragraph 250 of the Complaint, except admits that Reckitt issued a press release on or about October 21, 2014. Defendant Thaxter further respectfully refers the Court to the October 21, 2014 press release quoted and/or referenced in Paragraph 250 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

251. Defendant Thaxter denies the allegations in Paragraph 251 of the Complaint.

252. Defendant Thaxter denies the allegations in Paragraph 252 of the Complaint, except admits that Reckitt hosted a conference call on or about October 21, 2014. Defendant Thaxter further respectfully refers the Court to the materials quoted and/or referenced in Paragraph 252 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

253. Defendant Thaxter denies the allegations in Paragraph 253 of the Complaint.

254. Defendant Thaxter denies the allegations in Paragraph 254 of the Complaint, except respectfully refers the Court to the materials quoted and/or referenced in Paragraph 254 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

255. Defendant Thaxter denies the allegations in Paragraph 255 of the Complaint.

256. Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 256 of the Complaint for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

257.    Defendant Thaxter denies the allegations in Paragraph 257 of the Complaint.

258.    Defendant Thaxter denies the allegations in Paragraph 258 of the Complaint.

## C.    The November 17, 2014 Demerger Release

259.    Defendant Thaxter denies the allegations in Paragraph 259 of the Complaint, except admits that Reckitt issued a press release on or about November 17, 2014.  Defendant Thaxter respectfully refers the Court to the November 17, 2014 press release quoted and/or referenced in Paragraph 259 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

260.    Defendant Thaxter denies the allegations in Paragraph 260 of the Complaint.

261.    Defendant Thaxter respectfully refers the Court to the November 17, 2014 press release quoted and/or referenced in Paragraph 261 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

262.    Defendant Thaxter denies the allegations in Paragraph 262 of the Complaint.

## D.    The February 11, 2015 Press Release and Conference Call

263.    Defendant Thaxter denies the allegations in Paragraph 263 of the Complaint, except admits that Reckitt issued a press release on or about February 11, 2015 and that Thaxter did not review or approve the release and was not responsible for its contents.  Defendant Thaxter respectfully refers the Court to the February 11, 2015 press release quoted and/or referenced in Paragraph 263 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

264.    Defendant Thaxter respectfully refers the Court to the February 11, 2015 press release quoted and/or referenced in Paragraph 264 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

41

265. Defendant Thaxter denies the allegations in Paragraph 265 of the Complaint, except admits that Reckitt hosted a conference call on or about February 11, 2015. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 265 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

**E.   The 2014 Annual Report Released on March 19, 2015**

266. Defendant Thaxter denies the allegations in Paragraph 266 of the Complaint, except admits that Reckitt issued an annual report on or about March 19, 2015. Defendant Thaxter respectfully refers the Court to the 2014 Annual Report quoted and/or referenced in Paragraph 266 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

267. Defendant Thaxter refers the Court to the 2014 Annual Report quoted and/or referenced in Paragraph 267 of the Complaint for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

268. Defendant Thaxter denies the allegations in Paragraph 266 of the Complaint, except admits that Reckitt issued an annual report on or about March 19, 2015. Defendant Thaxter refers the Court to the 2014 Annual Report quoted and/or referenced in Paragraph 268 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

269. Defendant Thaxter denies the allegations in Paragraph 269 of the Complaint, except admits that Reckitt issued an annual report on or about March 19, 2015. Defendant Thaxter refers the Court to the 2014 Annual Report quoted and/or referenced in Paragraph 269 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

270. Defendant Thaxter denies the allegations in Paragraph 270 of the Complaint, except admits that Reckitt issued an annual report on or about March 19, 2015 and that Defendant Thaxter did not review or approve the 2014 Annual Report and was not responsible for its contents. Defendant Thaxter respectfully refers the Court to the 2014 Annual Report quoted and/or

42

referenced in Paragraph 270 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

271.    Defendant Thaxter denies the allegations in Paragraph 271 of the Complaint.

272.    Defendant Thaxter denies the allegations in Paragraph 272 of the Complaint and its subparts.

273.    Defendant Thaxter denies the allegations in Paragraph 273 of the Complaint.

274.    Defendant Thaxter denies the allegations in Paragraph 274 of the Complaint, except admits that on or about July 14, 2016, Indivior filed its 2016 Form 20-F with the SEC. Defendant Thaxter respectfully refers the Court to the 2016 Form 20-F quoted and/or referenced in Paragraph 274 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

<strong>THE TRUTH BEGINS TO EMERGE</strong>

**A.    Reckitt Stuns Investors by Reporting Hundreds of Millions in Charges in Connection with Suboxone and the DOJ Investigation**

275.    Defendant Thaxter denies the allegations in Paragraph 275 of the Complaint, except admits that Reckitt announced its second quarter 2017 financial results on or about July 24, 2017. Defendant Thaxter refers the Court to the materials referenced in Paragraph 275 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 275 concerning the price of Reckitt ADSs.

276.    Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 276 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

277.    Defendant Thaxter denies the allegations in Paragraph 277 of the Complaint.

43

278.     Defendant Thaxter denies the allegations in Paragraph 278 of the Complaint, except admits that Reckitt announced its 2017 financial results on or about February 19, 2018. Defendant Thaxter refers the Court to the materials referenced in Paragraph 278 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278 concerning the price of Reckitt ADSs.

**B.      The DOJ's Criminal Indictment of the Former RBP**

279.     Defendant Thaxter denies the allegations in Paragraph 279 of the Complaint, except admits that DOJ filed an indictment against RBP on or about April 9, 2019. Defendant Thaxter refers the Court to the indictment and materials referenced in Paragraph 279 for a full and accurate recitation of their contents. Defendant Thaxter further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279 concerning the price of Reckitt ADSs.

**C.      After the Class Period, Reckitt and RBP/Indivior Settle Claims with the DOJ and the FTC, and Thaxter, Baxter, and Indivior Solutions Plead Guilty to Federal Crimes**

280.     Defendant Thaxter denies the allegations in Paragraph 280 of the Complaint, except admits that Reckitt Group entered into settlements with DOJ and the FTC on or about July 11, 2019. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 280 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

281.     Defendant Thaxter denies the allegations in Paragraph 281 of the Complaint and its subparts, except admits that Reckitt Group entered into a settlement with DOJ on or about July 11, 2019. Defendant Thaxter respectfully refers the Court to the Non-Prosecution Agreement quoted

44

and/or referenced in Paragraph 282 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

282.    Defendant Thaxter denies the allegations in Paragraph 282 of the Complaint, except admits that the FTC filed a complaint against Reckitt Group on or about July 11, 2019. Defendant Thaxter respectfully refers the Court to the complaint and materials referenced in Paragraph 282 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

283.    Defendant Thaxter denies the allegations in Paragraph 283 of the Complaint, except admits that the FTC filed a complaint against Reckitt Group on or about July 11, 2019. Defendant Thaxter further respectfully refers the Court to the complaint quoted and/or referenced in Paragraph 283 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

284.    Defendant Thaxter denies the allegations in Paragraph 284 of the Complaint, except admits that the FTC filed a complaint against Reckitt Group on or about July 11, 2019. Defendant Thaxter further respectfully refers the Court to the complaint and materials quoted and/or referenced in Paragraph 284 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

285.    Defendant Thaxter denies the allegations in Paragraph 285 of the Complaint, except admits that the FTC filed a complaint against Reckitt Group on or about July 11, 2019. Defendant Thaxter further respectfully refers the Court to the complaint and materials quoted and/or referenced in Paragraph 285 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

286.    Defendant Thaxter denies the allegations in Paragraph 286 of the Complaint, except admits that on or about November 7, 2019, the FDA issued a letter revoking orphan-drug

45

designation of buprenorphine. Defendant Thaxter further respectfully refers the Court to the FDA's November 7, 2019 letter referenced in Paragraph 286 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

287. Defendant Thaxter denies the allegations in Paragraph 287 of the Complaint, except admits that on or about November 7, 2019, the FDA issued a letter revoking orphan-drug designation of buprenorphine. Defendant Thaxter respectfully refers the Court to the FDA's November 7, 2019 letter referenced in Paragraph 287 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

288. Defendant Thaxter denies the allegations in Paragraph 288 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce, and on October 22, 2020, was sentenced to a six-month period of incarceration, one year of supervised release, and ordered to pay a fine of $100,000 and forfeit $500,000. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 288 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

289. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 289 of the Complaint, except admits that, on or about June 29, 2020, he entered into a plea agreement with respect to a strict liability misdemeanor offense under the Responsible Corporate Officer doctrine of the FDCA for introducing misbranded drugs in commerce. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 289 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

290.    Defendant Thaxter denies the allegations in Paragraph 290 of the Complaint, except admits that Indivior Solutions entered into a plea agreement with respect to a one-count felony information on or about July 24, 2020 and was sentenced in connection therewith on or about November 12, 2020.  Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 290 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

291.    Defendant Thaxter denies the allegations in Paragraph 291 of the Complaint, except admits that Indivior entered into settlement agreements with DOJ and FTC to resolve potential liability on or about July 24, 2020.  Defendant Thaxter refers the Court to the materials quoted and/or referenced in Paragraph 291 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

292.    Defendant Thaxter denies the allegations in Paragraph 292 of the Complaint, except admits that, on or about July 24, 2020, Indivior executed a five-year Corporate Integrity Agreement with the Department of Health and Human Services Office of Inspector General.  Defendant Thaxter refers the Court to the Corporate Integrity Agreement referenced in Paragraph 292 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

**D.    Reckitt Seeks Indemnification from Indivior for $1.4 Billion**

293.    Defendant Thaxter denies the allegations in Paragraph 293 of the Complaint, except admits that on or about November 13, 2020, Reckitt filed a claim in the matter of *Reckitt Benckiser Group PLC v. Indivior PLC* in the Commercial Court, High Court of Justice of England and Wales. Defendant Thaxter respectfully refers the Court to the materials quoted and/or referenced in Paragraph 293 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

294.   Defendant Thaxter denies the allegations in Paragraph 294 of the Complaint, except admits that on or about January 25, 2021, Indivior and Reckitt settled claims in the matter of *Reckitt Benckiser Group PLC v. Indivior PLC* in the Commercial Court, High Court of Justice of England and Wales.  Defendant Thaxter respectfully refers the Court to the settlement agreement referenced in Paragraph 294 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

295.   Defendant Thaxter denies the allegations in Paragraph 295 of the Complaint.

## DEFENDANTS VIOLATED ITEM 303 BY FAILING TO DISCLOSE THAT THE FRAUDULENT SUBOXONE SCHEME SUBJECTED RECKITT TO MONETARY RISKS

296.   Defendant Thaxter refers the Court to the regulation referenced in Paragraph 296 of the Complaint for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

297.   Defendant Thaxter refers the Court to the document quoted and/or referenced in Paragraph 297 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

298.   Defendant Thaxter denies the allegations in Paragraph 298 of the Complaint. Defendant Thaxter respectfully refers the Court to the regulations quoted and/or referenced in Paragraph 298 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

299.   Defendant Thaxter denies the allegations in Paragraph 299 of the Complaint.

300.   Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 300 of the Complaint except admits that in 2011, RBP received a subpoena from the U.S. Attorney for the District of New Jersey and

48

respectfully refers the Court to that subpoena referenced in Paragraph 300 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith. Defendant Thaxter further admits that, in or about 2012, the FTC and Attorney General of New York commenced regulatory investigations concerning Suboxone Film, and that in or about December 2013, the U.S. Attorney for the Western District of Virginia executed search warrants on RBP's headquarters and employees' homes.

### ADDITIONAL SCIENTER ALLEGATIONS

301. Defendant Thaxter denies the allegations in Paragraph 301 of the Complaint.

302. Defendant Thaxter denies the allegations in Paragraph 302 of the Complaint.

303. Defendant Thaxter denies the allegations in the first sentence in Paragraph 303 of the Complaint and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 303.

304. Defendant Thaxter denies the allegation concerning "consciousness of wrongdoing" in Paragraph 304 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 304 of the Complaint.

305. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 305 of the Complaint.

306. Defendant Thaxter denies the allegations in Paragraph 306 of the Complaint.

307. Defendant Thaxter denies the allegations in Paragraph 307 of the Complaint.

308. Defendant Thaxter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 308 of the Complaint.

309. Defendant Thaxter denies the allegations in Paragraph 309 of the Complaint, except admits that, on or about April 13, 2011, the OFT announced a decision imposing penalties on

49

Reckitt relating to Reckitt withdrawing and de-listing Gaviscon Original Liquid from the NHS prescription channel in 2005. Defendant Thaxter respectfully refers the Court to the materials referenced in Paragraph 309 for a full and accurate recitation of their contents and denies any allegations inconsistent therewith.

310. Defendant Thaxter denies the allegations in Paragraph 310 of the Complaint.

## LOSS CAUSATION/ECONOMIC LOSS

311. Defendant Thaxter denies the allegations in Paragraph 311 of the Complaint.

312. Defendant Thaxter denies the allegations in Paragraph 312 of the Complaint.

313. Defendant Thaxter denies the allegations in Paragraph 313 of the Complaint.

314. Defendant Thaxter denies the allegations in Paragraph 314 of the Complaint.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

315. Defendant Thaxter denies the allegations in Paragraph 315 of the Complaint and its subparts.

316. Defendant Thaxter denies the allegations in Paragraph 316 of the Complaint and its subparts.

317. Defendant Thaxter denies the allegations in Paragraph 317 of the Complaint and its subparts.

318. Defendant Thaxter denies the allegations in Paragraph 318 of the Complaint and its subparts.

319. Defendant Thaxter denies the allegations in Paragraph 319 of the Complaint and its subparts.

320.    Defendant Thaxter denies the allegations in Paragraph 320 of the Complaint. Defendant Thaxter respectfully refers the Court to the case cited in Paragraph 320 for a full and accurate recitation of its contents and denies any allegations inconsistent therewith.

## NO SAFE HARBOR

321.    Defendant Thaxter denies the allegations in Paragraph 321 of the Complaint

## CLASS ACTION ALLEGATIONS

322.    Defendant Thaxter denies the allegations in Paragraph 322 of the Complaint, except admits that Plaintiffs bring the action as alleged therein.

323.    Defendant Thaxter denies the allegations in Paragraph 323 of the Complaint.

324.    Defendant Thaxter denies the allegations in Paragraph 324 of the Complaint.

325.    Defendant Thaxter denies the allegations in Paragraph 325 of the Complaint.

## COUNT I

### For Violations of §10(b) of the Exchange Act and Rule 10b-5
### Against All Defendants on Behalf of ADS Purchasers

326.    Defendant Thaxter incorporates herein by reference his responses to the allegations in paragraphs 1 through 325 of the Complaint.

327.    Defendant Thaxter denies the allegations in Paragraph 327 of the Complaint.

328.    Defendant Thaxter denies the allegations in Paragraph 328 of the Complaint and its subparts.

329.    Defendant Thaxter denies the allegations in Paragraph 329 of the Complaint.

## COUNT II

### For Violations of §20(a) of the Exchange Act
### Against the Individual Defendants on Behalf of ADS Purchasers

330.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count II has been dismissed as to Defendant Thaxter.  To the extent any response is required, Defendant Thaxter incorporates herein by reference his responses to the allegations in paragraphs 1 through 329 of the Complaint.

331.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count II has been dismissed as to Defendant Thaxter.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 331 of the Complaint.

332.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count II has been dismissed as to Defendant Thaxter.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 332 of the Complaint.

333.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count II has been dismissed as to Defendant Thaxter.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 333 of the Complaint.

## COUNT III

### For Violations of English Common Law Fraudulent Misrepresentation and Deceit
### Against All Defendants on Behalf of Reckitt Ordinary Share Purchasers

334.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter incorporates herein by reference his responses to the allegations in paragraphs 1 through 333 of the Complaint.

52

335.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 335 of the Complaint.

336.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 336 of the Complaint.

337.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 337 of the Complaint.

338.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 338 of the Complaint.

339.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 339 of the Complaint.

340.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 340 of the Complaint.

341.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 341 of the Complaint.

342.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.   To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 342 of the Complaint.

343.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count III has been dismissed.   To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 343 of the Complaint.

## COUNT IV

**For Violations of the Financial Services and Markets Act of the United Kingdom
Against Reckitt on Behalf of Reckitt Ordinary Share Purchasers**

344.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed.   To the extent any response is required, Defendant Thaxter incorporates herein by reference his responses to the allegations in paragraphs 1 through 343 of the Complaint.

345.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed.   To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 345 of the Complaint.

346.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed.   To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 346 of the Complaint.

347.    Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed.   To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 347 of the Complaint.

348. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed. To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 348 of the Complaint.

349. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed. To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 349 of the Complaint.

350. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed. To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 350 of the Complaint.

351. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count IV has been dismissed. To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 351 of the Complaint.

## COUNT V

**For Violations of English Common Law, Negligent Misrepresentation and Misstatement Against All Defendants on Behalf of Reckitt Ordinary Share Purchasers**

352. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed. To the extent any response is required, Defendant Thaxter incorporates herein by reference his responses to the allegations in paragraphs 1 through 351 of the Complaint.

353. Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed. To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 353 of the Complaint.

354.   Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 354 of the Complaint.

355.   Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 355 of the Complaint.

356.   Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 356 of the Complaint.

357.   Defendant Thaxter states that, pursuant to the Court's February 28, 2022 Order, Count V has been dismissed.  To the extent any response is required, Defendant Thaxter denies the allegations in Paragraph 357 of the Complaint.

### AFFIRMATIVE DEFENSES

Defendant Thaxter sets forth these affirmative defenses without admitting or assuming the burden of proof on any defenses where the substantive law provides otherwise. Defendant Thaxter reserves the right to amend or supplement these affirmative defenses based on discovery and/or in the event a class is certified to advance defenses relating to particular class members.  Defendant Thaxter does not waive any affirmative defenses and reserves the right to raise additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation.

### First Affirmative Defense

The Complaint is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiffs' claims are barred by the applicable statutes of limitations or repose.

### Third Affirmative Defense

The Complaint is barred, in whole or in part, to the extent Plaintiffs allege claims for which they lack standing under Article III of the United States Constitution.

### Fourth Affirmative Defense

The Complaint is barred, in whole or in part, to the extent Plaintiffs allege claims for which they lack antitrust standing.

### Fifth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of, ratification, acquiescence, unclean hands, and/or *in pari delicto*.

### Sixth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel.

### Seventh Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiffs' injuries or damages, to the extent any exist, which Defendant Thaxter expressly denies, were caused by independent superseding and intervening events unconnected to Defendant Thaxter and for which he cannot be held liable.

### Eighth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiffs' injuries, if any, were caused by their own action or inaction, including their failure to exercise due care and/or

recklessness, or by the conduct of third parties for whom Defendant Thaxter was not responsible. As such, Defendant Thaxter would be entitled to set-off, contribution, or indemnity from other parties, entities, or individuals, and any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to other individuals or entities.

### Ninth Affirmative Defense

Damages, if any, awarded against Defendant Thaxter must be reduced in accordance with all applicable laws and doctrines, including but not limited to contribution among settling and non-settling joint tortfeasors, contractual and common law indemnification, recovery from collateral sources, and double-recovery, including relief sought or received in other actions or from other Defendants.

### Tenth Affirmative Defense

The Complaint is barred, in whole or in part, as to Defendant Thaxter because Plaintiffs had actual or constructive notice or knowledge of the alleged conduct attributed to him in the Complaint.

### Eleventh Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiffs have not suffered any injury-in-fact or damages as a result of any alleged actions by Defendant Thaxter.

### Twelfth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

### Thirteenth Affirmative Defense

The Third Amended Complaint is barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

### Fourteenth Affirmative Defense

The Third Amended Complaint is barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative and uncertain.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek relief that is duplicative of relief sought or received in other actions, or from other Defendants.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed in the public filings and other public disclosures Defendants or others.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the statutory safe harbor for forward-looking statements.

### Eighteenth Affirmative Defense

At all relevant times, Defendant Thaxter relied in good faith on information and advice provided to him by others.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

### Twenty-First Affirmative Defense

Defendant Thaxter adopts by reference any additional applicable defense pleaded by any other Defendant in this matter to the extent that Defendant Thaxter may share such defense.

59

**WHEREFORE**, Defendant Thaxter respectfully requests judgment as follows:

1.    Dismissing the Complaint on the merits and with prejudice;

2.    Entering judgment in Defendant Thaxter's favor and against Plaintiffs;

3.    Reducing any adverse judgment, if any, by all set-off, contribution, and joint-tortfeasor rules;

4.    Awarding Defendant Thaxter attorneys' fees, costs, and expenses; and

5.    Granting Defendant Thaxter such other relief as is just and proper.

Dated: New York, New York
April 13, 2022                                             **KING & SPALDING LLP**

                                        By:  */s/ Paul A. Straus*
                                             Paul A. Straus
                                             Richard T. Marooney
                                             Israel Dahan
                                             Eric A. Hirsch
                                             Alexander Noble
                                             1185 Avenue of the Americas
                                             New York, NY 10036-4003
                                             Tel: (212) 556-2100
                                             Email: pstraus@kslaw.com

                                             *Attorneys for Defendant Shaun Thaxter*

60