# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>RECKITT BENCKISER GROUP PLC, et al.,<br><br>    Defendants. | No. 1:20-cv-10041-PKC<br><br>CLASS ACTION<br><br>**ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT** |

**DEFENDANTS RECKITT BENCKISER GROUP PLC AND RAKESH KAPOOR'S
ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant Reckitt Benckiser Group PLC ("Reckitt Group"), and Rakesh Kapoor (collectively, "Reckitt Group Defendants") respectfully submit this Answer to Plaintiffs' Third Amended Class Action Complaint, filed on March 26, 2021 (ECF No. 82) (the "Complaint").

The Reckitt Group Defendants deny all allegations contained in headings, unnumbered paragraphs, and footnotes of the Complaint. Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph. Unless redefined in the Reckitt Group Defendants' Answer, capitalized terms used herein have the definitions set forth in the Complaint, but the Reckitt Group Defendants do not admit that those definitions are proper. The Court has dismissed in part the Complaint, such that certain paragraphs no longer require a response. By answering particular paragraphs herein, the Reckitt Group Defendants do not concede that such paragraphs remain operative following the dismissal. With respect to the numbered paragraphs of the Complaint, the Reckitt Group Defendants respond as follows:

**NATURE OF THE ACTION**

1.      The Reckitt Group Defendants admit that the Complaint purports to bring a securities class action. To the extent the allegations in Paragraph 1 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.      The Reckitt Group Defendants lack information regarding the allegations in the first sentence of Paragraph 2, and on that basis deny them. The Reckitt Group Defendants admit that Reckitt Benckiser Pharmaceuticals ("RBP") manufactured Suboxone tablet ("Tablet"), an opioid treatment that has helped individuals overcome addiction. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.    The Reckitt Group Defendants deny the allegations in Paragraph 3 of the Complaint.

4.    The Reckitt Group Defendants admit that Indivior was formerly known as RBP, RBP was a former wholly owned subsidiary of Reckitt Group, and Indivior was indicted in April 2019 by the U.S. Department of Justice ("DOJ" and "Indictment"). The Reckitt Group Defendants admit that in July 2019, Reckitt Group settled with the DOJ and U.S. Federal Trade Commission ("FTC") for $1.4 billion to resolve a number of investigations into RBP's former activities on the basis that Reckitt Group made *no* admission of any violation of law or any wrongdoing by it or any of its employees. The Reckitt Group Defendants admit that in July 2020, Indivior Solutions, a subsidiary of Indivior, settled with the DOJ to resolve related investigations. The Reckitt Group Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.    The Reckitt Group Defendants admit that Reckitt Group disclosed in its 2009 Annual Report that "2009 net revenue for the Group's Subutex and Suboxone prescription drug business grew. . . to £588m," "in the US, Suboxone lost the exclusivity afforded by its Orphan Drug Status on 8 October 2009," and "up to 80% of the revenue and profit of that business might be lost in the year following the launch of generic competitors," but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.    The Reckitt Group Defendants admit Film was an individually packaged and barcoded dissolvable film, whereas Tablet was a dissolvable tablet, and that because of these different dosage forms, pharmacists could not legally substitute Tablet for Film, but deny any further characterizations of Film and Tablet in Paragraph 6 of the Complaint. The Reckitt Group Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      The Reckitt Group Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      The Reckitt Group Defendants admit that on October 5, 2009, RBP sent a letter to the FDA asking whether it agreed that Film increased pediatric safety and was less subject to diversion, and that the FDA responded on March 29, 2010.  The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment, which includes the quoted text, but deny any characterization of the Indictment, which speaks for itself and deny the allegations in Paragraph 8 that purport to characterize that quoted text or that it represents the complete email. The Reckitt Group Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.      The Reckitt Group Defendants admit that on March 29, 2010, the FDA stated, in part, that it could not comment on diversion and did not agree RBP had shown that Film had a greater pediatric safety profile based on the "data [] provided," but deny that this constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 9, and on that basis deny them. The Reckitt Group Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.     The Reckitt Group Defendants admit that between October 5, 2009, and March 29, 2010, Reckitt Group's former Chief Executive Officer ("CEO"), Bart Becht, and Chief Financial Officer ("CFO"), Colin Day, sold shares of Reckitt Group stock.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 10 of the Complaint, including but not limited to insofar as the allegations could be read to suggest any connection between the transactions and FDA correspondence.

11.    The Reckitt Group Defendants deny the allegations in Paragraph 11 of the Complaint.

12.    The Reckitt Group Defendants admit that in a letter dated September 18, 2012, Reckitt Group notified the FDA that Tablet was being discontinued, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.    The Reckitt Group Defendants admit that on September 25, 2012, RBP submitted a Citizen Petition to the FDA asserting safety concerns with Tablet, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.    The Reckitt Group Defendants admit that between 2010 and 2014, RBP received $2.9 billion in revenues from sales of Film.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    The Reckitt Group Defendants admit that in 2011, the U.S. Attorney for the District of New Jersey Reckitt Group subpoenaed RBP, that in 2012, the FTC and Attorney General of New York commenced regulatory investigations into Reckitt Group, RBP, and other Reckitt Group Entities concerning Suboxone Film, and that in December 2013, the U.S. Attorney for the Western District of Virginia executed a search warrant on RBP's Richmond headquarters and employees' homes.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.    The Reckitt Group Defendants admit that on July 28, 2014, Reckitt Group issued a press release regarding the proposed demerger of the RBP business, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants admit Indivior PLC and

Reckitt Group entered into a Demerger Agreement on December 23, 2014, that explained the terms of the demerger, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. The Reckitt Group Defendants deny the allegations in Paragraph 17 of the Complaint.

18. The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior PLC and Indivior Inc., but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19. The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment, which includes the quoted text, but deny any characterization of the Indictment, which speaks for itself, and deny the allegations in Paragraph 19 that purport to characterize that quoted text or that it represents the complete emails. The Reckitt Group Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. The Reckitt Group Defendants admit that on July 11, 2019, the DOJ announced Reckitt Group settled with the DOJ and FTC, but deny any characterizations of that announcement or settlement terms, which speak for themselves. The Reckitt Group Defendants admit that on July 11, 2019, the FTC filed a complaint against Reckitt Group, but deny any characterizations of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. The Reckitt Group Defendants admit on or about June 29, 2020, Defendant Shaun Thaxter signed a plea agreement, but deny any characterization of the document, which speaks for itself. The Reckitt Group Defendants admit that Thaxter resigned as CEO and Director of Indivior.

The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.    The Reckitt Group Defendants admit that on July 24, 2020, Indivior Solutions filed a plea agreement, but deny any characterization of the document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.    The Reckitt Group Defendants admit on August 31, 2020, Baxter filed a plea agreement, but deny any characterization of the document, which speaks for itself.   The Reckitt Group Defendants admit that Baxter was sentenced, the details of which were memorialized in a judgement imposed on December 17, 2020, and deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.    The Reckitt Group Defendants admit settlements were reached in a number of Suboxone-related regulatory investigations, but deny any characterization of those documents, which speak for themselves.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.    The Reckitt Group Defendants deny the allegations in Paragraph 25 of the Complaint.

## JURISDICTION AND VENUE

26.    The allegations in Paragraph 26 of the Complaint state legal conclusions, so no answer is required.

27.    To the extent the allegations in Paragraph 27 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit that the

Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, but deny the allegations in Paragraph 27 of the Complaint to the extent they suggest that such claims are adequately alleged or otherwise meritorious. The Reckitt Group Defendants admit that the Court has subject matter jurisdiction over the Exchange Act claims under Section 27 of the Exchange Act, 15 U.S.C. §78aa.

28. The allegations in Paragraph 28 of the Complaint state legal conclusions and relate to claims that have been dismissed by the Court, so no answer is required.

29. The allegations in Paragraph 29 of the Complaint state legal conclusions and relate to claims that have been dismissed by the Court, so no answer is required.

30. The allegations in Paragraph 30 of the Complaint state legal conclusions and relate to claims that have been dismissed by the Court, so no answer is required.

31. To the extent the allegations in Paragraph 31 of the Complaint state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 31 of the Complaint.

**THE PARTIES**

32. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint, and on that basis deny them.

33. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint, and on that basis deny them.

34. The Reckitt Group Defendants admit that WCM Investment Management ("WCM") and/or Morgan Stanley purchased Reckitt ADSs for Sterling Heights on the Over-the-Counter ("OTC") Market using the OTC Pink trading platform and that OTC Link is an electronic

inter-dealer quotation and trading system developed by OTC Markets Group. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 of the Complaint, including all subparts, and on that basis deny them.

35.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, and on that basis deny them.

36.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint, and on that basis deny them.

37.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint, including all subparts, and on that basis deny them.

38.    To the extent the allegations in Paragraph 38 of the Complaint relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint, and on that basis deny them.

39.    The Reckitt Group Defendants admit Reckitt Benckiser Group PLC is a corporation that manufactures consumer goods with its headquarters located in the United Kingdom, and Reckitt Benckiser LLC has offices in Parsippany, New Jersey. The Reckitt Group Defendants admit Indivior, which demerged from Reckitt Group in 2014, is a corporation with a portfolio of prescription medicines that included Suboxone, with its headquarters in Richmond, Virginia. The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment, but deny any

characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 of the Complaint.

40. The Reckitt Group Defendants admit Kapoor joined Reckitt in 1987 and served in various roles, including as CEO and Director of Reckitt Group from approximately September 2011 until approximately September 2019. The Reckitt Group Defendants admit that between 2011 and 2018, Reckitt Group issued annual reports containing Kapoor's total compensation including £25.5 million in 2015 and £101 million between 2011 and 2018, but deny any characterization of those documents, which speak for themselves. The Reckitt Group Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40 of the Complaint, and on that basis deny them.

41. To the extent the allegations in Paragraph 41 relate to claims against Hennah, those claims have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Hennah joined Reckitt Group in approximately January 2013 and served as CFO of Reckitt Group from approximately February 2013 until approximately October 2020. The Reckitt Group Defendants admit Hennah served as a non-executive Director of Indivior from approximately November 2014 until approximately May 2016. The Reckitt Group Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41 of the Complaint, and on that basis deny them.

42. The Reckitt Group Defendants admit Thaxter joined Reckitt & Coleman PLC, a predecessor of a Reckitt entity, in 1995. The Reckitt Group Defendants admit Thaxter was RBP's President from 2005 to 2009 and became RBP's CEO in 2009, and later served as Indivior's CEO. The Reckitt Group Defendants admit Indivior issued a press release on June 29, 2020, regarding

the appointment of a new CEO, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42 of the Complaint, and on that basis deny them.

43.     To the extent the allegations in Paragraph 41 relate to claims against Bellamy, those claims have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Bellamy was appointed Non-Executive Director of Reckitt Group and served as Chairman of the Board of Reckitt Group from 2003 to approximately May 2018.

44.     To the extent the allegations in Paragraph 44 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit that the Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, Section 90A of the FSMA, and English common law, but deny the allegations in Paragraph 44 of the Complaint to the extent they suggest that such claims are adequately alleged or otherwise meritorious. The Reckitt Group Defendants without admission will for the purposes of the answer adopt the term "Individual Defendants" and "Defendants," but to the extent that the allegations regarding the "Individual Defendants" and "Defendants" relate to Bellamy and Hennah, the claims against them have been dismissed by the Court and no answer is required. The Reckitt Group Defendants also refer to Reckitt Group and Rakesh Kapoor collectively as "Reckitt Group Defendants."

45.     To the extent that the allegations in Paragraph 45 relate to Bellamy and Hennah, the claims against them have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Thaxter, as CEO of RBP, and Kapoor, as CEO of Reckitt Group, had access to proprietary information relevant to their respective roles

and organizations, but deny the allegations in Paragraph 45 to the extent they suggest either acted inappropriately in connection with that information. The Reckitt Group Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46. To the extent the allegations in Paragraph 46 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 46 of the Complaint.

47. To the extent the allegations in Paragraph 47 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 47 of the Complaint.

## ADDITIONAL KEY NON-PARTIES

48. The Reckitt Group Defendants admit that in December 2014, RBP "demerged" from Reckitt Group and RBP became a standalone public company named Indivior PLC. The Reckitt Group Defendants admit Indivior Inc. is a Delaware corporation headquartered in Richmond, Virginia with a portfolio of prescription medicines that includes Suboxone and Subutex, which contain the opioid buprenorphine. The Reckitt Group Defendants admit that, until December 23, 2014, RBP was a former wholly owned subsidiary of Reckitt Group. The Reckitt Group Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49. The Reckitt Group Defendants admit Reckitt Benckiser Pharmaceuticals Solutions Inc. was a division of RBP, which became an RBP subsidiary in approximately September 2013. The Reckitt Group Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint, and on that basis deny them.

50. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint, and on that basis deny them.

51. The Reckitt Group Defendants admit that Becht was CEO of Reckitt Group from 1995 until approximately August 2011.

52. The Reckitt Group Defendants admit that Day was CFO of Reckitt Group from 2000 until approximately March 2011.

53. The Reckitt Group Defendants admit that Doherty was CFO of Reckitt Group from approximately April 2011 until approximately March 2013.

54. The Reckitt Group Defendants admit Baxter was RBP's Global Medical Director from 2000 until approximately December 2014. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54 of the Complaint, and on that basis deny them.

## SECURITIES AT ISSUE

55. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint and on that basis deny them.

### A.   Reckitt Ordinary Shares

56. The Reckitt Group Defendants admit Reckitt Group's ordinary shares are publicly traded on the London Stock Exchange under the ticker symbol "RB."

### B.   Reckitt ADSs

57. The Reckitt Group Defendants admit Reckitt Group's ADSs are publicly traded on the U.S. OTC Market under the ticker symbol "RBGLY." The Reckitt Group Defendants admit Reckitt Group sponsors its ADSs and that five sponsored ADSs represent one ordinary share.

### (i)      Nature of an ADS

58.      The Reckitt Group Defendants admit the existence of a bulletin titled, "Investor Bulletin: American Depository Receipts" dated August 2012, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 of the Complaint, and on that basis deny them.

59.      The Reckitt Group Defendants admit Reckitt Group ADSs are sold in the United States pursuant to regulations adopted by the SEC, including SEC Rule 12g3-2(b), 17 C.F.C. §240.12g3-2(b).

60.      The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint, and on that basis deny them.

61.      The Reckitt Group Defendants admit the existence of a bulletin titled, "Investor Bulletin: American Depository Receipts" dated August 2012, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61 of the Complaint, and on that basis deny them.

62.      The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint, and on that basis deny them.

63.      The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint, and on that basis deny them.

### (ii)      Reckitt Sponsors Its ADSs

64.     The Reckitt Group Defendants admit Reckitt Group sponsors its ADSs pursuant to a contract signed by Reckitt Group and the depositary bank.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64 of the Complaint, and on that basis deny them.

65.     The Reckitt Group Defendants admit the existence of an "Investors" section of Reckitt Group's website, which includes the quoted text, but deny any characterization of that webpage, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.     The Reckitt Group Defendants admit the existence of an "Investors" section of Reckitt Group's website, which includes the quoted text, but deny any characterization of that webpage, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67.     The Reckitt Group Defendants admit Reckitt Group has a Deposit Agreement, which includes the quoted text, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

**(iii)    The OTC Market**

68.     The Reckitt Group Defendants admit Reckitt Group ADSs trade on the OTC Pink market, which is part of the OTC Market.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68 of the Complaint, and on that basis deny them.

69.     The Reckitt Group Defendants admit the OTC Market is regulated by FINRA and the SEC.

70.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint, and on that basis deny them.

71.     The Reckitt Group Defendants admit the SEC maintains a website, which includes the quoted text, but deny any characterizations of that website, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71 of the Complaint, and on that basis deny them.

72.     The Reckitt Group Defendants admit the existence of an OTC Markets Group 2014 annual report dated March 4, 2015, but deny any characterization of that document, which speaks for itself.

73.     The Reckitt Group Defendants admit the existence of the OTC Market Group's website, but deny any characterizations of that website, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73 of the Complaint, and on that basis deny them.

74.     The Reckitt Group Defendants admit the existence of the OTC Market Group's website, but deny any characterizations of that website, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 74 of the Complaint, and on that basis deny them.

75.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint, and on that basis deny them.

76.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint, and on that basis deny them.

77.     The Reckitt Group Defendants admit the existence of an OTC Link company profile posted by Bloomberg, but deny any characterizations of that profile, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77 of the Complaint, and on that basis deny them.

78.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint, and on that basis deny them.

79.     The Reckitt Group Defendants admit the existence of the OTC Market Group's website, which includes the quoted text, but deny any characterizations of that website, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79 of the Complaint, and on that basis deny them.

80.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 of the Complaint, and on that basis deny them.

81.     The Reckitt Group Defendants admit the existence of the OTC Market Group's fiscal-year 2013, 2014, and 2015 annual reports, but deny any characterizations of those documents, which speak for themselves. The Reckitt Group Defendants lack information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81 of the Complaint, and on that basis deny them.

82.    The Reckitt Group Defendants admit JPMorgan is the depositary bank for Reckitt Group ADSs.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 of the Complaint, and on that basis deny them.

83.    To the extent the allegations in Paragraph 83 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 83 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

### A.    Generic Drugs and Substitution

84.    To the extent the allegations in Paragraph 84 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit the Federal Food, Drug, and Cosmetic Act and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 generally define applicable procedures intended to facilitate competition from lower priced generic drugs, while incentivizing companies to develop new drugs, but deny any characterization of those standards, which speak for themselves.  The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84 of the Complaint, and on that basis deny them.

85.    The Reckitt Group Defendants admit the allegations in Paragraph 85 of the Complaint.

86.    To the extent the allegations in Paragraph 86 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit the allegations in Paragraph 86 of the Complaint.

87.    The Reckitt Group Defendants admit the in Paragraph 87 of the Complaint.

88.    The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Complaint, and on that basis deny them.

89.    The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Complaint, and on that basis deny them.

**B.    Background on Reckitt and Suboxone**

90.    The Reckitt Group Defendants admit that until December 2014, RBP was a pharmaceutical subsidiary of Reckitt Group.  The Reckitt Group Defendants admit that between 2010 and 2014, Reckitt Group issued annual reports accurately reporting certain financial results relating to RBP and its products, which included at various times Film and Tablet, but deny any characterizations of those documents, which speak for themselves.  The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 of the Complaint, and on that basis deny them.

91.    The Reckitt Group Defendants admit that Exhibit D purports to show RBP and Indivior's net revenue from 2006 through 2019, without admitting the accuracy of the statements contained therein.  The Reckitt Group Defendants admit that between 2006 and 2014, Reckitt Group issued annual reports accurately reporting certain financial results relating to RBP and Suboxone, but deny any characterizations of those documents, which speak for themselves.  The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91 of the Complaint, and on that basis deny them.

- 18 -

92.     The Reckitt Group Defendants admit the allegations in Paragraph 92 of the Complaint.

93.     The Reckitt Group Defendants admit that on October 8, 2002, RBP received an FDA approval letter approving Suboxone Tablet and Subutex Tablet, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants admit the Subutex Tablet shared some properties with the Suboxone Tablet and that the Subutex Tablet did not include naloxone.  The Reckitt Group Defendants admit the Subutex Tablet was intended for certain patient populations, including those hypersensitive to naloxone.

94.     The Reckitt Group Defendants admit that on May 5, 1993, Reckitt & Coleman Pharmaceuticals, Inc., a predecessor of RBP, submitted an orphan drug application to the FDA, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on October 8, 2002, RBP received an FDA approval letter approving Suboxone Tablet and Subutex Tablet while recognizing orphan-drug exclusivity for Suboxone and Subutex from October 8, 2002 until October 8, 2009 under the Orphan Drug Act, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants admit to the existence of Orphan Drug Act and that it defines a "rare disease or condition" with the quoted text, but deny any characterization of that Act, which speaks for itself.  The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94 of the Complaint, and on that basis deny them.

95.     The Reckitt Group Defendants admit that on October 8, 2002, RBP received an FDA approval letter approving Suboxone Tablet and Subutex Tablet and their exclusivity, but

- 19 -

deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95 of the Complaint, and on that basis deny them.

96.     The Reckitt Group Defendants admit that Reckitt Group issued a 2009 Annual Report, which stated RBP's Suboxone business generated net revenue of £502m, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit to the existence of ANDAs seeking to sell generic Suboxone Tablets. The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96 of the Complaint, and on that basis deny them.

**C.     Reckitt Developed Suboxone Film to Thwart Competition from Generic Alternatives to Suboxone Tablets**

97.     The Reckitt Group Defendants admit that RBP began developing Film in 2006. The Reckitt Group Defendants deny the remaining allegations in Paragraph 97 of the Complaint.

98.     The Reckitt Group Defendants admit between 2006 and 2014, Reckitt Group published annual reports, but deny any characterization of those documents, which speak for themselves. The Reckitt Group Defendants deny the remaining allegations in Paragraph 98 of the Complaint.

99.     The Reckitt Group Defendants admit Film and Tablet share active ingredients. The Reckitt Group Defendants deny the remaining allegations in Paragraph 99 of the Complaint.

100.    The Reckitt Group Defendants admit Film was an individually packaged and barcoded dissolvable film, whereas Tablet was a dissolvable tablet, and that because of these different dosage forms, pharmacists could not legally substitute Tablet for Film. The Reckitt Group Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    The Reckitt Group Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    The Reckitt Group Defendants admit that on October 20, 2008, RBP filed an NDA for Film, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on October 5, 2009, RBP sent a letter to the FDA asking whether it agreed that Film increased pediatric safety and was less subject to diversion, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on March 29, 2010, the FDA stated, in part, that it could not comment on diversion and did not agree RBP had shown that Film had a greater pediatric safety profile based on the "data [] provided," but deny that this constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103.    The Reckitt Group Defendants admit that on August 30, 2010, RBP received a letter from the FDA approving its October 20, 2008 NDA, but deny any further characterization of the document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 103 of the Complaint.

104.    The Reckitt Group Defendants admit the existence of a 2009 publication on the pharmaceutical industry by the European Commission, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 104 of the Complaint.

105.    The Reckitt Group Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    The Reckitt Group Defendants admit the existence of Thaxter's 2006 self-assessment, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 106 of the Complaint.

107.    The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that on November 25, 2020, the United States Attorney's Office for the Western District of Virginia and the DOJ Consumer Protection Branch filed sentencing materials for Baxter's strict liability misdemeanor, but deny any characterization of those documents, which speak for themselves. The Reckitt Group Defendants deny the remaining allegations in Paragraph 107 of the Complaint.

108.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 108 of the Complaint, and on that basis deny them.

109.    The Reckitt Group Defendants admit that during Baxter's sentencing hearing on December 17, 2020, the U.S. Attorney for the Western District of Virginia entered into the record sentencing hearing exhibits, including Baxter's handwritten notes dated February 9, 2007, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 109 of the Complaint.

110.    The Reckitt Group Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    The Reckitt Group Defendants admit Film and Tablet share active ingredients, contained buprenorphine and naloxone, and were taken under the tongue. The Reckitt Group Defendants admit Film and Tablet's delivery systems were different. The Reckitt Group Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    The Reckitt Group Defendants admit that on October 20, 2008, RBP filed an NDA for Film, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on August 30, 2010, RBP received a letter from the FDA approving its October 20, 2008 NDA, but deny any further characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to where Indivior markets Film and where Film is approved for sale.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 113 of the Complaint.

114.    The Reckitt Group Defendants admit Film was an individually packaged and barcoded dissolvable film, whereas Tablet was a dissolvable tablet, and that because of these different dosage forms, pharmacists could not legally substitute Tablet for Film.  The Reckitt Group Defendants admit that Film is patent-protected until 2023.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 114 of the Complaint.

115.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as the allegations in Paragraph 115 of the Complaint, and on that basis deny them.

116.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as the allegations in Paragraph 116 of the Complaint, and on that basis deny them.

117.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as the allegations in Paragraph 117 of the Complaint, and on that basis deny them.

118.    The Reckitt Group Defendants admit that on August 21, 2009, RBP received a Complete Response Letter for its NDA for Suboxone Film, but deny any characterization of that

document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 118 of the Complaint, and on that basis deny them.

119. To the extent the allegations in Paragraph 119 of the Complaint relate to Bellamy and Hennah, the claims against them have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that on October 5, 2009, RBP sent a letter to the FDA asking whether it agreed that Film increased pediatric safety and was less subject to diversion, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 119 of the Complaint, and on that basis deny them.

120. The Reckitt Group Defendants admit that on October 5, 2009, RBP sent a letter to the FDA and that the FDA responded on March 29, 2010, but deny any characterization of those documents, which speak for themselves, and deny that the March 29 response constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants admit that between October 5, 2009, and March 29, 2010, Reckitt Group's former CEO Becht and CFO Day sold shares of Reckitt Group stock. The Reckitt Group Defendants deny the remaining allegations in Paragraph 120 of the Complaint, including but not limited to insofar as the allegations could be read to suggest any connection between the transactions and FDA correspondence.

121.    The Reckitt Group Defendants admit that on November 24, 2009, RBP submitted an NDA for Suboxone Film to the FDA, but deny any characterization of that document, which speaks for itself.

122.    The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 122 of the Complaint, and on that basis deny them.

**D.    Defendants Knew that Suboxone Film Was Not Safer than Suboxone Tablets, and Could Even Be More Dangerous**

123.    The Reckitt Group Defendants admit that on October 5, 2009, RBP sent a letter to the FDA asking whether it agreed that Film increased pediatric safety and was less subject to diversion, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on March 29, 2010, the FDA stated, in part, that it could not comment on diversion and did not agree RBP had shown that Film had a greater pediatric safety profile based on the "data [] provided," but deny that this constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 123 of the Complaint.

124.    The Reckitt Group Defendants admit that on March 29, 2010, the FDA stated, in part, that it could not comment on diversion and did not agree RBP had shown that Film had a greater pediatric safety profile based on the "data [] provided," but deny that this constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to what Prosecutors found, and deny the remaining allegations in Paragraph 124 of the Complaint.

- 25 -

125.     The Reckitt Group Defendants admit that between October 5, 2009, and March 29, 2010, Reckitt Group's former CEO Becht and CFO Day sold shares of Reckitt Group stock.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 125 of the Complaint, including but not limited to insofar as the allegations could be read to suggest any connection between the transactions and FDA correspondence.

126.     The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of conversations between RBP executives and RBP managers.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 126 of the Complaint.

127.     The Reckitt Group Defendants admit on August 30, 2010, the FDA approved Film and stated in part that Film had "no major safety concerns," and that "the unit-dose packaging is likely to be an effective deterrent to accidental pediatric exposure," but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as the allegations in Paragraph 128 of the Complaint, and on that basis deny them.

129.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to RBP's sales incentives.  The Reckitt Group Defendants admit the DOJ and Indivior reached a settlement on July 24, 2020, but deny any characterization of that document, which

speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 129 of the Complaint.

**E.    Defendants Misled Healthcare Providers Regarding the Safety of Suboxone Film**

130.    The Reckitt Group Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    The Reckitt Group Defendants admit Thaxter was RBP's CEO in 2010.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the actions of RBP executives in 2010 and as to what Thaxter was "generally aware" of in 2010, and deny the remaining allegations in Paragraph 131 of the Complaint.

132.    The Reckitt Group Defendants admit the existence of a September 6, 2010 email with this text, but deny the allegations in Paragraph 132 that purport to characterize that text or that it represents the complete email. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 132 of the Complaint, and on that basis deny them.

133.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint, and on that basis deny them.

134.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Complaint, and on that basis deny them.

135.    The Reckitt Group Defendants admit the existence of an October 25, 2010 email with this text, but deny the allegations in Paragraph 135 that purport to characterize that text or that it represents the complete email. The Reckitt Group Defendants lack information or

knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 135 of the Complaint, and on that basis deny them.

136. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Complaint, and on that basis deny them.

137. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Complaint, and on that basis deny them.

138. The Reckitt Group Defendants admit that on March 11, 2011, Reckitt Group issued a 2010 Annual Report, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 138 of the Complaint.

139. The Reckitt Group Defendants admit that on April 13, 2011, Reckitt Group released a corporate newsletter, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 139 of the Complaint, and on that basis deny them.

140. The Reckitt Group Defendants admit the Reckitt Group gave a July 2012 investor presentation, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 140 of the Complaint, and on that basis deny them.

141. The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge to form a

- 28 -

belief as to the truth or falsity of the remaining allegations in Paragraph 141 of the Complaint, and on that basis deny them.

142.    To the extent the allegations in Paragraph 142 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142 of the Complaint, and on that basis deny them.

143.    To the extent the allegations in Paragraph 143 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 143 of the Complaint, and on that basis deny them.

144.    The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 144 of the Complaint, and on that basis deny them.

145.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Complaint, and on that basis deny them.

146.    The Reckitt Group Defendants deny the allegations in Paragraph 146 of the Complaint.

**F.    Defendants Engaged in a Fraudulent Scheme to Delay the FDA's Approval of Generic Versions of Suboxone Tablet**

147.    The Reckitt Group Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    The Reckitt Group Defendants admit the existence of a June 21, 2012 email with this text, but deny the allegations in Paragraph 148 that purport to characterize that text or that it represents the complete email. The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 148 of the Complaint, and on that basis deny them.

149.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint, and on that basis deny them.

150.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Complaint, and on that basis deny them.

151.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Complaint, and on that basis deny them.

152.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Complaint, and on that basis deny them.

153.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Complaint, and on that basis deny them.

154.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Complaint, including all subparts, and on that basis deny them.

155.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Complaint, and on that basis deny them.

156.    The Reckitt Group Defendants admit RBP sent a September 18, 2012 "Notice of Discontinuance" of Suboxone Tablet to the FDA, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 156 of the Complaint.

157.    The Reckitt Group Defendants admit that on September 25, 2012, RBP submitted a Citizen Petition to the FDA asserting safety concerns with Tablet, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 157 of the Complaint.

158.    The Reckitt Group Defendants admit that on September 25, 2012, RBP submitted a Citizen Petition to the FDA asserting safety concerns with Tablet, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 158 of the Complaint.

159.    The Reckitt Group Defendants admit that on September 25, 2012, RBP submitted a Citizen Petition to the FDA asserting safety concerns with Tablet, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 159 of the Complaint.

160.    The Reckitt Group Defendants admit Reckitt Group issued a September 25, 2012 press release regarding the discontinuance of Tablet, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 160 of the Complaint.

161.    The Reckitt Group Defendants deny the first sentence of Paragraph 161.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 161 of the Complaint, and on that basis deny them.

162.    The Reckitt Group Defendants admit the existence of a December 4, 2012 email with this text, but deny the allegations in Paragraph 162 that purport to characterize that text or that it represents the complete email.    The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 162 of the Complaint, and on that basis deny them.

163.    The Reckitt Group Defendants admit Reckitt Group held a call on February 13, 2013, but deny any characterizations of that call, which speaks for itself.    The Reckitt Group Defendants deny the remaining allegations in Paragraph 163 of the Complaint.

164.    The Reckitt Group Defendants admit that the FDA sent a letter addressed to Baxter on February 22, 2013, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165.    The Reckitt Group Defendants admit that from July 28, 2014 through the demerger in December 2014, RBP sold Tablet in Europe and Australia.  The Reckitt Group Defendants lack information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 165 of the Complaint, and on that basis deny them.

166.    The Reckitt Group Defendants admit that the FDA sent a letter addressed to Baxter on February 22, 2013, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants deny the remaining allegations in Paragraph 166 of the Complaint.

167.    The Reckitt Group Defendants admit that the FDA sent a letter addressed to Baxter on February 22, 2013, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants admit that on July 24, 2020, the FTC announced Indivior Inc., a parent company of Indivior, settled with the FTC, but deny any characterizations of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 167 of the Complaint.

168.    The Reckitt Group Defendants admit that on September 25, 2012, RBP submitted a Citizen Petition to the FDA asserting safety concerns with Tablet, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on October 8, 2002, RBP received a letter from the FDA approving Suboxone Tablet and Subutex Tablet, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 168 of the Complaint.

169.    The Reckitt Group Defendants admit that the FDA sent a letter addressed to Baxter on February 22, 2013, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants admit that Reckitt Group published a 2012 Annual Report on March 27, 2013, and that Reckitt Group published a 2013 Annual Report on April 3, 2014, but deny any characterizations of those documents, which speak for themselves.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 169 of the Complaint.

G.      **Defendants Misled Medicaid Administrators Concerning the Safety of Suboxone Film**

170.    To the extent the allegations in Paragraph 170 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit that on April

9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit the existence of a May 30, 2011 article in Alcoholism & Drug Abuse Weekly, News for Policy and Program Decision-makers, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 170 of the Complaint.

171.    The Reckitt Group Defendants admit that on or about June 29, 2020, Thaxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that on August 31, 2020, Baxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that on July 24, 2020, Indivior Solutions pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 171 of the Complaint.

172.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 of the Complaint, and on that basis deny them.

173.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 of the Complaint, and on that basis deny them.

174.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Complaint, and on that basis deny them.

175. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 of the Complaint, and on that basis deny them.

176. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 of the Complaint, and on that basis deny them.

177. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 of the Complaint, and on that basis deny them.

178. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 of the Complaint, and on that basis deny them.

179. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 of the Complaint, and on that basis deny them.

180. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 of the Complaint, and on that basis deny them.

181. The Reckitt Group Defendants admit the existence of an October 16, 2012 email, but deny the allegations in Paragraph 181 that purport to characterize that text or that it represents the complete email. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 181 of the Complaint, and on that basis deny them.

182.    The Reckitt Group Defendants admit the existence of an October 16, 2012 email with this text, but deny the allegations in Paragraph 182 that purport to characterize that text or that it represents the complete email.   The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 182 of the Complaint, and on that basis deny them.

183.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 of the Complaint, and on that basis deny them.

184.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Complaint, and on that basis deny them.

185.    The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 185 of the Complaint, and on that basis deny them.

186.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Complaint, and on that basis deny them.

187.    To the extent the allegations in Paragraph 187 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 of the Complaint, and on that basis deny them.

188.    The Reckitt Group Defendants admit that on or about June 29, 2020, Thaxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on August 31, 2020, Baxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on July 24, 2020, Indivior Solutions pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself.    The Reckitt Group Defendants deny the remaining allegations in Paragraph 188 of the Complaint.

189.    The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 189 of the Complaint, and on that basis deny them.

190.    The Reckitt Group Defendants deny any "nefarious conspiracy to coerce."  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 190 of the Complaint, and on that basis deny them.

191.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 191 of the Complaint, and on that basis deny them.

192.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192 of the Complaint, and on that basis deny them.

193.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193 of the Complaint, and on that basis deny them.

194.    The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 194 of the Complaint, and on that basis deny them.

195.    The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195 of the Complaint, and on that basis deny them.

196.    The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 196 of the Complaint, and on that basis deny them.

197.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 197 of the Complaint, and on that basis deny them.

**H.     Defendants Marketed Suboxone Film to Doctors Whom They Knew Were Illegally Prescribing It in Order to Switch Patients to Film Prior to Introduction of Generic Tablets**

198.     To the extent the allegations in Paragraph 198 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the actions of RBP, its executives, employees, agents, and salespeople from April 9, 2009, through April 9, 2019.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 198 of the Complaint.

199.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 199 of the Complaint, and on that basis deny them.

200.     The Reckitt Group Defendants admit the existence of an April 2009 email with this text, but deny the allegations in Paragraph 200 that purport to characterize that text or that it represents the complete email.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 200 of the Complaint, and on that basis deny them.

201.     The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 201 of the Complaint, and on that basis deny them.

202.     The Reckitt Group Defendants deny the first sentence of Paragraph 202.  The Reckitt Group Defendants admit the existence of an April 8, 2010 email with this text, but deny the allegations in Paragraph 202 that purport to characterize that text or that it represents the complete email.  The Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient

to form a belief as to the truth or falsity of the remaining allegations in Paragraph 202 of the Complaint, and on that basis deny them.

203.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 203 of the Complaint, and on that basis deny them.

## I.    Defendants Promoted Suboxone Film Using False and Misleading Marketing Materials

204.    To the extent the allegations in Paragraph 204 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 204 of the Complaint.

205.    The Reckitt Group Defendants admit that on or about June 29, 2020, Thaxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit that on August 31, 2020, Baxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 205 of the Complaint.

206.    The Reckitt Group Defendants deny the allegations in Paragraph 206 of the Complaint.

## J.    Suboxone Film Was Exceptionally Lucrative to Reckitt

207.    The Reckitt Group Defendants deny any "scheme to fraudulently inflate sales of Suboxone." The Reckitt Group lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 207 of the Complaint, and on that basis deny them.

208. The Reckitt Group Defendants admit that between 2010 and 2014, RBP received $2.9 billion in revenues from sales of Film as follows: $83,328,721 in 2010, $400,615,412 in 2011, $666,695,781 in 2012, $887,469,559 in 2013, and $843,047,500 in 2014. The Reckitt Group lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 208 of the Complaint, and on that basis deny them.

209. The Reckitt Group Defendants admit that between 2010 and 2014, Medicaid payments for Film were about $1 billion and Medicare payments for Film were about $279 million, as follows: in $7,136,000 in 2010, $108,079,000 in 2011, $211,294,000 in 2012, $326,666,000 in 2013, and $386,685,000 in 2014. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 209 of the Complaint, and on that basis deny them.

210. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 210 of the Complaint, and on that basis deny them.

211. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 211 of the Complaint, and on that basis deny them.

212. The Reckitt Group Defendants admit the existence of an August 5, 2013 email with this text, but deny the allegations in Paragraph 212 that purport to characterize that text or that it represents the complete email. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 212 of the Complaint, and on that basis deny them.

213.    The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 213 of the Complaint, and on that basis deny them.

**K.    Reckitt Demerged RBP to Rid Itself of Suboxone Liabilities**

214.    The Reckitt Group Defendants admit that in December 2014, Reckitt Group and RBP "demerged" and RBP became a standalone public company named Indivior PLC.  The Reckitt Group Defendants admit Indivior PLC and Reckitt Group entered into a Demerger Agreement on December 23, 2014, that explained the terms of the demerger, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 214 of the Complaint.

215.    The Reckitt Group Defendants admit that on July 28, 2014, Reckitt Group issued a press release regarding the proposed demerger of the RBP business, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit shareholders voted in favor of the demerger at a December 11, 2014 General Meeting but deny any characterization of those minutes, which speak for themselves.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 215 of the Complaint.

216.    The Reckitt Group Defendants admit Indivior PLC and Reckitt Group entered into a Demerger Agreement on December 23, 2014, that explained the terms of the demerger, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 216 of the Complaint.

217.    The Reckitt Group Defendants admit Indivior PLC and Reckitt Group entered into a Demerger Agreement on December 23, 2014, that explained the terms of the demerger, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 217 of the Complaint.

218.    The Reckitt Group Defendants admit Indivior PLC and Reckitt Group entered into a Demerger Agreement on December 23, 2014, that explained the terms of the demerger, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 218 of the Complaint.

219.    The Reckitt Group Defendants admit on November 2013, 2020, Reckitt Group filed a claim in the Commercial Court, High Court of Justice of England and Wales, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 219 of the Complaint.

220.    The Reckitt Group Defendants deny the allegations in Paragraph 220 of the Complaint.

### DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS MADE DURING THE CLASS PERIOD

221.    To the extent the allegations in Paragraph 221 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 221 of the Complaint.

**A.    The July 28, 2014 Press Release and Conference Call**

222.    To the extent the allegations in Paragraph 222 relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants admit that the Complaints purports to cover a class period that begins on July 28, 2014.  The Reckitt Group Defendants admit Reckitt Group issued a press release on July 28, 2014, but deny any characterization of that document, which speaks for itself.   The Reckitt Group Defendants deny the remaining allegations in Paragraph 222 of the Complaint.

223.    To the extent the allegations in Paragraph 223 relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt

Group Defendants admit Reckitt Group issued a press release on July 28, 2014, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 223 of the Complaint.

224. To the extent the allegations in Paragraph 224 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 224 of the Complaint.

225. To the extent the allegations in Paragraph 225 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on July 28, 2014, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 225 of the Complaint.

226. To the extent the allegations in Paragraph 226 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 226 of the Complaint.

227. To the extent the allegations in Paragraph 227 relate to claims against Hennah, Bellamy, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on July 28, 2014, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 227 of the Complaint.

228. To the extent the allegations in Paragraph 228 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but

- 44 -

deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 228 of the Complaint.

229. To the extent the allegations in Paragraph 229 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 229 of the Complaint.

230. The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 230 of the Complaint.

231. To the extent the allegations in Paragraph 231 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 231 of the Complaint.

232. To the extent the allegations in Paragraph 232 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 232 of the Complaint.

233. To the extent the allegations in Paragraph 233 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 233 of the Complaint.

234. To the extent the allegations in Paragraph 234 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization

of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 234 of the Complaint.

235. The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 235 of the Complaint.

236. To the extent the allegations in Paragraph 236 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 236 of the Complaint.

237. The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 237 of the Complaint.

238. To the extent the allegations in Paragraph 238 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 238 of the Complaint.

239. The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 239 of the Complaint.

240. To the extent the allegations in Paragraph 240 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 240 of the Complaint.

241. The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 241 of the Complaint.

242.    To the extent the allegations in Paragraph 242 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 242 of the Complaint.

243.    To the extent the allegations in Paragraph 243 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 243 of the Complaint.

244.    To the extent the allegations in Paragraph 244 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 244 of the Complaint.

245.    To the extent the allegations in Paragraph 245 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 245 of the Complaint.

246.    To the extent the allegations in Paragraph 246 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 246 of the Complaint.

247.    To the extent the allegations in Paragraph 247 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization

of that call, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 247 of the Complaint.

248.    The Reckitt Group Defendants admit Reckitt Group held a call on July 28, 2014, but deny any characterization of that call, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 248 of the Complaint.

249.    To the extent the allegations in Paragraph 249 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 249 of the Complaint.

**B.      The October 21, 2014 Press Release and Conference Call**

250.    To the extent that the allegations in Paragraph 250 relate to Bellamy and Hennah, the claims against them have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on October 21, 2014, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 250 of the Complaint.

251.    The Reckitt Group Defendants deny the allegations in Paragraph 251 of the Complaint.

252.    To the extent the allegations in Paragraph 252 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on October 21, 2014, but deny any characterization of that call, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 252 of the Complaint.

253.    To the extent the allegations in Paragraph 253 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required.  To the extent an answer

is required, the Reckitt Group Defendants deny the remaining allegations in Paragraph 253 of the Complaint.

254. To the extent the allegations in Paragraph 254 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on October 21, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 254 of the Complaint.

255. To the extent the allegations in Paragraph 255 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the remaining allegations in Paragraph 255 of the Complaint.

256. To the extent the allegations in Paragraph 256 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group held a call on October 21, 2014, but deny any characterization of that call, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 256 of the Complaint.

257. To the extent the allegations in Paragraph 257 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the remaining allegations in Paragraph 257 of the Complaint.

258. To the extent the allegations in Paragraph 258 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the remaining allegations in Paragraph 258 of the Complaint.

## C.      The November 17, 2014 Demerger Release

259.    To the extent the allegations in Paragraph 259 relate to claims against Hennah, Bellamy, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on November 17, 2014, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 259 of the Complaint.

260.    To the extent the allegations in Paragraph 260 relate to claims against Hennah, Bellamy, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 260 of the Complaint.

261.    To the extent the allegations in Paragraph 261 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on November 17, 2014, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 261 of the Complaint.

262.    To the extent the allegations in Paragraph 262 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 262 of the Complaint.

## D.      The February 11, 2015 Press Release and Conference Call

263.    To the extent the allegations in Paragraph 263 relate to claims against Hennah, Bellamy, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on February 11, 2015, but deny any characterization of that document, which speaks for

itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 263 of the Complaint.

264. To the extent the allegations in Paragraph 264 relate to claims against Hennah, Bellamy, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on February 11, 2015, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 264 of the Complaint.

265. To the extent the allegations in Paragraph 265 relate to claims against Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued a press release on February 11, 2015, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 265 of the Complaint.

**E.      The 2014 Annual Report Released on March 19, 2015**

266. To the extent the allegations in Paragraph 266 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued an Annual Report on March 19, 2015, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 266 of the Complaint.

267. To the extent the allegations in Paragraph 267 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued an Annual Report on March 19, 2015, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 267 of the Complaint.

268.    To the extent the allegations in Paragraph 268 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued an Annual Report on March 19, 2015, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 268 of the Complaint.

269.    To the extent the allegations in Paragraph 269 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued an Annual Report on March 19, 2015, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 269 of the Complaint.

270.    To the extent the allegations in Paragraph 270 relate to claims against Bellamy, Hennah, or other claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group issued an Annual Report on March 19, 2015, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants deny the remaining allegations in Paragraph 270 of the Complaint.

271.    To the extent the allegations in Paragraph 271 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 271 of the Complaint.

272.    To the extent the allegations in Paragraph 272 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 272 of the Complaint including all subparts.

273.    To the extent the allegations in Paragraph 273 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 273 of the Complaint.

274.    To the extent the allegations in Paragraph 274 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 274 of the Complaint, and on that basis deny them

THE TRUTH BEGINS TO EMERGE

A.    **Reckitt Stuns Investors by Reporting Hundreds of Millions in Charges in Connection with Suboxone and the DOJ Investigation**

275.    The Reckitt Group Defendants admit that on July 24, 2017, Reckitt Group announced its financial results for the second quarter of 2017, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit the price of Reckitt Group ADSs declined about 5% and the price of Reckitt Group ordinary shares dropped about 3.3% on July 24, 2017, but deny any allegation as to the cause.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 275 of the Complaint.

276.    The Reckitt Group Defendants admit the existence of analyst reports regarding Reckitt Group's announcement of its financial results for the second quarter of 2017, but deny any characterization of those documents, which speak for themselves.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 276 of the Complaint.

277.    The Reckitt Group Defendants deny the allegations in Paragraph 277 of the Complaint.

278.    The Reckitt Group Defendants admit that on February 19, 2018, Reckitt Group announced its financial results for the full-year of 2017, but deny any characterization of that

document, which speaks for itself.  The Reckitt Group Defendants admit the price of Reckitt Group ADSs declined about 10% and the price of Reckitt Group ordinary shares dropped about 7.5% on February 19, 2018, but deny any allegation as to the cause.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 278 of the Complaint.

**B.      The DOJ's Criminal Indictment of the Former RBP**

279.    To the extent that the allegations in Paragraph 279 relate to Bellamy and Hennah, the claims against them have been dismissed by the Court and no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit that on April 9, 2019, the DOJ filed an Indictment against Indivior Inc. and Indivior PLC, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants admit the price of Reckitt Group ADSs declined about 6% and the price of Reckitt Group ordinary shares dropped about 6.5% on April 9, 2019, but deny any allegation as to the cause.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 279.

**C.      After the Class Period, Reckitt and RBP/Indivior Settle Claims with the DOJ and the FTC, and Thaxter, Baxter, and Indivior Solutions Plead Guilty to Federal Crimes**

280.    The Reckitt Group Defendants admit that on July 11, 2019, the DOJ announced Reckitt Group settled with the DOJ and FTC, but deny any characterizations of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 280 of the Complaint, and on that basis deny them.

281.    The Reckitt Group Defendants admit Reckitt Group and the DOJ entered into a Non-Prosecution Agreement on July 11, 2019, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 281 of the Complaint.

282.    The Reckitt Group Defendants admit that on July 11, 2019, the FTC filed a complaint against Reckitt Group, but deny any characterizations of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 282 of the Complaint.

283.    The Reckitt Group Defendants admit that on July 11, 2019, the FTC filed a complaint against Reckitt Group, but deny any characterizations of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 283 of the Complaint.

284.    The Reckitt Group Defendants admit that on July 11, 2019, the FTC filed a complaint against Reckitt Group, but deny any characterizations of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 284 of the Complaint.

285.    The Reckitt Group Defendants admit that on July 11, 2019, the FTC filed a complaint against Reckitt Group, but deny any characterizations of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 285 of the Complaint.

286.    The Reckitt Group Defendants admit that the FDA ruled in favor of another company's Citizen Petition on November 7, 2019, but deny any characterization of that document, which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 286 of the Complaint.

287.    The Reckitt Group Defendants admit that the FDA ruled in favor of another company's Citizen Petition on November 7, 2019, but deny any characterization of that document,

which speaks for itself, and deny that it constitutes the operative or only potentially relevant feedback received from the FDA. The Reckitt Group Defendants deny the remaining allegations in Paragraph 287 of the Complaint.

288. The Reckitt Group Defendants admit that on or about June 29, 2020, Thaxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that Thaxter was sentenced, the details of which were memorialized in a judgement imposed on October 22, 2020, and filed on October 23, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 288 of the Complaint, and on that basis deny them.

289. The Reckitt Group Defendants admit that on August 31, 2020, Baxter pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants admit that Baxter was sentenced, the details of which were memorialized in a judgement imposed on December 17, 2020, and deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 289 of the Complaint, and on that basis deny them.

290. The Reckitt Group Defendants admit that on July 24, 2020, Indivior Solutions pleaded guilty to a one-count information, but deny any characterization of that document, which speaks for itself. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 290 of the Complaint, and on that basis deny them.

291.    The Reckitt Group Defendants admit that Indivior entered into civil settlement agreements with the DOJ and FTC on July 24, 2020, but deny any characterizations of those documents, which speak for themselves.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 291 of the Complaint, and on that basis deny them.

292.    The Reckitt Group Defendants admit that Indivior executed a Corporate Integrity Agreement with the Department of Health and Human Services Office of Inspector General on July 24, 2020, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 292 of the Complaint, and on that basis deny them.

**D.    Reckitt Seeks Indemnification from Indivior for $1.4 Billion**

293.    The Reckitt Group Defendants admit on November 2013, 2020, Reckitt Group filed a claim in the Commercial Court, High Court of Justice of England and Wales, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 293 of the Complaint.

294.    The Reckitt Group Defendants admit that on January 25, 2021, Indivior issued a press release regarding its settlement with Reckitt Group, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 294 of the Complaint.

295.    The Reckitt Group Defendants deny the allegations in Paragraph 295 of the Complaint.

**DEFENDANTS VIOLATED ITEM 303 BY FAILING TO DISCLOSE
THAT THE FRAUDULENT SUBOXONE SCHEME
SUBJECTED RECKITT TO MONETARY RISKS**

296.    The allegations in Paragraph 296 relate to claims that have been dismissed by the Court, so no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 relate to claims that have been dismissed by the Court, so no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit that the SEC issued a release regarding Item 303 on May 18, 1989, but deny any characterization of Item 303, which speaks for itself.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 297.

298.    The allegations in Paragraph 298 state legal conclusions and relate to claims that have been dismissed by the Court, so no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 298.

299.    To the extent the allegations in Paragraph 299 state legal conclusions and/or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 299.

300.    The Reckitt Group Defendants admit that in 2011, the U.S. Attorney for the District of New Jersey Reckitt Group subpoenaed RBP, that in 2012, the FTC and Attorney General of New York commenced regulatory investigations into Reckitt Group, RBP, and other Reckitt Group Entities concerning Suboxone Film, and that in December 2013, the U.S. Attorney for the Western District of Virginia executed a search warrant on RBP's Richmond headquarters and employees' homes.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 300 of the Complaint.

## ADDITIONAL SCIENTER ALLEGATIONS

301.    To the extent the allegations in Paragraph 301 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 301.

302.    To the extent the allegations in Paragraph 302 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 302.

303.    To the extent the allegations in Paragraph 303 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 303.

304.    The Reckitt Group Defendants admit that between October 5, 2009, and March 29, 2010, Reckitt Group's former CEO Becht and CFO Day sold shares of Reckitt Group stock.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 304 of the Complaint, including but not limited to insofar as the allegations could be read to suggest any connection between the transactions and FDA correspondence.

305.    The Reckitt Group Defendants admit that prior to October 5, 2009, Becht sold shares of Reckitt Group stock.  The Reckitt Group Defendants deny the remaining allegations in Paragraph 305 of the Complaint, including but not limited to insofar as the allegations could be read to suggest any connection between the transactions and FDA correspondence.

306.    The Reckitt Group Defendants deny the allegations in Paragraph 306 of the Complaint.

307.    The Reckitt Group Defendants deny the allegations in Paragraph 307 of the Complaint.

308.    The Reckitt Group Defendants admit that on April 13, 2011, the OFT issued a decision regarding the withdrawal of Reckitt Group's Gaviscon Original Liquid, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 308 of the Complaint, and on that basis deny them.

309.    The Reckitt Group Defendants admit that on April 13, 2011, the OFT issued a decision regarding the withdrawal of Reckitt Group's Gaviscon Original Liquid, but deny any characterization of that document, which speaks for itself.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 309 of the Complaint, and on that basis deny them.

310.    The Reckitt Group Defendants deny the allegations in Paragraph 310 of the Complaint.

## LOSS CAUSATION/ECONOMIC LOSS

311.    The Reckitt Group Defendants deny the allegations in Paragraph 311 of the Complaint.

312.    The Reckitt Group Defendants deny the allegations in Paragraph 312 of the complaint.

313.    The Reckitt Group Defendants deny the allegations in Paragraph 313 of the complaint.

314.    The Reckitt Group Defendants deny the allegations in Paragraph 314 of the complaint.

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD-ON-THE-MARKET DOCTRINE

315.    To the extent the allegations in Paragraph 315 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of whether Reckitt Securities traded in an efficient market. The Reckitt Group Defendants deny the remaining allegations in Paragraph 315 of the Complaint, including all subparts.

316.    To the extent the allegations in Paragraph 316 state legal conclusions, no answer is required. The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 316 of the Complaint, including all subparts.

317.    The Reckitt Group Defendants admit Reckitt Group is a publicly traded company, and deny the remaining allegations in Paragraph 317 of the Complaint.

318.    To the extent the allegations in Paragraph 318 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 318 of the Complaint.

319.    To the extent the allegations in Paragraph 319 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 319 of the Complaint.

320.    To the extent the allegations in Paragraph 320 state legal conclusions, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 320 of the Complaint.

**NO SAFE HARBOR**

321.    To the extent the allegations in Paragraph 321 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 321 of the Complaint.

**CLASS ACTION ALLEGATIONS**

322.    To the extent the allegations in Paragraph 322 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit the Complaint purports to bring a securities fraud class action pursuant to Rules 23(a) and (b)(d) of the Federal Rules of Civil Procedure.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 322 of the Complaint, and on that basis deny them.

323.    To the extent the allegations in Paragraph 323 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 323 of the Complaint, and on that basis deny them.

324.    To the extent the allegations in Paragraph 324 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Reckitt Group was listed and traded on the London Stock Exchange and the OTC Market.  The Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 324 of the Complaint, and on that basis deny them.

325.    To the extent the allegations in Paragraph 325 of the Complaint state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 325 of the Complaint, and on that basis deny them.

## COUNT I

### For Violations of §10(b) of the Exchange Act and Rule 10b-5
### Against All Defendants on Behalf of ADS Purchasers

326.    The Reckitt Group Defendants repeat and re-allege each and every response to the allegations asserted in the foregoing paragraphs as if fully set forth herein.

327.    The Reckitt Group Defendants deny the allegations in Paragraph 327 of the Complaint.

328.    To the extent the allegations in Paragraph 328 state legal conclusions, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 328 of the Complaint, including all subparts.

329.    To the extent the allegations in Paragraph 329 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 329 of the Complaint.

## COUNT II

### For Violations of §20(a) of the Exchange Act
### Against the Individual Defendants on Behalf of ADS Purchasers

330.    The Reckitt Group Defendants repeat and re-allege each and every response to the allegations asserted in the foregoing paragraphs as if fully set forth herein.

331.    To the extent the allegations in Paragraph 331 state legal conclusions or relate to Bellamy and Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 331 of the Complaint.

332.    To the extent the allegations in Paragraph 332 state legal conclusions or relate to Bellamy and Hennah, or other claims that have been dismissed by the Court, no answer is required.

To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 332 of the Complaint.

333.    To the extent the allegations in Paragraph 333 state legal conclusions or relate to Bellamy and Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 333 of the Complaint.

## COUNT III

**For Violations of English Common Law Fraudulent Misrepresentation and Deceit
Against All Defendants on Behalf of Reckitt Ordinary Share Purchasers**

334.    The Reckitt Group Defendants repeat and re-allege each and every response to the allegations asserted in the foregoing paragraphs as if fully set forth herein.

335.    To the extent the allegations in Paragraph 335 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants admit that the Complaint purports to assert claims under English common law, but deny the allegations in Paragraph 335 of the Complaint to the extent they suggest that such claims are adequately alleged or otherwise meritorious.

336.    To the extent the allegations in Paragraph 336 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 336 of the Complaint.

337.    To the extent the allegations in Paragraph 337 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 337 of the Complaint.

338.    To the extent the allegations in Paragraph 338 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 338 of the Complaint.

339.    To the extent the allegations in Paragraph 339 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 339 of the Complaint.

340.    To the extent the allegations in Paragraph 340 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 340 of the Complaint.

341.    To the extent the allegations in Paragraph 341 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 341 of the Complaint.

342.    To the extent the allegations in Paragraph 342 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 342 of the Complaint.

343.    To the extent the allegations in Paragraph 343 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 343 of the Complaint.

## COUNT IV

### For Violations of the Financial Services and Markets Act of the United Kingdom Against Reckitt on Behalf of Reckitt Ordinary Share Purchasers

344.    The Reckitt Group Defendants repeat and re-allege each and every response to the allegations asserted in the foregoing paragraphs as if fully set forth herein.

345.    To the extent the allegations in Paragraph 345 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit that the Complaint purports to assert claims under Section 90A of the FSMA, but deny the allegations in Paragraph 345 of the Complaint to the extent they suggest that such claims are adequately alleged or otherwise meritorious.

346.    To the extent the allegations in Paragraph 345 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit Schedue10A applies to Reckitt Group, and deny the remaining allegations in Paragraph 346 of the Complaint.

347.    To the extent the allegations in Paragraph 347 state legal conclusions and relate to Bellamy or Hennah, or other claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 347 of the Complaint.

348.    To the extent the allegations in Paragraph 348 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 348 of the Complaint.

349.    To the extent the allegations in Paragraph 349 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 349 of the Complaint.

350.    To the extent the allegations in Paragraph 350 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 350 of the Complaint.

351.    To the extent the allegations in Paragraph 351 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 351 of the Complaint.

## COUNT V

### For Violations of English Common Law, Negligent Misrepresentation and Misstatement Against All Defendants on Behalf of Reckitt Ordinary Share Purchasers

352.    The Reckitt Group Defendants repeat and re-allege each and every response to the allegations asserted in the foregoing paragraphs as if fully set forth herein.

353.    To the extent the allegations in Paragraph 353 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants admit that the Complaint purports to assert claims under English common law, but deny the allegations in Paragraph 353 of the Complaint to the extent they suggest that such claims are adequately alleged or otherwise meritorious.

354.    To the extent the allegations in Paragraph 354 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 354 of the Complaint.

355.    To the extent the allegations in Paragraph 355 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 355 of the Complaint.

356.    To the extent the allegations in Paragraph 356 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 356 of the Complaint.

357.    To the extent the allegations in Paragraph 357 state legal conclusions and relate to claims that have been dismissed by the Court, no answer is required.   To the extent an answer is required, the Reckitt Group Defendants deny the allegations in Paragraph 357 of the Complaint.

## PRAYER FOR RELIEF

The Reckitt Group Defendants deny each and every allegation not specifically admitted above, and deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof they would not otherwise bear, the Reckitt Group Defendants assert the following affirmative defenses. The Reckitt Group Defendants do not waive any affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation including, in the event a class is certified, the right to advance additional defenses pertinent to particular class members.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or repose.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek relief that is duplicative of relief sought or received in other actions, or from other Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to exercise due care or otherwise acted recklessly.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed in the public filings and other public disclosures made by the Reckitt Group Defendants or others.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

**WHEREFORE**, the Reckitt Group Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in their favor and against Plaintiffs, award the Reckitt Group Defendants attorneys' fees, costs, and expenses, and grant them such further relief as is just and equitable.

Dated: April 13, 2022                         Respectfully submitted,

                                              */s/ Timothy J. Perla*
                                              **WILMER CUTLER PICKERING
                                               HALE AND DORR LLP**
                                              Timothy J. Perla
                                              60 State Street
                                              Boston, MA 02109
                                              617/526-6000 (t)
                                              617/526-5000 (f)
                                              timothy.perla@wilmerhale.com

                                              Michael G. Bongiorno
                                              7 World Trade Center
                                              250 Greenwich Street
                                              New York, New York 10007
                                              212/230-8800 (t)
                                              212/230-8888 (f)
                                              michael.bongiorno@wilmerhale.com

                                              Jessica L. Lewis
                                              1 Front Street
                                              Suite 3500
                                              San Francisco, CA 94111
                                              628/235-1002 (t)
                                              628/235-1001 (f)
                                              jessica.lewis@wilmerhale.com

                                              *Counsel for Defendants Reckitt
                                              Benckiser Group PLC, and
                                              Rakesh Kapoor*