UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CITY OF STERLING HEIGHTS POLICE &    :    Civil Action No. 1:20-cv-10041-PKC
FIRE RETIREMENT SYSTEM, Individually  :
and on Behalf of All Others Similarly Situated, :    CLASS ACTION
                                      :
                                      :
            Plaintiff,                :    PLAINTIFFS' MEMORANDUM OF LAW
                                      :    IN SUPPORT OF MOTION FOR LEAVE TO
    vs.                               :    AMEND AND JOIN ADDITIONAL PARTY
                                      :
RECKITT BENCKISER GROUP PLC,          :
RAKESH KAPOOR and SHAUN THAXTER,      :
                                      :
            Defendants.               :
                                      :
———————————————————————— x

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Lead Plaintiff City of Birmingham Retirement and Relief System ("Birmingham") and Plaintiff City of Sterling Heights Police & Fire Retirement System ("Sterling Heights," and together with Birmingham, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion for leave to amend the Third Amended Complaint (ECF No. 82, "TAC") and file the [Proposed] Fourth Amended Complaint ("PFAC").[1]  The sole purpose of Plaintiffs' amendment is to add an additional named plaintiff with the ability to adequately plead reliance in connection with the English Law claims, in accordance with the requirements described in the Court's Opinion and Order granting in part and denying in part Defendants' motions to dismiss (ECF No. 113, "Order").[2]

## I.    INTRODUCTION

The TAC asserts claims against Defendants Reckitt Benckiser Group PLC ("Reckitt"), Rakesh Kapoor, and Shaun Thaxter (collectively, "Defendants") under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of all persons who purchased Reckitt American Depositary Shares ("ADSs") on the Over-the-Counter Market in the United States and/or incurred irrevocable liability or had title pass to them for the ADSs in the United States during the Class Period.  ¶¶326-333.  The TAC also asserts claims against Defendants under English common law (the tort of fraudulent misrepresentation/deceit and the tort of negligent misrepresentation/misstatement) and

---

[1]   The PFAC is attached as Exhibit 1 to the Declaration of Alan I. Ellman in Support of Plaintiffs' Motion for Leave to Amend ("Ellman Decl.").  As a courtesy, a redline comparison of the PFAC to the TAC is attached as Exhibit 2 to the Ellman Decl.  Unless otherwise noted, citations to "¶__" refer to paragraphs in the TAC.  All emphasis herein is added and all internal citations, quotation marks, and footnotes are omitted unless otherwise noted.  All capitalized terms not defined herein are defined in the TAC.

[2]   In addition, the PFAC has been revised to conform with the Order.  Specifically, the defendants and alleged misstatements that were dismissed have been removed.

Section 90A of the U.K. Financial Services and Markets Act 2000 in Counts III through V (collectively, the "English Law claims") on behalf of a class of persons that purchased Reckitt's ordinary shares on the London Stock Exchange during the Class Period.  ¶¶1, 334-357.

The English Law claims were brought by plaintiff City of Pontiac General Employees' Retirement System ("Pontiac").  *Id.*  In the Order, the Court rejected Defendants' arguments that the English Law claims should be dismissed due to arbitration and forum-selection clauses and *forum non conveniens*.  *See* Order at 62-70.  However, the Court dismissed the English Law claims because the TAC did not allege facts describing Pontiac's awareness of, or reliance upon, Defendants' alleged misrepresentations.  *See* Order at 70.[3]  Plaintiffs therefore seek leave to amend for the sole purpose of adding a new plaintiff and sufficient facts describing that plaintiff's awareness of, or reliance upon, Defendants' misrepresentations, in accordance with the Court's ruling in the Order.

## II.    RELEVANT BACKGROUND

Plaintiffs filed their first Amended Complaint on January 16, 2020, after Birmingham was appointed Lead Plaintiff.  ECF No. 37.  Prior to the Order, the Court permitted Plaintiffs to amend the complaint on two other occasions to address narrow issues.  Plaintiffs filed the Second Amended Complaint on January 11, 2021 for the limited purpose of adding allegations revealed in ongoing government enforcement actions stemming from the same misconduct at issue in this case.  ECF No. 68.  Plaintiffs then sought and were granted leave to file the TAC on March 26, 2021 in response to Defendants' pre-motion to dismiss letters (ECF Nos. 72, 73, 76), to plead facts necessary to establish that Reckitt's ADSs satisfied the standard for domestic transactions under

---

[3]    The Court found that there "is no assertion that England employs a fraud-on-the-market theory that presumes a misrepresentation is incorporated into the price of a publicly traded share[,]" and as a result, Pontiac is required to plead knowledge of and reliance on the alleged misstatements.  *See* Order at 70-73.

*Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).  Defendants filed their motions to dismiss the TAC on June 25, 2021 (ECF Nos. 90, 96), Plaintiffs filed their opposition on August 24, 2021 (ECF No. 100), and Defendants filed replies on September 23, 2021 (ECF Nos. 106, 108).

On February 28, 2022, the Court granted in part and denied in part Defendants' motions to dismiss, finding that the TAC adequately alleged that certain statements made by Thaxter and Kapoor omitted information that would be material to a reasonable investor, and also raised a strong inference of scienter as to Thaxter and Kapoor, which is imputed to Reckitt.  *See* Order at 3, 56-57.  The Court concluded that the TAC adequately alleged claims under Section 10(b) and Rule 10b-5 against Thaxter, Kapoor, and Reckitt, and under Section 20(a) as to Kapoor.  *See id.* at 3.  As to Pontiac's English Law claims, the Court found that the arbitration and forum-selection provisions cited by Defendants apply to "disputes over enforcement of Reckitt's articles of association and not to the shareholder claims raised here."  *Id.*  The Court dismissed the English Law claims solely "because Pontiac does not allege that it knew of any alleged misrepresentation[s] at the time it purchased Reckitt shares[.]"  *Id.* at 4.  Plaintiffs believe they can cure this deficiency by adding a new plaintiff in the PFAC – Public Service Pensions Board ("PSP") – and pleading that plaintiff's knowledge of the alleged misrepresentations at the time of its purchase of Reckitt ordinary shares.

III.    **ARGUMENT**

    A.    **Legal Standard**

Leave to amend is "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2). In the Second Circuit, this standard is met when there are "at least colorable grounds for relief[.]" *Abbey v. Skokos*, 303 F. App'x 911, 913 (2d Cir. 2008) (reversing denial of leave to amend when

a new fact "could permit an inference" of a required agency relationship).  In deciding whether to permit amendment, courts apply the "'permissive standard' of Rule 15 . . . 'consistent with [the] strong preference for resolving disputes on the merits.'"  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, *LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)).   Amendment is proper when "the proposed complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts in this district have also recognized that leave to amend should be liberally granted in cases involving securities fraud claims.  *See, e.g.*, *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 518 (S.D.N.Y. 2009) ("leave to amend should be granted liberally in cases alleging securities fraud"); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312 (S.D.N.Y. 2008) (recognizing importance of liberally allowing amendment in view of complicated pleading rules applied to securities fraud claims, and allowing filing of third amended complaint).

Leave to amend is also particularly appropriate post-dismissal.  *See In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655, 690 (S.D.N.Y. 2018) ("[W]hile Plaintiffs have already had opportunities to amend the original complaint, none were in the context of a motion to dismiss decision and the Court has therefore not yet provided guidance as to how Plaintiffs' claims may be adequately made."); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 656 (S.D.N.Y. 2015) ("The 'usual practice' in this Circuit upon granting a motion to dismiss is to permit amendment of the complaint."); *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead[.]").  That is because "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing

- 4 -

specific deficiencies." *Loreley*, 797 F.3d at 190. Here, Plaintiffs seek leave to amend to cure a deficiency noted in the Order.

In general, leave to amend is only denied when amending would be futile, or the non-movant establishes prejudice or bad faith associated with the amendment. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 121 (2d Cir. 2012) (finding amendment not futile); *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Even significant amounts of "time, effort and money . . . expended in litigating [the] matter" cannot establish the prejudice that the non-movant must show to preclude leave to amend. *See Pasternack*, 863 F.3d at 174. "In assessing whether the proposed complaint states a claim" for the purpose of determining whether amendment would be futile, a court will consider "the proposed amendment[s] . . . along with the remainder of the complaint, . . . accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners*, 681 F.3d at 119.

## B.    Amendment Would Not Be Futile

Amendment would not be futile here because the PFAC's additional allegations are specifically tailored to address a narrow, dispositive deficiency in the TAC's English Law claims, as identified in the Order. The Court dismissed the English Law claims under Rule 12(b)(6) on the basis that they did not adequately plead reliance, specifying that "Pontiac states, without elaboration, that it reasonably relied on defendants' purported misstatements and omissions when it acquired the shares[,] but the allegations are conclusory and do not, for instance, assert that it examined the contents of Reckitt's public filings or was aware of statements made in investor-

- 5 -

relations calls." *See* Order at 72.  In the PFAC, PSP alleges the facts that the Court found were lacking in the TAC.  *See* PFAC ¶¶310-312; 321-323; 332-334.

Moreover, the Court has already recognized the merits of Plaintiffs' underlying factual allegations in upholding the Exchange Act claims, and noted that Pontiac "relies on the same facts alleged in the Complaint to supports its claims under Counts III, IV and V."  Order at 61.  As a result, there is a "colorable ground" to support the proposed English Law claims and amendment therefore would not be futile.  *See Express Scripts*, 285 F. Supp. 3d at 690 ("A court may deny a motion to amend on the basis of futility 'only where no colorable grounds exist to support the proposed claim.'").  Plaintiffs should thus be permitted leave to amend "in the context" provided by the Court's Order.  *See id.*

C.      **The Proposed Amendment Would Not Prejudice Any of the Defendants**

Permitting the filing of the PFAC would not prejudice any of the Defendants.  *See In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 2011 WL 4072027, at *2-*3 (S.D.N.Y. Sept. 13, 2011) (rejecting defendants' claim of prejudice based on "the effort they have expended in defending against the [amended consolidated complaint] and the effort they will have to expend in fighting the [second amended consolidated complaint]").  Plaintiffs have filed this motion promptly and discovery is still in its earliest stages.  No document productions have been made to date, and there would be significant (if not complete) overlap of relevant discovery for the English Law claims and the Exchange Act claims.  As noted in the Order, Pontiac relied on the same facts alleged in the TAC to support the Exchange Act claims; therefore, "if it successfully alleges a claim for relief under English law, the existence of the claim would not likely expand the scope of evidence offered at a joint trial."  Order at 61.  Courts in this District have granted leave to amend at far later procedural stages.  *See, e.g.*, *Zakrzewska v. New Sch.*, 543 F. Supp. 2d 185, 187

(S.D.N.Y. 2008) (granting leave to amend "very late in the proceeding" when plaintiff "moved with reasonable dispatch after the facts . . . came to her attention"); *Goureau v. Goureau*, 2013 WL 1499404, at *3 (S.D.N.Y. Apr. 10, 2013) (granting leave to amend "halfway through discovery").

Furthermore, the Second Circuit has stated that it is "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings." *Bear Stearns*, 2011 WL 4072027, at *2-*3 (citing *Ross v. A. H. Robins Co.*, 607 F.2d 545, 547 (2d Cir. 1979)). This is exactly what would occur here if Plaintiffs are denied the chance to amend. Because the Court denied Defendants' motion to dismiss the Section 10(b) claims, it has already recognized that the English Law claims are "possibly meritorious," *see id.*, and Plaintiffs should therefore be permitted to follow the Court's ruling on properly pleading those claims.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and allow Plaintiffs to file the PFAC.

DATED:  June 21, 2022                     Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          MARIO ALBA JR.
                                          ALAN I. ELLMAN
                                          CHRISTOPHER T. GILROY
                                          SARAH E. DELANEY


                                          */s/ Samuel H. Rudman*
                                          SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631-367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
malba@rgrdlaw.com
aellman@rgrdlaw.com
cgilroy@rgrdlaw.com
sdelaney@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD &
   TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel*

**CERTIFICATE OF SERVICE**

I, Samuel H. Rudman, hereby certify that on June 21, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN