UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
CITY OF STERLING HEIGHTS POLICE & : Civil Action No. 1:20-cv-10041-PKC
FIRE RETIREMENT SYSTEM, Individually :
and on Behalf of All Others Similarly Situated, : CLASS ACTION
:
Plaintiff, : [PROPOSED] ORDER GRANTING
: PRELIMINARY APPROVAL PURSUANT
vs. : TO FED. R. CIV. P. 23(E)(1) AND
: PERMITTING NOTICE TO THE CLASS
RECKITT BENCKISER GROUP PLC, :
RAKESH KAPOOR, and SHAUN :
THAXTER, :
:
Defendants. :
:
———————————————————————— x

WHEREAS, the above-captioned action is pending before this Court (the "Litigation");

WHEREAS, Plaintiffs, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated March 10, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, the Hon. Layn R. Phillips (Ret.);

(b) the proposed Settlement eliminates the risks to the Settling Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Class;

(d) the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired Reckitt ADSs during the period from July 28, 2014 through April 9, 2019, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants and the Former Defendants; (ii) members of the immediate family of each Defendant and Former Defendant; (iii) any Person who was an officer or director of Reckitt during the Class Period as well as members of their respective immediate families; (iv) any entity in which any Defendant or Former Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Reckitt; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel

have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs City of Birmingham Retirement and Relief System and City of Sterling Heights Police & Fire Retirement System are certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

5. The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive, arm's-length, and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to the Class Members and further consideration of the Settlement at the fairness hearing described below.

6. A hearing shall be held before this Court on July 19, 2023, at 2 p.m. (the "Settlement Hearing"), at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.18 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Counsel; (e) determine any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and

expenses; and (g) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3.

9. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10. Not later than April 6, 2023 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.ReckittSecuritiesSettlement.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

11. Not later than April 13, 2023 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

12. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Reckitt ADSs during the Class Period (from July 28, 2014 through April 9, 2019, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

14. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15. All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.

16. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

17. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than July 7, 2023 (a date ninety (90) calendar days from the Notice Date). Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

18. Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

19. Any Member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than June 28, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of Reckitt ADSs purchased or otherwise acquired during the Class Period and the date of each purchase or acquisition; and (iii) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Reckitt ADSs during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

20. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than five (5) business days of receipt thereof and in any event at least fourteen (14) calendar days before the Settlement Hearing. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of any written retraction of a

Request for Exclusion at least seven (7) calendar days prior to the Settlement Hearing or any adjournment thereof.

21. Any Member of the Class who or which does not request exclusion from the Class may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or to Plaintiffs, provided that any such Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Wilmer Cutler Pickering Hale and Dorr LLP, Timothy J. Perla, 60 State Street, Boston, MA 02109; and King & Spalding LLP, Richard T. Marooney, Paul A. Straus, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036 no later than June 28, 2023 (a date that is twenty-one (21) days prior to the Settlement Hearing). Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of fees, costs, charges, and expenses to Lead Counsel or to the awards to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any

witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions and/or sales of Reckitt ADSs during the Class Period, the dates, the number of ADSs purchased, acquired or sold, and the price paid or received for such purchase, acquisition or sale; and (iv) identify all class action settlements to which the objector and his, her or its counsel have previously objected.

23. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

24. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than June 14, 2023 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than July 10, 2023 (a date that is seven (7) calendar days prior to the Settlement Hearing).

26. The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

28. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

29. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth

of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

31. The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

32. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as

- 11 -

expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties. In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of December 20, 2022.

*Motion (ECF 160) should be terminated.*

IT IS SO ORDERED.

DATED: *March 16, 2023*

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

Case 1:20-cv-10041-PKC   Document 164   Filed 03/16/23   Page 13 of 14

## CERTIFICATE OF SERVICE

I, ALAN I. ELLMAN, hereby certify that on March 10, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

                 s/ *Alan I. Ellman*
                 ALAN I. ELLMAN