# EXHIBIT D

Case 1:20-cv-10017-RKC-DCF Document 170-46 Filed 06/14/23 Page 2 of 46
Case 1:14-cv-05797-VM-DCF Document 146 Filed 06/05/19 Page 1 of 45
Case 1:14-cv-05797-VM-DCF Document 138-5 Filed 01/28/19 Page 1 of 7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BARBARA STROUGO, Individually and on :
Behalf of All Others Similarly Situated, :
                                     :
                    Plaintiff(s), :
        v. :
                                       :
BARCLAYS PLC, BARCLAYS CAPITAL :
INC., ROBERT DIAMOND, ANTONY :
JENKINS, CHRISTOPHER LUCAS, TUSHAR :
MORZARIA, and WILLIAM WHITE, :
                                       :
                  Defendants. :

------------------------------------------------------------ X

Case No. 1:14-cv-05797-VM-DCF

ECF CASE

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/19

This matter came before the Court pursuant to the Order Preliminary Approving Settlement and Providing for Notice ("Order") dated February 4, 2019, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 28, 2019 ("Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation annexed as Exhibit 1 hereto, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled the Class representatives and Defendants to adequately evaluate and consider their positions.

4.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with

1

prejudice as against Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

5. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 2 to this Final Judgment and Order.

6. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

7. Upon the Effective Date, the Class Representatives shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally,

2

and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

8.     Upon the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

9.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives, each and all of the Class Members, and Class Representatives' counsel, including Lead Counsel, from all Defendants' Claims. Defendants' Claims do not include claims to enforce the terms of the Stipulation or any order of the Court in the Litigation.

10.     The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

11.     The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representatives.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

3

Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by the Class Representatives was not valid in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal or (iv) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigation as a class action for any other purpose than the Settlement. Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

4

15.     Lead Counsel is awarded attorneys' fees in the amount of $8,100,000.00, and expenses in the amount of $791,680.21, plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately following entry of this Order. Class Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiff's counsel in the manner in which Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Actions. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Class Counsel and all other plaintiffs' counsel to whom Class Counsel has distributed payments shall within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Class Counsel and, if applicable, distributed to other counsel.

16.     Class Representative Mohit Sohni is awarded $20,000 and Class Representative Joseph Waggoner is awarded $15,000, as a Compensatory Award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

17.     In the event that the Settlement is terminated as provided in the Stipulation, or the Effective Date otherwise does not occur, then this Judgment, and all orders entered and releases delivered in connection herewith, shall be vacated, rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be without prejudice to the rights of the Class Representatives, the other Class Members, and Defendants, and the Settling

5

Parties shall revert to their respective positions in the Litigation as of December 11, 2018, as provided in the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  31 May 2019

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

6

# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

BARBARA STROUGO, Individually and on    :
Behalf of All Others Similarly Situated,    :

                              :

           Plaintiff(s),    :

     v.    :

                              :

BARCLAYS PLC, BARCLAYS CAPITAL    :
INC., ROBERT DIAMOND, ANTONY    :
JENKINS, CHRISTOPHER LUCAS, TUSHAR :
MORZARIA, and WILLIAM WHITE,    :

                              :

           Defendants.    :

-------------------------------------------------------------- X

Case No. 1:14-cv-05797-VM-DCF

ECF CASE

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of January 28, 2019 ("Stipulation"), is made and entered into by and among: (i) Class Representatives Joseph Waggoner and Mohit Sahni (together, "Class Representatives") on behalf of themselves and each of the Class Members, by and through their counsel of record in the Litigation; and (ii) Defendants Barclays PLC and Barclays Capital Inc. (together "Barclays") and William White (with Barclays, "Defendants") by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.[1]

## I. THE LITIGATION

This is a federal securities class action on behalf of the Class. For purposes of this Settlement only, the Class is defined in § IV.1 herein, and the Settling Parties intend that the provisions herein concerning certification of the Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### 1. Commencement of the Litigation and Appointment of the Class Representatives

The Litigation is pending before the Honorable Victor Marrero in the United States District Court for the Southern District of New York. An initial complaint was filed by Barbara Strougo on July 28, 2014. The Class Representatives were jointly appointed lead plaintiffs on October 2, 2014. The Class Representatives filed an amended complaint on December 15, 2014.

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1 herein.

## 2. Defendants' Motion to Dismiss

Defendants moved to dismiss the Complaint, and the motion was fully briefed as of March 2, 2015. On April 24, 2015, Judge Scheindlin granted in part and denied in part Defendants' Motion to Dismiss. Judge Scheindlin held that statements about Barclays' general business practices and risk controls, as well as statements concerning a report drafted by Sir Anthony Salz addressing Barclays' values and culture were inactionable "puffery." *See Strougo* v. *Barclays PLC*, 105 F. Supp. 3d 330, 343-47 (S.D.N.Y. 2015). Judge Scheindlin also held that, although statements concerning Barclays' alternative trading system, LX, were not quantitatively material because LX generated only a small portion of Barclays' overall revenue, such statements could be qualitatively material because they implicated the integrity of the company as a whole. *Id.* at 347-49. Accordingly, Judge Scheindlin denied Defendants' motion to dismiss claims based upon certain statements regarding LX that Plaintiffs allege were false or misleading. *Id.* at 353. Judge Scheindlin also dismissed claims against Dismissed Defendants Chris Lucas and Tushar Morzaria, and held that the Class Representatives could not plausibly allege loss causation with respect to the market's reaction to a June 27, 2014 article in the *Telegraph*. *Id.* at 352.

## 3. The Class Representatives' Motion for Certification of a Litigation Class and Defendants' Appeal

On July 17, 2015, the Class Representatives moved the Court to certify the Litigation as a class action and appoint themselves as class representatives and their counsel, Pomerantz LLP ("Pomerantz") as class counsel. Defendants opposed this motion. The Class Representatives' class certification motion was fully briefed as of October 26, 2015 and the Court held an evidentiary hearing and oral argument on November 5, 2015. On February 2, 2016, the Court issued an order granting the Class Representatives' motion, certifying the

Litigation as a class action, appointing the Class Representatives, and appointing Pomerantz as class counsel.

On February 16, 2016, Defendants filed a petition with the U.S. Court of Appeals for the Second Circuit pursuant to Federal Rule of Civil Procedure 23(f) seeking review of the February 2, 2016 order granting the Class Representatives' motion for class certification. The petition was fully briefed as of March 7, 2016. On June 15, 2016, the Second Circuit granted Defendants' petition for leave to appeal.

On September 7, 2016, the Second Circuit granted Defendants' July 11, 2016 motion seeking a stay of the District Court proceedings pending resolution of Defendants' appeal. Defendants' Rule 23(f) appeal was fully briefed as of September 12, 2016, and the Second Circuit held oral argument on November 11, 2016. On August 3, 2017, the Second Circuit sought additional briefing from the parties regarding the impact of the Court's decision in *In re Petrobras Securities*, No. 16-1914, which the parties provided on August 24, 2017. On November 6, 2017, the Second Circuit affirmed the District Court's February 2, 2015 order certifying the Litigation as a class action. On November 20, 2017, Defendants submitted to the Second Circuit a petition for panel rehearing or rehearing *en banc*, which was denied by the Second Circuit on January 5, 2018.

On February 26, 2018, Defendants submitted a petition for a writ of *certiorari* with the U.S. Supreme Court. The petition was fully briefed as of April 10, 2018. The Court denied Defendants' petition on April 30, 2018, and the case was returned to the District Court for further proceedings.

On May 9, 2018, pursuant to the Court's individual practices, Defendants submitted letters requesting a pre-motion conference regarding their anticipated motions for

summary judgment. The Class Representatives opposed Defendants' requests by letters dated May 11, 2018. On July 17, 2018, the Court issued an order denying Defendants' request for a pre-trial conference and ordering the parties to prepare for trial, which the order set to commence on March 18, 2019. On July 31, 2018, former Defendants Robert Diamond and Antony Jenkins made a motion for reconsideration of the Court's summary judgment order. After a conference on August 8, 2018 and further letters from the parties, the Court granted the motion and granted summary judgment as to the claims against former Defendants Diamond and Jenkins on September 21, 2018. The remaining parties are still scheduled to commence trial on March 18, 2019.

### 4. Settlement Negotiations

In September 2015, the Settling Parties participated in a mediation with the assistance of the Hon. John S. Martin. The Settling Parties did not reach an agreement to settle the litigation at that time but continued to confer periodically to discuss potential settlement of the Litigation. In October, November, and December 2018, the Settling Parties resumed settlement discussions and conferred periodically in an effort to resolve the Litigation. After extended negotiations, the Settling Parties executed a Memorandum of Understanding setting forth their agreement in principle to settle the Litigation ("MOU"). Subsequently, the Settling Parties continued negotiations resulting in the terms and conditions set forth in this Stipulation.

## II. CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF THE SETTLEMENT

The Class Representatives believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Class Representatives and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and

4

through appeals. The Class Representatives and their counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. The Class Representatives and their counsel also are mindful of the inherent problems of proof to prosecute, and of possible defenses to, the securities law violations asserted in the Litigation. The Class Representatives and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, the Class Representatives and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of the law. Specifically, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by the Class Representatives in the Litigation, along with all of the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants further have denied, and continue to deny, that the Class Representatives suffered any damages or were harmed by the conduct alleged in the Litigation. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation. Defendants are entering into this Stipulation solely to eliminate the burden and

5

expense of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Now, therefore, it is hereby stipulated and agreed by and among the Class Representatives (for themselves and on behalf of the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1. Definitions

As used in the Stipulation and its Exhibits, the following terms shall have the meanings specified below. Terms used in the singular shall be deemed to include the plural and vice versa.

1.1 "Authorized Claimant" means any Class Member whose claim for recover is allowed pursuant to the terms of the Stipulation.

1.2 "Barclays" means Barclays PLC and Barclays Capital Inc.

1.3 "Claims Administrator" means JND Legal Administration.

1.4 "Class" means all Persons who purchased, held, or otherwise acquired American Depositary Shares ("ADS") of Barclays PLC during the Class Period. The members of the class shall not include Defendants or Dismissed Defendants, members of the immediate families of each of the Defendants or Dismissed Defendants, any person, firm, trust, corporation, officer,

director, or other individual or entity in which any of the Defendants or Dismissed Defendants has a controlling interest, or which is related to or affiliated with any of the Defendants or Dismissed Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded party. Also excluded from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

1.5 "Class Member" means any Person who falls within the definition of the Class as set forth in ¶ 1.4 above.

1.6 "Class Period" means the period between August 2, 2011 and June 25, 2014, inclusive.

1.7 "Class Representatives" means Joseph Waggoner and Mohit Sahni.

1.8 "Court" means the United States District Court for the Southern District of New York.

1.9 "Defendants" means Barclays and individual defendant William White.

1.10 "Defendants' Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against the Class Representatives, the Class Members, and the Class Representatives' counsel, which arise out of or are related in any way to the institution, prosecution, or settlement of the Litigation. Defendants' Claims do not include claims to enforce this Stipulation or any order of the Court in the Litigation.

7

1.11 "Effective Date" or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶ 7.1 herein have been met and have occurred.

1.12 "Escrow Accounts" mean, collectively the Notice Administration Fund and the Settlement Fund, described in ¶ 2.1 herein.

1.13 "Escrow Agent" means Huntington National Bank.

1.14 "Fee and Expense Application" means the application(s) for an award of attorneys' fees and expenses to the Class Representatives' counsel described in ¶ 6.1 herein.

1.15 "Fee and Expense Award" means the award of attorneys' fees and expenses of the Class Representatives' counsel described in ¶ 5.2 herein.

1.16 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file any motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the Judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or

8

other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of the Class Representatives' counsel's attorneys' fees and expenses, payments to the Class Representatives for their expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims.

1.17 "Dismissed Defendants" means the former defendants who have been dismissed from the Litigation: Robert Diamond, Antony Jenkins, Christopher Lucas, and Tushar Morzaria.

1.18 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19 "Lead Counsel" means the law firm of Pomerantz LLP or its successor.

1.20 "Litigation" means the action captioned *Strougo* v. *Barclays PLC et al.*, Case No. 1:14-cv-05797-VM-DCF (S.D.N.Y.)

1.21 "Net Settlement Fund" means the net settlement fund described in ¶ 5.2 herein.

1.22 "Notice" means the notice described in ¶ 3.1 herein.

1.23 "Notice Administration Fund" means an interest bearing escrow account established by the Claims Administrator to receive funds pursuant to ¶ 2.1.

1.24 "Notice and Administration Expenses" means the costs and expenses described in ¶ 2.8 herein.

1.25 "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited

9

liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.26  "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.27  "Preliminary Approval Order" means the order described in ¶3.1 herein.

1.28  "Related Parties" means each of a Defendant's respective former, present, or future parents, subsidiaries, divisions and affiliates, and the respective employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

1.29  "Released Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common, or foreign law, whether class or individual in nature, that the Class Representatives or any Class Member asserted or could have asserted against any Person in the Litigation or any other forum, which (i) were asserted in any Complaint filed in the Litigation, or (ii) could have been asserted or could in the future be asserted in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved,

10

set forth, or referred to in any complaint filed in the Litigation and that relate in any way, directly or indirectly, to the purchase, holding, or sale of Barclays' ADS during the Class Period. Released Claims do not include claims to enforce this Stipulation.

1.30 "Released Persons" means each and all of Defendants and Dismissed Defendants and each and all of their Related Parties.

1.31 "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.32 "Settlement Amount" means Twenty Seven Million United Sates Dollars (US$27,000,000.00) in cash to be paid to the Escrow Agent pursuant to ¶ 2.1 of this Stipulation.

1.33 "Settlement Fund" means an interest-bearing escrow account established by the Escrow Agent to receive the amounts of funds payable pursuant to ¶ 2.1.

1.34 "Settlement Hearing" means the hearing required by Federal Rule of Civil Procedure 23(e), at which time the Settling Parties will request that the Court approve the fairness, reasonableness, and adequacy of the proposed Settlement embodied by this Stipulation and enter the Judgment. Lead Counsel will also request that the Court approve the Plan of Allocation and the Fee and Expense Application.

1.35 "Settling Parties" means, collectively, each of Defendants and the Class Representatives on behalf of themselves and each of the Class Members.

1.36 "Supplemental Agreement" means the supplemental agreement between the Settling Parties described in ¶ 7.3 herein.

11

1.37 "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority and arising with respect to income earned by the Settlement Fund as described in ¶ 2.9.

1.38 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶ 2.9 herein.

1.39 "Unknown Claims" means (i) any Released Claims which the Class Representatives or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Class; and (ii) any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Class Representatives, the Class Members, and the Class Representatives' counsel, which, if known by him, her or it might have affected his, her or its settlement with and release of the Class Representatives, the Class Members, and the Class Representatives' counsel, or might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

12

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Class Representatives, Defendants and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but the Class Representatives shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

2.    The Settlement

13

### a. The Settlement Amount

2.1     On or before fifteen (15) days after the later of: (i) entry of the Preliminary Approval Order, as defined in ¶ 3.1 herein, and (ii) provision to Defendants of all information necessary to effectuate a transfer of funds, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund, Barclays shall cause the Settlement Amount to be deposited into the interest bearing Settlement Fund escrow account controlled by the Escrow Agent.  The Escrow Agent shall cause $500,000 from the Settlement Amount to be deposited into the interest bearing Notice Administration Fund escrow account controlled by the Escrow Agent.

2.2     Barclays shall pay the Settlement Amount on behalf of all Defendants and Dismissed Defendants.  Such amount is paid as consideration for full and complete settlement of all Released Claims.  In the event that the entire Settlement Amount is not funded when due, the Class Representatives shall have the right to terminate the Settlement.

2.3     Other than the obligation of Barclays to pay or cause to be paid the Settlement Amount into the Settlement Fund, Defendants and Dismissed Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation.

### b. The Escrow Agent

2.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 herein in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks

14

related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or for any transaction executed by the Escrow Agent.

2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.8     The Notice Administration Fund shall be used by the Escrow Agent to pay the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national

15

newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Expenses"). Any residual monies held in the Notice Administration Fund upon the completion of notice administration for the Settlement shall be transferred to the Settlement Fund. The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility for or liability whatsoever for any claims with respect thereto. Notwithstanding the foregoing, Barclays shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator pertinent transfer records for purposes of mailing notice to the Class.

c.    **Taxes**

2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B- 1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a) herein) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c) herein.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no responsibility or liability whatsoever for Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court,

and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.9.

### d. Termination of the Settlement

2.10    In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, the Settlement Funds less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions for counsel for Defendants in accordance with ¶ 7.4 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, the Class Representatives shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order ("Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval of the mailing of a settlement notice ("Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in

the Stipulation, the proposed Plan of Allocation, the general terms of the fee and Expense Application, as defined in ¶ 6.1 herein, and the date of the Settlement Hearing, as defined below.

3.2    Lead Counsel shall request that after notice is given, the Court hold a hearing ("Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Class Representatives' request for payment of time and for their expenses, if any.

**4.    Releases**

4.1    Upon the Effective Date, the Class Representatives shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

19

4.4    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives, each and all of the Class Members, and Class Representatives counsel, including Lead Counsel, from all Defendants' Claims. Claims to enforce the terms of this Stipulation or any order of the Court in the Litigation are not released.

## 5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    To pay all the Notice and Administration Expenses described in ¶ 2.8 herein;

(b)    To pay the Taxes and Tax Expenses described in ¶ 2.9;

(c)    To pay attorneys' fees and expenses of counsel for the Class Representatives ("Fee and Expense Award"), and to pay the Class Representatives for their time and expenses, if and to the extent allowed by the Court; and

(d)    After the Effective Date, to distribute the balance of the Settlement Fund ("Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

(b)    All Proofs of Claim and Releases must be submitted within seven (7) days of the date of the Settlement Hearing or such other time as may be set by the Court. Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation and the Settlement, including the terms of the Judgment and the releases provided for therein and herein, and will be barred and enjoined from bringing any action against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. Lead Counsel shall have no liability for not accepting late-submitted claims.

21

5.4     Persons who otherwise would be Class Members but desire to be excluded from the Settlement shall be required to provide a written statement that the Person wishes to be excluded from the Class for receipt by the Claims Administrator no later than twenty one (21) days prior to the Settlement Hearing or such other time as may be set by the Court. Unless otherwise ordered by the Court, any Person who is a Class Member and who does not submit a timely and valid request for exclusion from the Class shall be bound by this Stipulation. Copies of all requests for exclusion received shall be sent to counsel for Defendants and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.  Copies of all written retractions of requests for exclusion received, shall be sent to counsel for Defendants and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than three (3) calendar days prior to the Settlement Hearing.

5.5     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization selected by Lead Counsel. This is not a claims-made settlement. There will be no reversion to Defendants.

5.6     Except for Barclays' obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, Defendants and their Related Parties shall

22

have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Class claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants, their Related Parties, or counsel for Defendants with respect to the matters set forth in ¶¶ 5.1-5.8 herein; and the Class Members, Class Representatives, and Class Representatives' counsel, including Lead Counsel, release Defendants, Dismissed Defendants, and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.7 No Person shall have any claim against Defendants, Dismissed Defendants, or their Related Parties, counsel for Defendants, the Class Representatives, Lead Counsel, the Claims Administrator or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.8 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein. Defendants will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court.

23

**6. The Class Representatives' Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications ("Fee and Expense Application") to the Court for distributions from the Settlement Fund for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with prosecuting the Litigation; plus (iii) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. The Class Representatives may also submit an application for an award for their time and expenses in connection with the prosecution of the Litigation. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2 The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any objections thereto or potential for appeal therefrom. Lead Counsel may thereafter allocate the attorneys' fees among Class Representatives' other counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3 In the event that the Effective Date fails for any reason to occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, and such other Class Representatives' counsel who have received any portion of the Fee and Expense Award, shall, within fifteen (15) calendar days from receiving notice from Defendants' counsel or from a court of appropriate

jurisdiction, be severally and jointly obligated to refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Each such Class Representatives' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any Class Representatives' counsel for attorneys' fees and expenses, or the time and expenses of the Class Representatives, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Class Representatives' time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Defendants, Dismissed Defendants, and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Class Representatives' other counsel, the Class Representatives, or any other counsel or Person who receives payment from the Settlement Fund.

25

6.6    Defendants, Dismissed Defendants, and their Related Parties shall have no responsibility or liability whatsoever for the allocation among Lead Counsel, Class Representatives' other counsel, or any other counsel or Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all the following events:

(a)    The Court has entered the Preliminary Approval Order, as required by ¶ 3.1 herein;

(b)    The Settlement Amount has been deposited into the Escrow Account;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.3 herein;

(d)    The Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)    The Judgment has become Final, as defined in ¶ 1.16 herein.

7.2    Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever 'extinguished. If all of the conditions specified in ¶ 7.1 herein are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.4 herein, unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

26

7.3     Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members who or which, pursuant to timely and valid requests for exclusion from the Class, meet the conditions set forth in a confidential supplemental agreement ("Supplemental Agreement") between the Settling Parties. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

7.4     In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, then:

(a)     Within fifteen (15) calendar days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses which have either been disbursed pursuant to ¶¶ 2.8 or 2.9 herein, or are chargeable to the Settlement Fund pursuant to ¶¶ 2.8 or 2.9 herein, shall be refunded by the Escrow Agent to Barclays pursuant to written instructions from Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Barclays, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel;

27

(b)     Neither the Class Representatives nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶ 2.8 or 2.9 herein, and any expenses already incurred pursuant to ¶¶ 2.8 or 2.9 herein, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.10 and 7.4(a) herein;

(c)     The Settling Parties shall revert to their respective positions in the Litigation as of December 11, 2018; and

(d)     The terms and provisions of the Stipulation, with the exception of this ¶ 7.4(d) and ¶¶ 1.1-1.39, 2.8-2.10, 6.3, 8.3, and 8.6 herein, shall have no further force and effect with respect to the Settling Parties and shall not be enforceable, or used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.* No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the Plan of Allocation, or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of the Class Representatives' counsel or the Class Representatives, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

## 8.     Miscellaneous Provisions

8.1     The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

28

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Class Representatives and Defendants agree that all Settling Parties and their respective counsel have complied with Federal Rule of Civil Procedure 11. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made by any of the Settling Parties in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by the Class Representatives was not valid in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal or (iv) is or may be deemed to

29

be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigation as a class action for any other purpose than the Settlement. Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4   Defendants shall provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as appropriate, at their own expense.

8.5   Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8   The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto. No representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

30

8.9    Except as otherwise provided for herein, each Settling Party shall bear his, her or its own costs.

8.10   Lead Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.11   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

8.12   The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or e-mail shall be deemed originals.

8.13   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.14   The waiver by one party of any breach in this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

8.15   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

31

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.

8.17    Pending approval of the Court of the Stipulation and its Exhibits, other than by agreement of the Settling Parties, all proceedings in this Litigation shall be stayed and the Class Representatives and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.18    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

8.19    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

32

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation

to be executed by their duly authorized attorneys, dated January 28, 2019.


By: _____

POMERANTZ LLP
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
taweinrib@pomlaw.com


Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (213) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
*Lead Counsel for the Lead Plaintiffs and Class Representatives*

By: _____

SULLIVAN & CROMWELL LLP
Jeffrey T. Scott
Matthew A. Schwartz
Andrew H. Reynard
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 291-9138
scottj@sullcrom.com
schwartzmatthew@sullcrom.com
reynarda@sullcrom.com
*Counsel for Barclays PLC and Barclays Capital Inc.*

34

By: *John Del Monaco* J.L. 1/28/2019

KIRKLAND & ELLIS LLP
John P. Del Monaco
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
john.delmonaco@kirkland.com
*Counsel for William White*

35

To: Page 2 of 2    2019-06-03 17:45:39 (GMT)    From: Pomerantz LLP

Case 1:20-cv-10041-RKC-DCF    Document 170-46    Filed 06/14/23    Page 46 of 46
Case 1:14-cv-05797-VM-DCF    Document 146    Filed 06/03/19    Page 45 of 45

## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

BARBARA STROUGO, Individually and on  :
Behalf of All Others Similarly Situated,  :
                                          :    Case No. 1:14-cv-05797-VM-DCF
                Plaintiff(s),             :
                                          :    ECF CASE
        v.                                :
                                          :
BARCLAYS PLC, BARCLAYS CAPITAL            :
INC., ROBERT DIAMOND, ANTONY              :
JENKINS, CHRISTOPHER LUCAS, TUSHAR :
MORZARIA, and WILLIAM WHITE,              :
                                          :
                Defendants.               :

---------------------------------------------------------- X


## EXHIBIT 2
### From Declaration of Luiggy Segura – Exhibit C
### Docket 144-1, filed April 12, 2019
### List Of Persons Requesting Exclusion From The Settlement


1. Neil Harold M. Hauser
2. Stanley J. Chimahusky
3. Charles Anthony Belotte
4. Ong Chao Ying Eunice
5. Lynette Grants
6. Gloria Pettersen, representative for James C. Pettersen
7. Lucile E. Einess
8. Victor Manuel Cruz Cuellar
9. Rachel Foster (FKA Rachel Harris)
10. Anatole Vernon Kung