UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

CITY OF STERLING HEIGHTS POLICE &  :  Civil Action No. 1:20-cv-10041-PKC
FIRE RETIREMENT SYSTEM, Individually  :
and on Behalf of All Others Similarly Situated, :  CLASS ACTION
                                   :
                   Plaintiff,      :  DECLARATION OF JAY P. TURNER ON
                                   :  BEHALF OF CITY OF BIRMINGHAM
        vs.                        :  POLICE & FIRE RETIREMENT SYSTEM
                                   :  IN SUPPORT OF LEAD PLAINTIFF'S
RECKITT BENCKISER GROUP PLC,       :  MOTION FOR FINAL APPROVAL OF
RAKESH KAPOOR, and SHAUN           :  CLASS ACTION SETTLEMENT AND
THAXTER,                           :  APPROVAL OF PLAN OF ALLOCATION
                                   :  AND LEAD COUNSEL'S MOTION FOR
                   Defendants.     :  AN AWARD OF ATTORNEYS' FEES AND
———————————————————————————— x  EXPENSES AND AN AWARD TO LEAD
                                      PLAINTIFF PURSUANT TO 15 U.S.C.
                                      §78U- 4(A)(4)

I, Jay P. Turner, declare as follows:

1.      I am the Assistant City Attorney for the City of Birmingham, Alabama and oversee the City of Birmingham Retirement and Relief System ("City of Birmingham R&R" or "Lead Plaintiff" or the "Fund") in the above-captioned case (the "Litigation").

2.      The City of Birmingham R&R was established in 1951 and oversees more than $1 billion in assets for the benefit of approximately 7,300 members. City of Birmingham R&R is a public pension fund which was organized for the benefit of current and retired public employees of the City of Birmingham, Alabama.

3.      I respectfully submit this declaration in support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) in the amount of $1,500 for its time incurred in representing the Class.  I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

4.      The Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In seeking appointment as lead plaintiff, the Fund understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation. We vigorously prosecuted this case on behalf of the Class for more than three years. Ultimately, we agreed to settle the case only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of a $19,600,000 recovery.

5.      Following appointment as lead plaintiff, the Fund was kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement

with Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") concerning the litigation strategy in connection with discovery, class certification and the potential resolution of the Litigation. In its capacity as Lead Plaintiff, the Fund: (a) engaged in numerous meetings, phone conferences, and correspondence with Robbins Geller; (b) reviewed pleadings, including three amended complaints, one proposed amended complaint, and corresponding briefing; (c) reviewed detailed correspondence concerning the status of the Litigation; (d) produced documents and submitted declarations in connection with Plaintiffs' motion to certify the class; (e) produced documents in response to Defendants' requests for production; (f) consulted with Robbins Geller regarding litigation and settlement strategy; and (g) participated in and was kept informed about all aspects of the mediation and settlement negotiations.

6.      The Fund has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Robbins Geller to settle this Litigation for $19,600,000. The Fund is conscious of the possibility of losing at trial and that, even were it to prevail, the defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. The Fund believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

7.      While the Fund recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Robbins Geller's request for attorneys' fees of 27.5% of the Settlement Amount and expenses of $574,923.16, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Robbins Geller's diligent efforts.

8.      I expended approximately 23 hours on the prosecution of this Litigation, which would otherwise have been focused on daily business activities for the Fund. Based upon my

- 2 -

annual salary, we believe that an award of $1,500 is reasonable and appropriate for the time incurred on behalf of the Fund in representing the Class.

9.      The Fund respectfully requests that the Court grant final approval of the Settlement, approve Robbins Geller's motion for an award of attorneys' fees and expenses, and award the Fund $1,500 for its time expended in representing the Class in this Litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this __ day of June, 2023, in Birmingham, Alabama.

_____
Jay P. Turner
Assistant City Attorney

- 3 -

<u>CERTIFICATE OF SERVICE</u>

I, ALAN I. ELLMAN, hereby certify that on June 14, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ *Alan I. Ellman*
ALAN I. ELLMAN