# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | x : : : | Civil Action No. 1:20-cv-10041-PKC |
| Plaintiff, | : : : | CLASS ACTION |
| vs. | : : : | |
| RECKITT BENCKISER GROUP PLC, RAKESH KAPOOR, and SHAUN THAXTER, | : : : | |
| Defendants. | : x | |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED RECKITT BENCKISER GROUP PLC ("RECKITT" OR THE "COMPANY") AMERICAN DEPOSITARY SHARES ("ADSs") DURING THE PERIOD FROM JULY 28, 2014 THROUGH APRIL 9, 2019, INCLUSIVE, AND WERE DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JULY 7, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Plaintiffs City of Birmingham Retirement and Relief System and City of Sterling Heights Police & Fire Retirement System ("Plaintiffs") and Defendants Reckitt, Rakesh Kapoor and Shaun Thaxter and the proposed $19,600,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before July 7, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before June 28, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before June 28, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated March 10, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.ReckittSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **GO TO THE HEARING ON JULY 19, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before June 28, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $19.6 million Settlement Fund has been established. Based on Plaintiffs' estimate of the number of Reckitt ADSs eligible to recover under the Settlement, the average distribution per ADS under the Plan of Allocation is approximately $0.38 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 9-12 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Reckitt ADSs were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Reckitt ADSs were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Reckitt ADSs at various times during the Class Period; (6) the extent to which external factors influenced the prices of Reckitt ADSs at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Reckitt ADSs at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Reckitt ADSs at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel not to exceed thirty-three percent (33%) of the Settlement Amount, plus expenses not to exceed $610,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. This amount may include a request by the Lead Plaintiff for an award in connection with its representation of the Class. If the amounts requested are approved by the Court, the average cost per Reckitt ADS will be approximately $0.14.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-816-1707, or visit the website www.ReckittSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|----|-----|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Reckitt American Depositary Shares during the period from July 28, 2014 through April 9, 2019, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group plc, et al.*, No. 1:20-cv-10041-PKC. The case has been assigned to the Honorable P. Kevin Castel. The institutions representing the Class are the Plaintiffs, and the company and individuals they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|----|-----|

The action is currently pending before the Honorable P. Kevin Castel in the United States District Court for the Southern District of New York (the "Court"), under the caption *City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group plc, et al.*, Case No. 1:20-cv-10041-PKC (the "Litigation"). The initial complaint in the Litigation was filed on July 15, 2019 in the United States District Court for the District of New Jersey (the "New Jersey Court"). On September 26, 2019, the New Jersey Court appointed Lead Plaintiff and Lead Counsel. On November 30, 2020, the New Jersey Court granted Defendants' motion to transfer venue to the United States District Court for the Southern District of New York.

Plaintiffs' Second Amended Complaint, filed on January 11, 2021, alleged that Defendants and former defendants Adrian Hennah and Adrian Bellamy (the "Former Defendants") violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and English common and statutory law (the "English Law Claims"). More specifically, Plaintiffs alleged that, throughout the Class Period (from July 28, 2014 through April 9, 2019, inclusive), Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding an alleged scheme to mislead investors and the public regarding the advantages of Suboxone Film, a drug marketed by Reckitt's former subsidiary, Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"). Specifically, Plaintiffs alleged that in order to maintain and grow profits, senior executives at Reckitt and RBP devised a plan to switch prescribers from Suboxone Tablets to the new proprietary treatment Suboxone Film. Plaintiffs alleged Reckitt and RBP executives created a marketing campaign that touted the purported safety benefits of Suboxone Film over Suboxone Tablets in order to prevent generic competition, causing the prices of the Company's American Depositary Shares ("ADSs") and ordinary shares to trade at artificially inflated prices, until the market learned of the allegedly false and misleading statements, and the Company's share price significantly declined.

On January 16, 2020, Plaintiffs filed their Amended Complaint, and following transfer of the Litigation to this Court, on January 11, 2021, Plaintiffs filed their Second Amended Complaint.

On February 25, 2021, Defendants filed pre-motion to dismiss letters pursuant to the Court's individual practices. On March 10, 2021, Plaintiffs filed a response letter seeking leave to amend the complaint, which the Court granted.

On March 26, 2021, Plaintiffs' filed the Third Amended Complaint (the "Complaint"). On June 25, 2021, Defendants filed their motions to dismiss the Complaint. Plaintiffs filed their opposition on August 24, 2021, and Defendants filed their replies on September 23, 2021. On February 28, 2022, the Court granted in part, and denied in part, Defendants' motions to dismiss. Specifically, the Court dismissed the English Law Claims. Defendants answered the Complaint on April 13, 2022.

The parties held their Initial Pre-Trial Conference with the Court on April 29, 2022.

On June 21, 2022, Plaintiffs filed a motion for leave to amend their Complaint and join an additional party. Defendants opposed the motion on July 5, 2022, and Plaintiffs filed their reply on July 12, 2022. No decision had been rendered on the motion at the time this Settlement was reached, and on December 21, 2022, Plaintiffs withdrew the motion. The withdrawal was SO ORDERED on January 3, 2023.

On October 28, 2022, Plaintiffs filed their motion for class certification. Defendants filed their notice of non-opposition on December 19, 2022. On January 3, 2023, the Court ordered that, "[i]n view of the anticipated motion for preliminary approval, the motion to certify and other relief [was] DENIED without prejudice."

On November 1, 2021, the Settling Parties participated in a confidential mediation with the Hon. Layn Phillips (Ret.), an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good-faith negotiations, but did not reach a settlement and litigation continued. The Settling Parties held a second mediation with Judge Phillips on October 12, 2022. In advance of the second mediation, the parties provided Judge Phillips with updated mediation statements. Again, the Settling Parties engaged in good-faith negotiations, but no settlement was reached. The Settling Parties continued to engage in arm's-length negotiations, and on December 20, 2022, reached an agreement to resolve the Litigation, subject to the negotiation of mutually acceptable terms of a settlement agreement. The agreement-in-principle included, among other things, the Settling Parties' agreement to settle

the Litigation in return for a cash payment of $19.6 million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or the Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Reckitt ADSs during the period from July 28, 2014 through April 9, 2019, inclusive, and were damaged thereby, except those Persons and entities that are excluded.

Excluded from the Class are: (i) Defendants and the Former Defendants; (ii) members of the immediate family of each Defendant and Former Defendant; (iii) any Person who was an officer or director of Reckitt during the Class Period as well as members of their respective immediate families; (iv) any entity in which any Defendant or Former Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Reckitt; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before July 7, 2023.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-816-1707, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $19.6 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Reckitt ADSs represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.ReckittSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than July 7, 2023**. The Proof of Claim form may be submitted online at www.ReckittSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on July 19, 2023, at 2:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, which now exist, or heretofore or previously existed, or may hereafter exist, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Plaintiffs or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation, and (b) the purchase or acquisition of Reckitt ADSs by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; (iii) claims to enforce the Settlement; and (iv) claims arising from purchases of Reckitt Ordinary Shares during the Class Period.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, Former Defendants, Defendants' Counsel, and any of their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him,

her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself–or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Reckitt Securities Settlement*." Your letter must include your purchases or acquisitions of Reckitt ADSs during the Class Period, including the dates and the number of Reckitt ADSs purchased or acquired. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than June 28, 2023** to:

*Reckitt Securities Settlement*
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

6

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is June 28, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel not to exceed thirty-three percent (33%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $600,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.[2] Lead Plaintiff Birmingham may seek up to $10,000 for its costs and expenses incurred in representing the Class pursuant to 15 U.S.C. §78u-4(a)(4). Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Reckitt Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Reckitt ADSs you purchased or acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also identify all other class action settlements in which you or your counsel have filed objections. You must also include copies of documents demonstrating your purchase(s), acquisitions and/or sale(s) of Reckitt ADSs during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than June 28, 2023:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Daniel Patrick Moynihan United<br>States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ELLEN GUSIKOFF STEWART<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>TIMOTHY J. PERLA<br>60 State Street<br>Boston, MA 02109<br><br>KING & SPALDING LLP<br>RICHARD T. MAROONEY<br>PAUL A. STRAUS<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036 |

---

[2]    "Plaintiffs' Counsel" means Robbins Geller Rudman & Dowd LLP and VanOverbeke, Michaud & Timmony, P.C.

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **2:00 p.m., on July 19, 2023**, in the Courtroom of the Honorable P. Kevin Castel, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.ReckittSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, there exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ReckittSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ReckittSecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.ReckittSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Reckitt Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than June 28, 2023**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case. If you purchased Reckitt Ordinary Shares, this Settlement does not affect any of your current or potential claims arising from the purchase of Reckitt Ordinary Shares.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-816-1707. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.ReckittSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
CLASS MEMBERS**

The Settlement Amount of $19.6 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Reckitt ADSs during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Reckitt ADSs purchased or acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Reckitt ADSs was purchased or acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $16.01 per ADS.[3] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

---

[3] Under §21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for Reckitt ADSs are reduced to an appropriate extent by taking into account the closing prices of Reckitt ADSs during the 90-day look-back period. The mean (average) closing price for Reckitt ADSs during this 90-day look-back period was $16.01 per ADS as shown in Table A.

The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant. In developing the Plan of Allocation, Plaintiffs' damages consultant calculated the estimated amount of alleged artificial inflation in the per share prices of Reckitt ADSs that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages consultant considered the price changes in Reckitt ADSs in reaction to the public disclosures that allegedly corrected the alleged misrepresentation of omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud relating Company-specific information.

In order to have recoverable damages under the federal securities laws, disclosures of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Plaintiffs allege that corrective information allegedly impacting the price of Reckitt ADSs (the "corrective disclosure") was released to the market on July 24, 2017; February 19, 2018; and April 9, 2019. In order to have a "Recognized Loss Amount" under the Plan of Allocation, Reckitt ADSs must have been purchased or acquired during the Class Period and held through the issuance of one corrective disclosure.

A "claim" will be calculated as follows:

| Inflation Period | Inflation per ADS |
|---|---|
| July 28, 2014 – July 23, 2017 | $1.70 |
| July 24, 2017 – February 19, 2018 | $1.47 |
| February 20, 2018 – April 9, 2019 | $1.29 |

For Reckitt ADSs purchased, or acquired, on or between July 28, 2014 through and including April 9, 2019, the claim per ADS shall be as follows:

a)    If sold prior to July 24, 2017, the claim per ADS is $0.00.

b)    If sold on or between July 24, 2017 through April 9, 2019, the claim per ADS shall be the lesser of: (i) the inflation per ADS at the time of purchase less the inflation per ADS at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)    If retained at the end of April 9, 2019 and sold on or before July 8, 2019, the claim per ADS shall be the least of: (i) the inflation per ADS at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

d)    If retained at the end of July 8, 2019, or sold thereafter, the claim per ADS shall be the lesser of: (i) the inflation per ADS at the time of purchase; and (ii) the difference between the purchase price and $16.01.

**TABLE A**

**Reckitt Closing Price and Average Closing Price**

| Date | Price | Average Closing Price | | Date | Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 4/10/2019 | $15.87 | $15.87 | | 5/24/2019 | $16.38 | $15.86 |
| 4/11/2019 | $15.72 | $15.80 | | 5/28/2019 | $16.15 | $15.87 |
| 4/12/2019 | $15.68 | $15.76 | | 5/29/2019 | $16.16 | $15.88 |
| 4/15/2019 | $15.30 | $15.64 | | 5/30/2019 | $16.23 | $15.89 |
| 4/16/2019 | $15.30 | $15.57 | | 5/31/2019 | $16.14 | $15.90 |
| 4/17/2019 | $15.37 | $15.54 | | 6/3/2019 | $16.02 | $15.90 |
| 4/18/2019 | $15.36 | $15.51 | | 6/4/2019 | $16.18 | $15.91 |
| 4/22/2019 | $15.17 | $15.47 | | 6/5/2019 | $16.08 | $15.91 |
| 4/23/2019 | $15.48 | $15.47 | | 6/6/2019 | $16.31 | $15.92 |
| 4/24/2019 | $15.65 | $15.49 | | 6/7/2019 | $16.34 | $15.93 |
| 4/25/2019 | $15.83 | $15.52 | | 6/10/2019 | $16.25 | $15.94 |
| 4/26/2019 | $15.98 | $15.56 | | 6/11/2019 | $16.16 | $15.95 |
| 4/29/2019 | $16.08 | $15.60 | | 6/12/2019 | $16.90 | $15.97 |
| 4/30/2019 | $16.22 | $15.64 | | 6/13/2019 | $16.69 | $15.98 |
| 5/1/2019 | $16.01 | $15.67 | | 6/14/2019 | $16.51 | $15.99 |
| 5/2/2019 | $15.85 | $15.68 | | 6/17/2019 | $16.39 | $16.00 |
| 5/3/2019 | $15.97 | $15.70 | | 6/18/2019 | $16.50 | $16.01 |
| 5/6/2019 | $15.93 | $15.71 | | 6/19/2019 | $16.46 | $16.02 |
| 5/7/2019 | $15.62 | $15.70 | | 6/20/2019 | $16.02 | $16.02 |
| 5/8/2019 | $15.93 | $15.72 | | 6/21/2019 | $15.80 | $16.02 |
| 5/9/2019 | $16.09 | $15.73 | | 6/24/2019 | $16.13 | $16.02 |
| 5/10/2019 | $16.14 | $15.75 | | 6/25/2019 | $16.11 | $16.02 |
| 5/13/2019 | $15.96 | $15.76 | | 6/26/2019 | $15.75 | $16.02 |
| 5/14/2019 | $16.01 | $15.77 | | 6/27/2019 | $15.83 | $16.01 |
| 5/15/2019 | $16.04 | $15.78 | | 6/28/2019 | $15.88 | $16.01 |
| 5/16/2019 | $16.02 | $15.79 | | 7/1/2019 | $15.62 | $16.00 |
| 5/17/2019 | $15.98 | $15.80 | | 7/2/2019 | $15.97 | $16.00 |
| 5/20/2019 | $16.06 | $15.81 | | 7/3/2019 | $16.12 | $16.01 |
| 5/21/2019 | $16.10 | $15.82 | | 7/5/2019 | $16.06 | $16.01 |
| 5/22/2019 | $16.21 | $15.83 | | 7/8/2019 | $16.01 | $16.01 |
| 5/23/2019 | $16.33 | $15.85 | | | | |

For Class Members who held Reckitt ADSs at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Reckitt ADSs during the Class Period will be matched, in chronological order, first against Reckitt ADSs held at the beginning of the Class Period. The remaining sales of Reckitt ADSs during the Class Period will then be matched, in chronological order, against Reckitt ADSs purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Reckitt ADSs described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Reckitt ADSs that have been matched against Reckitt ADSs held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of Reckitt ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Reckitt ADSs during the Class Period shall not be deemed a purchase, acquisition or sale of Reckitt ADSs for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Reckitt ADSs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Reckitt ADSs.

With respect to Reckitt ADSs purchased or sold through the exercise of an option, the purchase/sale of the Reckitt ADSs is the exercise date of the option and the purchase/sale price of the Reckitt ADSs is the exercise price of the option. Any recognized claim arising from the purchase of Reckitt ADSs acquired during the Class Period through the exercise of an option on Reckitt ADSs shall be computed as provided for other purchases of Reckitt ADSs in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Reckitt ADSs during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Reckitt ADSs during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form via First-Class Mail directly to the beneficial owners of the Reckitt ADSs referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

DATED: MARCH 16, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | x : : : : | Civil Action No. 1:20-cv-10041-PKC |
|  | : : | CLASS ACTION |
| Plaintiff, | : : : |  |
| vs. | : : |  |
| RECKITT BENCKISER GROUP PLC, RAKESH KAPOOR, and SHAUN THAXTER, | : : : |  |
| Defendants. | : : : : |  |
|  | x |  |

### PROOF OF CLAIM AND RELEASE

### I.        GENERAL INSTRUCTIONS

1.        To recover as a Member of the Class based on your claims in the action *City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group plc, et al.*, No. 1:20-cv-10041-PKC (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release ("Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.        Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.        YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN JULY 7, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
Online Submissions: www.ReckittSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

4.        If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.        It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### II.        CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Reckitt Benckiser Group plc ("Reckitt") American Depositary Shares ("ADSs") during the period from July 28, 2014 through April 9, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) Defendants and the Former Defendants; (ii) members of the immediate family of each Defendant and Former Defendant; (iii) any Person who was an officer or director of Reckitt during the Class Period as well as members of their respective immediate families; (iv) any entity in which any Defendant

---

[1]        This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.ReckittSecuritiesSettlement.com.

or Former Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Reckitt; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Reckitt ADSs which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE RECKITT ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Reckitt American Depositary Shares," to supply all required details of your transaction(s) in Reckitt ADSs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Reckitt ADSs you held at the close of trading on July 27, 2014, April 9, 2019, and July 8, 2019. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Reckitt ADSs, and the date of a "short sale" is deemed to be the date of sale of Reckitt ADSs.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Reckitt ADSs. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

2

**Official Office Use Only**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group plc, et al.*

Civil Action No. 1:20-cv-10041-PKC

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than July 7, 2023**

# REK

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN RECKITT ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.     First Name

Last Name (Co-Beneficial Owner)

M.I.     First Name (Co-Beneficial Owner)

◯ IRA     ◯ Joint Tenancy     ◯ Employee     ◯ Individual     ◯ Other _____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number     or     Taxpayer Identification Number

Telephone Number (Primary Daytime)     Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City     State     ZIP Code

Foreign Province     Foreign Postal Code     Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ◯ ATP ◯ KE ◯ ICI | ◯ BE ◯ DR ◯ EM | ◯ FL ◯ ME ◯ ND | ◯ OP ◯ RE ◯ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II: SCHEDULE OF TRANSACTIONS IN RECKITT AMERICAN DEPOSITARY SHARES**

A.   Number of Reckitt ADSs held at the close of trading on July 27, 2014:

Proof Enclosed?
○ Y     ○ N

B.   Purchases or acquisitions of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

**PURCHASES**

| | Trade Date(s) (List Chronologically) | Number of ADSs Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $          . 00 | ○ Y  ○ N |
| 2. | / / | | $          . 00 | ○ Y  ○ N |
| 3. | / / | | $          . 00 | ○ Y  ○ N |
| 4. | / / | | $          . 00 | ○ Y  ○ N |
| 5. | / / | | $          . 00 | ○ Y  ○ N |

IMPORTANT:   (i) If any purchase listed covered a "short sale," please mark Yes:   ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y          Merger Shares:          Company:

C.   Sales of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

**SALES**

| | Trade Date(s) (List Chronologically) | Number of ADSs Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $          . 00 | ○ Y  ○ N |
| 2. | / / | | $          . 00 | ○ Y  ○ N |
| 3. | / / | | $          . 00 | ○ Y  ○ N |
| 4. | / / | | $          . 00 | ○ Y  ○ N |
| 5. | / / | | $          . 00 | ○ Y  ○ N |

D.   Number of Reckitt ADSs held at the close of trading on April 9, 2019:

Proof Enclosed?
○ Y     ○ N

E.   Number of Reckitt ADSs held at the close of trading on July 8, 2019:

Proof Enclosed?
○ Y     ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Reckitt ADSs during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.    "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Former Defendants, Defendants' Counsel, and any of their Related Parties.

3.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, which now exist, or heretofore or previously existed, or may hereafter exist, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Plaintiffs or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation, and (b) the purchase or acquisition of Reckitt ADSs by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; (iii) claims to enforce the Settlement; and (iv) claims arising from purchases of Reckitt Ordinary Shares during the Class Period.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard



5

to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Reckitt ADSs during the Class Period and the number of Reckitt ADSs held by me (us) at the close of trading on July 27, 2014, April 9, 2019, and July 8, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

(Month/Year)          (City/State/Country)

_____     _____
(Sign your name here)                               (Sign your name here)

_____     _____
(Type or print your name here)                     (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,                 (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this claim is being made on behalf of Joint Clamaints, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN JULY 7, 2023:**

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
www.ReckittSecuritiesSettlement.com

