UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CITY OF STERLING HEIGHTS POLICE & :   Civil Action No. 1:20-cv-10041-PKC
FIRE RETIREMENT SYSTEM, Individually :
and on Behalf of All Others Similarly Situated, :   <u>CLASS ACTION</u>
                                          :
                    Plaintiff, :   DECLARATION OF ALAN I. ELLMAN
                                          :   FILED ON BEHALF OF ROBBINS GELLER
    vs. :   RUDMAN & DOWD LLP IN SUPPORT OF
                                          :   APPLICATION FOR AWARD OF
RECKITT BENCKISER GROUP PLC, :   ATTORNEYS' FEES AND EXPENSES
RAKESH KAPOOR, and SHAUN :
THAXTER, :
                                          :
                  Defendants. :
                                          :

———————————————————————— x

4873-7162-0710.v1

I, Alan I. Ellman, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Lead Counsel of record for Lead Plaintiff City of Birmingham Retirement and Relief System, Plaintiff City of Sterling Heights Police & Fire Retirement System, and the Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 9,727.70.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $6,161,391.50.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases

- 1 -

set by the Firm for each individual.  These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation.  The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.  Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms.  For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.       The Firm seeks an award of $574,923.16 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

6.       The following is additional information regarding certain of these expenses:

(a)       Filing, Witness and Other Fees: $6,168.84.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who served process of the complaint or subpoenas.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)       Business Wire: $545.45.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the

4873-7162-0710.v1

pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)    Court Hearing Transcripts: $510.20.  The vendors who were paid for these services are listed in the attached Exhibit D.

(d)    Outside United Kingdom Counsel/Experts: $192,496.78.

(i)    Richard Slade and Company: $142,232.40.  Richard Slade and Company ("Richard Slade") is a London-based law firm specializing in complex litigation.  Richard Slade advised Robbins Geller attorneys regarding Plaintiffs' claims concerning English common law and Section 90A of the U.K. Financial Services and Markets Act 2000 ("FSMA") (collectively, the "English Law claims").  Robbins Geller attorneys worked closely with Richard Slade attorneys to ensure the English Law claims in the TAC were pleaded accurately and in accordance with English and UK precedent.

Richard Slade also provided the services of David Lord, KC. [1]  Mr. Lord is a barrister and King's Counsel at Three Stone, another London-based law firm.  Mr. Lord was called to the bar of England and Wales in 1987 and appointed Queen's Counsel in 2009.  Mr. Lord submitted two rebuttal declarations in connection with Plaintiffs' opposition to Defendants' motions to dismiss.  Specifically, Mr. Lord opined that he disagreed with Defendants' expert's arguments that arbitration and forum selection clauses in Reckitt's articles of association applied to the English Law claims.

---

[1]    After the coronation of King Charles III, the designation of Queen's Counsel was changed to King's Counsel ("KC").

- 3 -

(ii)    Thomas Lowe KC: $40,500.00.   Mr. Lowe is a barrister in independent practice and a member of Wilberforce Chambers, a London-based law firm.  He was called to the bar of England and Wales in 1985 and appointed Queen's Counsel in 2008.  Mr. Lowe submitted two declarations in connection with Plaintiffs' opposition to Defendants' motions to dismiss. Specifically, Mr. Lowe opined that he disagreed with Defendants' expert's interpretations of English common law and FSMA, and how they applied to the English Law claims.

(iii)    Serle Court: $9,764.38.   Serle Court is a London-based law firm specializing in chancery and commercial litigation.  Serle Court provided the services of Dominic Dowley KC.  Mr. Dowley provided Robbins Geller attorneys with English common law and FSMA guidance during Plaintiffs' pre-filing investigation of the English Law claims.

(e)    Experts/Consultants: $257,599.80.

(i)    Crowninshield Financial Research ("Crowninshield"): $189,254.00. Crowninshield is a financial economics consulting firm.  Robbins Geller retained Professor Steven P. Feinstein, Ph.D., CFA, the founder and president of Crowninshield and Associate Professor of Finance at Babson College, to provide an expert report.  Professor Feinstein opined on: (1) the efficiency of the market for Reckitt ADSs during the Class Period, and (2) whether or not damages could be subject to measurement on a class-wide basis.  Professor Feinstein's expert report on these issues was submitted as an exhibit in support of Plaintiffs' motion for class certification.

(ii)    Michael Carrier: $42,500.00.   Michael Carrier is a Distinguished Professor of Law at Rutgers Law School.  He is a leading authority in antitrust law with expertise in the pharmaceutical industry.  Robbins Geller attorneys consulted with Professor Carrier during fact discovery to help interpret and analyze certain documents produced by Defendants and third parties.

- 4 -

Professor Carrier provided insight into Defendants' alleged anticompetitive business scheme relating to suppression of generic Tablets from the marketplace.

(iii)     ValueScope, Inc. ("ValueScope"): $21,345.80.  ValueScope is one of the nation's leading financial valuation firms.  Robbins Geller retained Scott Hakala, Ph.D, CFA, a Principal of ValueScope, as a consultant providing econometric analyses and damages calculations.  Dr. Hakala provided analyses and calculations at various stages in the Litigation, including settlement.

(iv)     The Expert Institute Group, LLC: $4,500.00.  The Expert Institute Group assists counsel with identifying appropriate experts.  Robbins Geller attorneys identified and interviewed expert candidates through the Expert Institute Group, including Professor Carrier.  Robbins Geller paid the Expert Institute Group referral fees for this service.

(f)     Photocopies: $1,012.45.  In connection with this case, the Firm made 343 black and white copies.  Robbins Geller requests $0.15 per copy for a total of $51.45.  Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation.  The Firm also paid $961.00 to the Federal Trade Commission for record searches in connection with a Freedom of Information Act request by Plaintiffs.

(g)     Online Legal and Financial Research: $22,770.31.  This category includes vendors such as LexisNexis products, PACER, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services

requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(h)    eDiscovery Database Hosting: $41,271.62.    Robbins Geller requests $41,271.62 for hosting eDiscovery related to this Litigation.  Robbins Geller has installed top tier database software, infrastructure, and security.  The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms.  Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.  Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost.  Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor.  Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently and has reduced the expense associated with maintaining and searching electronic

4873-7162-0710.v1

discovery databases.  Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges.  The amount requested reflects charges for the hosting of over 5.4 million pages of documents produced by parties and non-parties in this action.

(i)      Mediation Fees: $51,760.00.  These are the fees of the mediator, the Honorable Layn R. Phillips, a retired federal judge.  Judge Phillips oversaw two mediations involving the parties, reviewed the mediation statements and other materials provided by counsel, and participated in numerous follow-up discussions with counsel.  The efforts of Judge Phillips were instrumental to the settlement of the Litigation.

7.      The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.      The identification and background of my Firm and its partners is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of June, 2023, at Melville, New York.

*s/Alan I. Ellman*
ALAN I. ELLMAN

4873-7162-0710.v1

CERTIFICATE OF SERVICE

I, ALAN I. ELLMAN, hereby certify that on June 14, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ *Alan I. Ellman*
ALAN I. ELLMAN