UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

CITY OF STERLING HEIGHTS POLICE     :    Civil Action No. 1:20-cv-10041-PKC
FIRE RETIREMENT SYSTEM, Individually   :
and on Behalf of All Others Similarly Situated, :    <u>CLASS ACTION</u>
                                  :
                  Plaintiff,    :    REPLY MEMORANDUM OF LAW IN
                                  :    FURTHER SUPPORT OF PLAINTIFFS'
      vs.                       :    MOTION FOR FINAL APPROVAL OF
                                  :    CLASS ACTION SETTLEMENT AND
RECKITT BENCKISER GROUP PLC,      :    APPROVAL OF PLAN OF ALLOCATION
RAKESH KAPOOR, and SHAUN           :    AND FOR AN AWARD OF ATTORNEYS'
THAXTER,                         :    FEES AND EXPENSES AND AN AWARD
                                  :    TO LEAD PLAINTIFF PURSUANT TO 15
               Defendants.    :    U.S.C. §78u-4(a)(4)
                                  :

———————————————————— x

4857-2333-2462.v1

Lead Plaintiff City of Birmingham Retirement and Relief System and Plaintiff City of Sterling Heights Police & Fire Retirement System ("Plaintiffs") respectfully submit this reply memorandum of law in further support of their application for approval of the $19,600,000 Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and award to Lead Plaintiff.[1]

## I.    PRELIMINARY STATEMENT

Now that the June 28, 2023 deadline for objections and exclusions from the Class has passed, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Class to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses and an award to Lead Plaintiff has been overwhelmingly positive.

Pursuant to the Preliminary Approval Order (ECF 164), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing over 198,900 copies of the Notice Packet to potential Class Members and nominees. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Murray Supp. Decl."), submitted herewith, ¶4.

No Class Member has objected to the Settlement or Plan of Allocation, and only one objected to the fee and expense application. Further, only five requests for exclusion have been received. As explained below, the Class's reaction confirms that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and an award to Lead Plaintiff are fair and

---

[1]    Unless otherwise noted, capitalized terms have the meanings given to them in the Stipulation of Settlement (ECF 162) or in the Declaration of Alan I. Ellman in Support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 171.

4857-2333-2462.v1

reasonable, and should be approved, and the sole objection to Lead Counsel's fee application, which is factually inaccurate and otherwise misguided, should be overruled.

## II.      THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the application is warranted.  Now that the time for objecting or requesting exclusion from the Class has passed, the lack of any objections from the Class to the Settlement or Plan of Allocation and only five opt-outs provide additional support for approval of the application.

Pursuant to the Preliminary Approval Order, more than 198,900 copies of the Notice Packet were mailed to potential Class Members and their nominees.  *See* Murray Suppl. Decl., ¶4 (198,903 Notice Packets mailed).  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Amount and payment of litigation expenses not exceeding $610,000, plus interest on both amounts, and that Lead Plaintiff may request an award of up to $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.  *See* Notice (ECF 173-1), at 8.  Lead Counsel and Lead Plaintiff are requesting amounts less than those set forth in the Notice.  Specifically, Lead Counsel requests an award of attorneys' fees of 27.5% of the Settlement Fund, expenses of $574,923.16, and a Lead Plaintiff award of $1,500.  *See* ECF 170.

The Notice also apprised Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Lead Plaintiff's award, as well as their right to exclude themselves from the Class and the June 28, 2023 deadline for filing objections or requests for exclusion.  The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Claim

- 2 -

4857-2333-2462.v1

Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See* ECF 173 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date), ¶11. The Claims Administrator also established a Settlement-related website (www.ReckittSecuritiesSettlement.com) that provided information and links to relevant documents (*id.*, ¶13), and the Notice directed potential Class Members to contact Lead Counsel with any questions. ECF 173-1.

Following this extensive notice program, no Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd*, *In re Facebook Inc.*, 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

Although a "certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members," *In re Payment Card*

- 3 -

4857-2333-2462.v1

*Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).[2]

Notably, no institutional investors or pension funds have objected to the Settlement. The absence of objections by these sophisticated Class Members – who have the resources to carefully evaluate the Settlement and object if it was appropriate to do so – further evidences the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

The lack of any objection also supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Similarly, the paucity of requests for exclusion reflects the Class's approval of the Settlement and offers clear support for the Court's approval thereof. *See, e.g.*, *In re Bear Stearns Cos., Inc.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am. Int'l Grp. Inc. Sec. Litig.*, 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x 75

---

[2]    *See also Advanced Battery*, 298 F.R.D. at 176 (same); *Athale v. Sinotech Energy Ltd.*, 2013 WL 11310686, at *4 (S.D.N.Y. Sept. 4, 2013) (same).

4857-2333-2462.v1

(2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").  Here, in response to the 198,903 Notice Packets mailed to date, the Claims Administrator has received only five requests for exclusion from the Class, all of which were invalid for failing to provide the number of Reckitt ADS purchased during the Class Period.  *See* Murray Supp. Decl., at ¶¶5-6.

### III.   THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION

As to Lead Counsel's request for an award of attorneys' fees and for payment of expenses, the Notice advised that Lead Counsel would seek a fee award not to exceed 33% of the Settlement Fund, which will include accrued interest, if any, and payment of expenses not to exceed $610,000, plus accrued interest, if any.  Lead Counsel is seeking a fee of 27.5%.  ECF 170.  Lead Counsel received only one objection to the fee application, which objects to a 33% fee, not to the 27.5% actually sought.  ECF 175.  It is unclear whether the objector, Mr. Larry Killion, objects to a 27.5% fee, as he mailed his objection on June 10, 2023, prior to the June 14, 2023 deadline to file the Fee Motion.[3]  Given the tenor of the objection, Lead Counsel assumes that Mr. Killion objects to a 27.5% fee as well.[4]

The objection should be overruled, as it completely fails to address the reasonableness of the proposed fee ***in this securities fraud case*** (it contains many references to data breach cases, as it is similar if not identical to his objections filed in that type of case), and the work undertaken by Lead

---

[3]   Mr. Killion lodged a similar objection to the fee application in *In re Nielsen Holdings PLC Securities Litigation*, Civil Action No. 1:18-cv-07143-JMF (S.D.N.Y.).  Judge Furman considered the objection and overruled it.  *See id.*, ECF 156.  This Court should do the same.

[4]   Mr. Killion also submitted an untitled, rambling "manifesto" on the evils of attorneys' fees in common-fund litigation.  It lacks any identification of its author(s) or the organization which prepared it.

4857-2333-2462.v1

Counsel on a fully-contingent basis, as set forth in the opening briefs and Declaration of Alan I. Ellman (ECF 167-171). The objection rests largely on the erroneous views that the litigation and claims were not complex or risky, that attorneys' fee requests "typically are 'rubber stamped,'" and that common fund fee awards are invariably too high. ECF 175 at 5. Mr. Killion's views are belied by the claims at issue here, the case law within the Second Circuit, and insults the role of the Court in determining a fair attorneys' fee. In reviewing a fee application in the class action context, the "court is 'to act as a fiduciary who must serve as a guardian of the rights of absent class members.'" *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 249 (2d Cir. 2007) (citation omitted). No fee awards are "rubber stamped." With respect to the merits of Lead Counsel's fee request in this case, "[c]ourts in the Second Circuit have recognized that the risk associated with a case undertaken on a contingent fee basis is an important fact in determining an appropriate fee award." *In re FLAG Telecom*, 2010 WL 4537550, at *27. Similarly, courts have recognized that, "in addition to providing just compensation, awards of fair attorneys' fees from a common fund should also serve to encourage skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons, and to discourage future alleged misconduct of a similar nature." *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *11 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x. 73 (2d Cir. 2015). Application of these concepts here provides adequate support for the proposed 27.5% fee request.

In fact, the requested 27.5% fee is no "windfall" to Lead Counsel. The amount of attorneys' fees sought ($5,390,000) represents a ***negative*** multiplier to Lead Counsel's $6,161,391.50 lodestar. *See* ECF 174 (Fee Declaration), ¶4. "Courts have repeatedly recognized that the reasonableness of the fee request under the percentage method is reinforced where, as here, 'the percentage fee would

4857-2333-2462.v1

represent a negative multiplier of the loadstar.'"  *Guevuora Fund Ltd. v. Sillerman*, 2019 WL 6889901, at \*18 (S.D.N.Y. Dec. 18, 2019).

The positive reaction of the Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff.  The absence of a significant number of objections (and none from any institutions) supports a finding that these requests are fair and reasonable.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'") (citation omitted); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at \*1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## IV.     CONCLUSION

For the foregoing reasons and those set forth in the opening papers, Plaintiffs respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and award to Lead Plaintiff, and overrule the objection by Mr. Killion.  Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

- 7 -

4857-2333-2462.v1

DATED:  July 10, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
ALAN I. ELLMAN
CHRISTOPHER T. GILROY


          s/ Alan I. Ellman
        ALAN I. ELLMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
malba@rgrdlaw.com
aellman@rgrdlaw.com
cgilroy@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 8 -

4857-2333-2462.v1

CERTIFICATE OF SERVICE

I, ALAN I. ELLMAN, hereby certify that on July 10, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ *Alan I. Ellman*
ALAN I. ELLMAN