UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

CITY OF STERLING HEIGHTS POLICE     :
FIRE RETIREMENT SYSTEM, Individually   :
and on Behalf of All Others Similarly Situated, :
                               :
              Plaintiff,    :
                               :
    vs.                       :
                               :
RECKITT BENCKISER GROUP PLC,    :
RAKESH KAPOOR, and SHAUN       :
THAXTER,                     :
                               :
            Defendants.   :
                               :

————————————————————————— x

Civil Action No. 1:20-cv-10041-PKC

CLASS ACTION

[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Notice Order") dated March 16, 2023, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 10, 2023 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, solely for purposes of effectuating the Settlement, a Class defined as: all Persons who purchased or otherwise acquired Reckitt ADSs during the period from July 28, 2014 through April 9, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) Defendants and the Former Defendants; (ii) members of the immediate family of each Defendant and Former Defendant; (iii) any Person who was an officer or director of Reckitt during the Class Period as well as members of their respective immediate families; (iv) any entity in which any Defendant or Former Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Reckitt; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person.

4.      Also excluded from the Class is any Person who would otherwise be a Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

5.      Solely for purposes of the Settlement of this Litigation, the Court finds that: (a) the Class Members are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Class Members individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

(a)      said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      Plaintiffs and Lead Counsel have adequately represented the Class;

(c)      there was no collusion in connection with the Stipulation;

- 2 -

(d)     the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

(e)     the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)     the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)     the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

7.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.     Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the

Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.  Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

9.      Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

10.      Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

11.      Upon the Effective Date, any and all Persons are permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting against any Released Defendant Party any claim for indemnity or contribution, or any other claim against any Released Defendant Party where the alleged injury to such Person is that Person's actual or threatened liability or any settlement payment or obligation to the Class or a Class Member in the Litigation, based upon, arising out of or related to the Released Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims or third-party claims, whether

asserted in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.

12.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Class Members are bound by this Judgment.

13.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

14.     Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties

or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $19,600,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17.     The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

18.     The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Former Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a

distribution from the Net Settlement Fund), as well as their respective successors and assigns.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of December 20, 2022, as provided in the Stipulation.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.  The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

21.     This Litigation and all Released Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

22.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _July 19, 2023_

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

23.  All motions should be terminated and the case -7- closed.   PKC

# EXHIBIT 1



*REK-EXCL00001*

RECEIVED
May 17, 2023
Claims Center

# Exclusion Cover Page

Case Name: Reckitt Securities Settlement

Case Code: REK

Exclusion Deadline: June 28, 2023 (Postmark No later than)

Name of Person Filing Exclusion: Koniag Inc.



May 8, 2023

Reckitt Securities Settlement
c/o Gilardi & Co LLC
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

RE:    *In re Reckitt Securities Settlement, Civil Action No. 1:20-cv-10041-PKC*

To Whom It May Concern:

Please consider this a written request by Koniag, Inc. and any of its subsidiaries, for exclusion from the Class in the *Reckitt Securities Settlement*.

Sincerely,

Shane Kanady
Associate General Counsel

Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/10/23   Page 4 of 23



Koniag

ADDRESS SERVICE REQUESTED

RECEIVED
MAY 17 2023
BY:..................

Reckitt Securities Settlement
c/o Gilardi & Co LLC
EXCLUSIONS
PO Box 5100
, Larkspur, CA 94977-5100

5497385100 BC14



RECEIVED
June 22, 2023
Claims Center

# Exclusion Cover Page

Case Name: Reckitt Securities Settlement

Case Code:  REK

Exclusion Deadline: June 28, 2023 (Postmark No later than)

Name of Person Filing Exclusion: Debbie Allen

June 14, 2023
Reckitt Securities Settlement
c/o Gilardi & Co. LLC
ATTN:  EXCLUSIONS
P.O. Box 5100
Larkspur, CA  94977-5100


Debbie Allen
███████████████

Dear Sirs,

I am requesting exclusion from the Class in the Reckitt Securities Settlement, I do not have any Reckitt ADSs purchased or acquired.  I retired from Mead Johnson Co/Reckitt Benckiser Group on March 30, 2017.

Let me know if you have any questions.

Sincerely,

Debbie Allen
███████████████

*Debbie & Kenny Allen*



PMi L

RECEIVED
JUN 2 2 2023
BY:

Reckitt Securities Settlement
c/o Gilardi & Co. LLC
Attn: EXCLUSIONS
P.O. Box 5100
Larkspur, CA  94977-5100

94977-510000



*REK-EXCL00003*

RECEIVED
June 13, 2023
Claims Center

# Exclusion Cover Page

Case Name: Reckitt Securities Settlement

Case Code:  REK

Exclusion Deadline: June 28, 2023 (Postmark No later than)

Name of Person Filing Exclusion: Herman Donald Friedrichsen

June 7, 2023

Reckitt Securities Settlement
Claims Administrator
℅ Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

To whom it may concern;
    I, Herman Donald Friedrichsen, wish to be excluded from  any and all legal proceedings in the matter of , City of Sterling Heights police and fire retirement system, vs. Reckitt Benckiser Group.
    All information that I have received has been "shredded" as will  be all future communications.

H. Donald Friedrichsen

Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/10/23   Page 10 of 23

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|---|
| GO TO THE HEARING ON JULY 19, 2023 | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be received by the Court and counsel on or before June 28, 2023.** |
| DO NOTHING | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $19.6 million Settlement Fund has been established. Based on Plaintiffs' estimate of the number of Reckitt ADSs eligible to recover under the Settlement, the average distribution per ADS under the Plan of Allocation is approximately $0.38 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class** **ers should note, however, that these are only estimates. A Class Member's actual recovery will be a proportion of**

Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/10/23   Page 11 of 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CITY OF STERLING HEIGHTS POLICE & FIRE :   Civil Action No. 1:20-cv-10041-PKC
RETIREMENT SYSTEM, Individually and on Behalf :
of All Others Similarly Situated,         :   CLASS ACTION
                                          :
                        Plaintiff,        :
                                          :
        vs.                               :
                                          :
RECKITT BENCKISER GROUP PLC, RAKESH       :
KAPOOR, and SHAUN THAXTER,                :
                                          :
                        Defendants.       :

---------------------------------------------------------------x



7 JUN 2023   PM

PROTECT

Friedlander

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED
JUN 1 3 2023
BY:

REK



RECEIVED
June 30, 2023
Claims Center

# Exclusion Cover Page

Case Name: Reckitt Securities Settlement

Case Code:  REK

Exclusion Deadline: June 28, 2023 (Postmark No later than)

Name of Person Filing Exclusion: Beryl Kelsi Arcos

Beryl Kelsi Arcos

██████████████████

Rickitt Securities Settlement
Claims Administrator
C/o Gilardi & Co. LLC

PO Box 8040
San Rafael, CA 94912-8040

Re: Class Action

Dear Sir or Madam,

I received the enclosed invitation
to participate in the Civil Action
1:20-CV-10041-PKC, and I want to
be excluded from this law suit.
Please call me if you have questions
████████████. Again, I don't want to
be in the class action suit. Thank you,

Beryl Kelsi
Arcos

Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/19/23   Page 15 of 23

Official
Office
Use
Only

Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than July 7, 2023

**REK**

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

*In re:*
*System v. Reckitt Benckiser Group plc, et al.*

Civil Action No. 1:20-cv-10041-PKC

**PROOF OF CLAIM AND RELEASE**

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN RECKITT ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

**PART I. CLAIMANT IDENTIFICATION**

Last Name _____  M.I. ___  First Name _____

Last Name (Co-Beneficial Owner) _____  M.I. ___  First Name (Co-Beneficial Owner) _____

Company Name (Beneficial Owner - if Claimant is not an Individual) or Custodian Name if an IRA _____

☐ IRA   ☐ Joint Tenancy   ☐ Employee   ☐ Individual   ☐ Other _____ (specify)

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above) _____

Account#/Fund# (Not Necessary for Individual Filers) _____

Last Four Digits of Social Security Number _____  or  Taxpayer Identification Number _____

Telephone Number (Primary Daytime) _____   Telephone Number (Alternate) _____

Email Address _____

**MAILING INFORMATION**

Address _____

Address (cont.) _____

City _____   State ___   ZIP Code _____

Foreign Province _____   Foreign Postal Code _____   Foreign Country Name/Abbreviation _____

| FOR CLAIMS PROCESSING ONLY | | | | | | | | | | | | | / / |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

3

---

to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.   These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.   I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Reckitt ADSs during the Class Period and the number of Reckitt ADSs held by me (us) at the close of trading on July 27, 2014, April 9, 2019, and July 8, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, _____
                    (Month/Year)

_____  in  _____
(Sign your name here)              (City/State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g.,
Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send originals of certificates.**

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. Do not use red pen or highlighter on the Claim Form or supporting documentation.

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g.,
Beneficial Purchaser or Acquirer, Executor or Administrator)

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN JULY 7, 2023:**

Reckitt Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
www.ReckittSecuritiesSettlement.com

6



Document 178-1   Filed 07/10/23   Page 16 of 23

## PART II. SCHEDULE OF TRANSACTIONS IN RECKITT AMERICAN DEPOSITARY SHARES

**A.** Number of Reckitt ADSs held at the close of trading on July 27, 2014:  ___   Proof Enclosed? Y / N

**B.** Purchases or acquisitions of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

### PURCHASES

| Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of ADSs Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 2. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 3. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 4. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 5. __ / __ / ____ | | $ _____ . 00 | Y / N |

**IMPORTANT:** (i) If any purchase listed covered a "short sale," please mark Yes:  Yes ___

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

Merger Shares: _____    Company: _____

**C.** Sales of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

### SALES

| Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of ADSs Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| 1. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 2. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 3. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 4. __ / __ / ____ | | $ _____ . 00 | Y / N |
| 5. __ / __ / ____ | | $ _____ . 00 | Y / N |

**D.** Number of Reckitt ADSs held at the close of trading on April 9, 2019:  ___   Proof Enclosed? Y / N

**E.** Number of Reckitt ADSs held at the close of trading on July 8, 2019:  ___   Proof Enclosed? Y / N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



---

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Reckitt ADSs during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASES

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.   "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Former Defendants, Defendants' Counsel, and any of their Related Parties.

3.   "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, which now exist, or heretofore or previously existed, or may hereafter exist, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Plaintiffs or any other member of the Class have asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation, and (b) the purchase or acquisition of Reckitt ADSs by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; (iii) claims to enforce the Settlement; and (iv) claims arising from purchases of Reckitt Ordinary Shares during the Class Period.

4.   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.   "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release with Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard





RDC 20

94912

U.S. POSTAGE PAID

JUN UK '23
AMOUNT
**$1.26**

R2304M116318-02

RECEIVED
JUN 3 0 2023

BY: ..............

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

CLAIMS CENTER

REK



REK-EXCL00005

RECEIVED
June 14, 2023
Claims Center

# Exclusion Cover Page

Case Name: Reckitt Securities Settlement

Case Code:  REK

Exclusion Deadline: June 28, 2023 (Postmark No later than)

Name of Person Filing Exclusion: Maria L Brown

<table>
<tr><td>Official<br>Office<br>Use<br>Only</td><td></td><td></td></tr>
</table>

**Must Be Postmarked (if Mailed)<br>or Received (if Submitted Online)<br>No Later Than July 7, 2023**

L
SC

IRT
ORK

# REK

*City of ~~Sterling Heights Police & Fire Retirement~~<br>System v. Reckitt Benckiser Group plc, et al.*

Civil Action No. 1:20-cv-10041-PKC

**PROOF OF CLAIM AND RELEASE**

Please Type or Print in the Boxes Below<br>Do <u>NOT</u> use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN RECKITT ADSs.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

### PART I. CLAIMANT IDENTIFICATION

Last Name
*BROWN*

M.I. First Name
*L   MARIA*

Last Name (Co-Beneficial Owner)

M.I.   First Name (Co-Beneficial Owner)

**X** IRA          Joint Tenancy          Employee          Individual          Other _____
                                                                                                (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

*I wish to be excluded.*
*Maria L Brown*
*June 13, 2023*

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number          or          Taxpayer Identification Number

Telephone Number (Primary Daytime)          Telephone Number (Alternate)

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City                    State          ZIP Code

Foreign Province          Foreign Postal Code          Foreign Country Name/Abbreviation

<table>
<tr><td>FOR CLAIMS<br>PROCESSING<br>ONLY</td><td>OB</td><td>CB</td><td>ATP<br>KE<br>ICI</td><td>BE<br>DR<br>EM</td><td>FL<br>ME<br>ND</td><td>OP<br>RE<br>SH</td><td>/</td><td>/</td><td>FOR CLAIMS<br>PROCESSING<br>ONLY</td></tr>
</table>



3

Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/10/23   Page 29 of 32

**PART II. SCHEDULE OF TRANSACTIONS IN RECKITT AMERICAN DEPOSITARY SHARES**

A.  Number of Reckitt ADSs held at the close of trading on July 27, 2014:

Proof Enclosed?
Y     N

B.  Purchases or acquisitions of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) (List Chronologically) | Number of ADSs Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1.    /    / | | $          . 00 | Y N |
| 2.    /    / | | $          . 00 | Y N |
| 3.    /    / | | $          . 00 | Y N |
| 4.    /    / | | $          . 00 | Y N |
| 5.    /    / | | $          . 00 | Y N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:     Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M    M    D D        Y Y Y Y          Merger Shares:              Company:

/              /

C.  Sales of Reckitt ADSs from July 28, 2014 through July 8, 2019, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) (List Chronologically) | Number of ADSs Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1.    /    / | | $          . 00 | Y N |
| 2.    /    / | | $          . 00 | Y N |
| 3.    /    / | | $          . 00 | Y N |
| 4.    /    / | | $          . 00 | Y N |
| 5.    /    / | | $          . 00 | Y N |

D.  Number of Reckitt ADSs held at the close of trading on April 9, 2019:

Proof Enclosed?
Y     N

E.  Number of Reckitt ADSs held at the close of trading on July 8, 2019:

Proof Enclosed?
Y     N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Reckitt ADSs during the Class Period and know of no other person having done so on my (our) behalf.

## V.  RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.    "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Former Defendants, Defendants' Counsel, and any of their Related Parties.

3.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, which now exist, or heretofore or previously existed, or may hereafter exist, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Plaintiffs or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation, and (b) the purchase or acquisition of Reckitt ADSs by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; (iii) claims to enforce the Settlement; and (iv) claims arising from purchases of Reckitt Ordinary Shares during the Class Period.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard



to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Reckitt ADSs during the Class Period and the number of Reckitt ADSs held by me (us) at the close of trading on July 27, 2014, April 9, 2019, and July 8, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of _____ in _____
                                                              (Month/Year)                                           (City/State/Country)

_____                    _____
(Sign your name here)                                        (Sign your name here)

_____                    _____
(Type or print your name here)                               (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, *e.g.*,                      (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator) Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this claim is being made on behalf of Joint Clamaints, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN JULY 7, 2023:**

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
www.ReckittSecuritiesSettlement.com





Case 1:20-cv-10041-PKC   Document 178-1   Filed 07/10/23   Page 23 of 23

12 JUN 2023   PM 5   L

Ms. Maria L. Brown

RECEIVED
JUN 1 4 2023

BY: ..........

*Reckitt Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

REK